## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE JONES,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FOX ROTHSCHILD LLP and IAN W. SIMINOF,<br><br>　　　　　　　Defendant. | Case No. 2:20-cv-06312-SDW-LDW<br><br>**Return Date: July 20, 2020** |

---

### BRIEF IN SUPPORT OF DEFENDANT FOX ROTHSCHILD LLP'S MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

---

FISHER PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
(908) 516-1050 (phone)
(908) 516-1051 (fax)
*Attorneys for Defendant,*
*Fox Rothschild LLP*

*Of Counsel:*
　　Rosemary S. Gousman, Esq.

*On the Brief:*
　　David J. Treibman, Esq.

FP 37931234.5

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................... iii

PRELIMINARY STATEMENT ............................................................... 1

STATEMENT OF FACTS ...................................................................... 2

PROCEDURAL HISTORY...................................................................... 4

STANDARD OF REVIEW ..................................................................... 7

LEGAL ARGUMENT.............................................................................. 8

    I.    Plaintiff Has Already Abandoned Most of Her State Law Claims............................................................................................... 8

    II.    The Complaint Fails to State Any Claims Under New Jersey Law. ....................................................................................... 9

        A.    Plaintiff's Attempt to State an NJLAD Claim Is Time-Barred (Count IV). ............................................... 9

        B.    Plaintiff's Attempt to State Tort Claims Under New Jersey Law Fails (Count VI Through VIII). ........................... 10

            1.    The Tort Claims Are Time-Barred. ................................ 10

            2.    Plaintiff's Attempt to State Negligence Claims Is Precluded by the New Jersey Workers' Compensation Act. ......................................... 11

    III.    The Complaint Fails to State Any Claims Under New York Law.................................................................................. 13

        A.    There Are No New York Contacts. ........................................ 13

            1.    Plaintiff Cannot Invoke the NYSHRL or NYCHRL (Counts II and III). ............................. 13

            2.    Plaintiff Cannot Invoke New York Tort Law (Counts VI Through VIII). ............................. 18

FP 37931234.5

    B.    Any Attempt to State New York Tort Claims Would Fail for Additional Reasons. .....................................................20

        1.    Any Attempt to State an Intentional Infliction Claim Would Be Time-Barred. .....................................20

        2.    Any Attempt to State Negligence Claims Would Be Barred by the New York Workers' Compensation Statute. ....................................................21

CONCLUSION ......................................................................................23

FP 37931234.5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................7

*Benham v. eCommission Solutions, LLC*,
118 A.D.3d 605, 989 N.Y.S.2d 20 (1st Dep't 2014).........................................16

*Berlin v. Jetblue Airways Corp.*,
No. 18-1545, ___ F. Supp. 3d ___, 2020 WL 502629 (E.D.N.Y.
Jan. 30, 2020)..............................................................................................20

*Brodie v. Gloucester Twp.*,
No. 11-1914, 2012 WL 295291 (D.N.J. Feb. 1, 2012)......................................10

*Campanello v. Port Auth. of N.Y. & N.J.*,
590 F. Supp. 2d 694 (D.N.J. 2008)....................................................................10

*Carino v. O'Malley*,
No. 05-5814, 2007 WL 951953 (D.N.J. Mar. 28, 2007)....................................20

*Corrado v. N.Y. Unified Court Sys.*,
163 F. Supp. 3d 1 (E.D.N.Y. 2016),
*aff'd*, 698 F. App'x 36 (2d Cir. 2017).........................................................21, 22

*Doner-Hendrick v. N.Y. Inst. of Tech.*,
No. 11-121, 2011 WL 2652460 (S.D.N.Y. July 6, 2011) ..................................17

*Echevarria v. Essex Cty. Dep't of Corr.*,
No. 20-498, 2020 WL 1808653 (D.N.J. Apr. 9, 2020)........................................7

*Ferris v. Delta Air Lines, Inc.*,
277 F.3d 128 (2d Cir. 2001) .......................................................................21, 22

*Fraser v. Bovino*,
317 N.J. Super. 23 (App. Div. 1998)................................................................10

*Fried v. LVI Servs., Inc.*,
   500 F. App'x 39 (2d Cir. 2012) ..........................................................................17

*Gallo v. Alitalia-Linee Aeree Italiane-Societa
   per Azioni*, 585 F. Supp. 2d 520 (S.D.N.Y. 2008)............................................22

*Gaughan v. Rubenstein*,
   261 F. Supp. 3d 390 (S.D.N.Y. 2017) ...............................................................20

*Germano v. Cornell Univ.*,
   No. 03-9766, 2005 WL 2030355 (S.D.N.Y. Aug. 17, 2005) ............................16

*Gorbaty v. Wells Fargo Bank, N.A.*,
   No. 10-3291, 2014 WL 4742509 (E.D.N.Y. Sept. 23, 2014)............................19

*Haight v. NYU Langone Med. Ctr., Inc.*,
   No. 13-4993, 2016 WL 29628 (S.D.N.Y. Jan. 4, 2016)....................................22

*Hall v. Fanticone*,
   322 N.J. Super. 302 (App. Div. 1999)...............................................................11

*Hardwicke v. Am. Boychoir Sch.*,
   188 N.J. 69 (2006) .............................................................................................10

*Hernandez v. Coca Cola Refreshments USA, Inc.*,
   No. 12-234, 2013 WL 6388654 (E.D.N.Y. Dec. 6, 2013) .................................17

*Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*,
   270 F. Supp. 3d 716 (S.D.N.Y. 2017) ...............................................................18

*Hoffman v. Parade Publ'ns*,
   15 N.Y.3d 285, 907 N.Y.S.2d 145, 933 N.E.2d 744 (2010) ......................*passim*

*J.H. Grp. v. Royal Rolling Chairs, LLC*,
   No. 11-1595, 2012 WL 1044498 (D.N.J. Mar. 28, 2012) ..................................10

*Kruger v. EMFT, LLC*,
   87 A.D.3d 717, 930 N.Y.S.2d 11 (2d Dep't 2011)............................................22

*Lambui v. Collins*,
   No. 14-6457, 2015 WL 5821589 (E.D.N.Y. Sept. 30, 2015)............................17

*Lee v. E*Trade Fin. Corp.*,
No. 12-6543, 2013 WL 4016220 (S.D.N.Y. Aug. 6, 2013) ...............................19

*Licci v. Lebanese Canadian Bank, SAL*,
739 F.3d 45 (2d Cir. 2013) ...................................................................................18

*Long Oil Heat, Inc. v. Spencer*,
375 F. Supp. 3d 175 (N.D.N.Y. 2019)..................................................................18

*Lutzky v. Deutsche Bank Nat'l Trust Co.*,
No. 09-03886, 2009 WL 3584330 (D.N.J. Jan. 27, 2009) ..................................10

*MasterCard Int'l Inc. v. Nike, Inc.*,
164 F. Supp. 3d 592 (S.D.N.Y. 2016) ..................................................................19

*McDonnell v. Ill.*,
319 N.J. Super. 324 (App. Div. 1999),
*aff'd*, 163 N.J. 298 (2000)....................................................................................11

*Millison v. E.I. du Pont de Nemours & Co.*,
101 N.J. 161 (1985) ..............................................................................................11

*Monteiro v. State*,
27 A.D.3d 1133, 810 N.Y.S.2d 714 (4th Dep't 2006)........................................22

*Montells v. Haynes*,
133 N.J. 282 (1993) .................................................................................................9

*Morris v. UPS*,
No. 08-2035, 2009 WL 4114391 (D.N.J. Nov. 23, 2009)...................................12

*In re Petrobras Sec. Litig.*,
152 F. Supp. 3d 186 (S.D.N.Y. 2016) ..................................................................19

*Powell v. Verizon*,
No. 19-8418, 2019 WL 4597575 (D.N.J. Sept. 20, 2019)...................................11

*Rentas v. Ruffin*,
816 F.3d 214 (2d Cir. 2016) .................................................................................20

*Salvatore v. KLM Royal Dutch Airlines*,
No. 98-2450, 1999 WL 796172 (S.D.N.Y. Sept. 30, 1999) ................................16

v

*Sanders v. Cach, LLC*,
  No. 19-996, 2019 WL 4271742 (D.N.J. Sept. 10, 2019)......................................3

*Semple v. Donahoe*,
  No. 13-5198, 2014 WL 4798727 (D.N.J. Sept. 25, 2014)...................................3

*Serpa v. N.J. Transit Rail Ops.*,
  401 N.J. Super. 371 (App. Div. 2008) ................................................................11

*Shepherd v. Hunterdon Dev. Ctr.*,
  174 N.J. 1 (2002) .................................................................................................9

*Silvestre v. Bell Atl. Corp.*,
  973 F. Supp. 475 (D.N.J. 1997),
  *aff'd*, 156 F.3d 1225 (3d Cir. 1998) ..................................................................12

*Smith v. Exxon Mobil Corp.*,
  374 F. Supp. 2d 406 (D.N.J. 2005) ....................................................................12

*Stevens v. N.Y.*,
  691 F. Supp. 2d 392 (S.D.N.Y. 2009) ...............................................................22

*Thomas v. Ne. Theatre Corp.*,
  51 A.D.3d 588, 859 N.Y.S.2d 415 (1st Dep't 2008) ........................................22

*Tomeo v. Thomas Whitesell Constr. Co.*,
  176 N.J. 366 (2003) ...........................................................................................11

*Torres v. Pisano*,
  116 F.3d 625 (2d Cir. 1997) .........................................................................21, 22

*Van v. Atl. Health Sys.*,
  No. 17-4254, 2019 WL 449199 (D.N.J. Feb. 5, 2019)......................................12

*Vangas v. Montefiore Med. Ctr.*,
  823 F.3d 174 (2d Cir. 2016) ..............................................................................17

## Statutes

42 U.S.C. 2000e et seq...........................................................................................4

N.J.S.A. 2A:14-2....................................................................................................9, 10

N.J.S.A. 2A:14-2(a) .............................................................................................9, 10

N.J.S.A. 10:5-1 et seq. ...................................................................................1, 8

N.J.S.A. 34:15-8 ...........................................................................................11, 12

New Jersey Workers' Compensation Act ................................................1, 11, 12, 23

N.Y. Workers' Comp. Law §11 ..............................................................21

N.Y. Workers' Comp. Law §29(6) .........................................................21

New York State Human Rights Law .......................................................*passim*

New York City Human Rights Law ........................................................*passim*

New York Workers' Compensation Law ................................................22

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................*passim*

N.Y. C.P.L.R. §215(3) ..........................................................................20

## PRELIMINARY STATEMENT

Plaintiff's Complaint (Doc. 2) attempts to state claims against Defendant Fox Rothschild LLP (the "Firm"), her former employer, under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq., the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), as well under the common law, for negligence and intentional infliction of emotional distress (sometimes "intentional infliction" or "IIED").  All these claims fail as a matter of law.

First, Plaintiff's NJLAD claim is barred by the applicable two-year statute of limitations, since Plaintiff filed her Complaint two and a half years after her employment with the Firm ended.  Plaintiff presumably knows this, since she conceded in the proceedings before the Southern District of New York that her NJLAD claim should be dismissed.

Second, Plaintiff's tort claims fail under New Jersey law because they are time-barred under the same two-year statute of limitations; and her negligence claims fail for the additional reason that they are barred by the exclusivity provision of the New Jersey Workers' Compensation Act.  Plaintiff presumably knows all this as well, since while this case was in the Southern District she likewise did not oppose dismissal of her tort claims under New Jersey law and even conceded that her negligence claims should be dismissed.

FP 37931234.5

Third, Plaintiff cannot state any New York statutory or tort claims because, as the Complaint shows and as Judge Hellerstein of the Southern District has already found, Plaintiff never worked for the Firm in New York.  In addition, while this matter was pending in the Southern District, Plaintiff also conceded that her negligence claims could be dismissed to the extent they were asserted under New York law.

In sum, Plaintiff, as she for the most part admits, fails to state any claims under either New Jersey or New York law, and all those state law claims should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

## STATEMENT OF FACTS[1]

1.      Plaintiff is a resident of the State of California.  (Compl. ¶12.)

2.      There is no indication in the Complaint that Plaintiff was ever a resident of the State of New York.

3.      On or about May 7, 1990, Plaintiff was hired by the Firm's predecessor, Grotta, Glassman & Hoffman PA ("Grotta"), as a librarian in its Roseland, New Jersey office.  (Compl. ¶17.)

---

[1] As Rule 12(b)(6) requires, this Brief assumes the truth of the factual allegations of the Complaint solely for purposes of this motion.

4.      Grotta merged into the Firm on October 1, 2006, and Plaintiff became a paralegal at the Firm after the merger, in January 2007, working in its Roseland, New Jersey office.  (Compl. ¶¶18-19.)

5.      The Complaint does not allege that Plaintiff ever worked for the Firm in the State of New York or outside New Jersey at all.

6.      According to the Charge Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"), she worked for the Firm at 49 Market Street, Morristown, NJ 07960.  (Ex. A to Gousman Certif.)[2]

7.      The Complaint refers to that address as "the NJ office."  (Compl. ¶14.)

8.      The Complaint alleges Plaintiff asked Elli Albert, Office Administrator of the NJ office, "to remove her from the rotation of [Defendant Ian] Siminoff's desk."  (Compl. ¶35.)

9.      The Complaint refers to Siminoff's role as a Firm attorney in the NJ office.  (Compl. ¶46.)

10.     The Complaint refers to an alleged encounter between Plaintiff and Siminoff in January 2015 "on the 4th floor of the NJ office."  (Compl. ¶38.)

---

[2] "Gousman Certif." refers to the Certification of Rosemary S. Gousman, submitted herewith.  The Court may consider public records, such as EEOC charges, without converting the Firm's Rule 12(b)(6) motion into one for summary judgment.  *E.g., Sanders v. Cach, LLC*, No. 19-996, 2019 WL 4271742, at *3 n.6 (D.N.J. Sept. 10, 2019) (Wigenton, J.); *Semple v. Donahoe*, No. 13-5198, 2014 WL 4798727, at *3 & n.3 (D.N.J. Sept. 25, 2014).

11.    The Complaint alleges that from March 30, 2017, through July 12, 2017, Siminoff "sent over 100" text messages to Plaintiff, "some" of which Siminoff sent "when he was working out of the NY office defending or taking depositions." (Compl. ¶40.)

12.    The "NY office" is the Firm's office in New York City.  (Compl. ¶14.)

13.    The Complaint alleges that Plaintiff's employment with the Firm ended on June 21, 2017.  (Compl. ¶12.)

14.    The Complaint contains no allegations of events or conduct by the Firm after that date.

## PROCEDURAL HISTORY

On December 18, 2019, Plaintiff filed her Complaint in this matter in the Southern District of New York.  (Doc. 1.)  Unfortunately, her attorneys forgot to sign her Complaint, so she refiled it the next day, December 19 (Doc. 2).  The Complaint names as Defendants the Firm and Ian W. Siminoff, a former attorney with the Firm.  The Complaint consists of nine Counts, including two Counts V (both of which are asserted only against Defendant Siminoff).  Seven Counts are asserted against the Firm: Count I, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e et seq.; Count II, under the NYSHRL; Count III, under the NYCHRL; Count IV, under the NJLAD; Count VI, for common law negligent infliction of emotional distress; Count VII, for common law intentional infliction of

emotional distress; and Count VIII, for common law negligent supervision and retention.

On February 15, 2020, the Firm moved to dismiss the Complaint or, in the alternative, to transfer the matter to this District for improper venue, because of the lack of significant contacts with the State and City of New York.  (Doc. 15.)  Siminoff filed a similar motion the same day.  (Doc. 18.)  Judge Hellerstein ordered the matter transferred on May 18, 2020.  (Order, Doc. 36.)  The court observed that "[t]he complaint is bereft of meaningful reference to New York.  Plaintiff is a resident of California; Fox Rothschild is a limited liability partnership organized under Pennsylvania law, based in Philadelphia, and with offices in, *inter alia*, New York and New Jersey; and Siminoff's residency is not specified in the complaint." (Order at 2.)  The court also noted the Complaint's allegations that during Plaintiff's entire period of employment with the Firm, from her hiring by its predecessor in 1990, through her termination in June 2017, she worked in New Jersey, as a librarian until 2007, then as a paralegal until 2013, and thereafter as an administrative assistant.  The court summarized the Complaint's allegations of New York contacts as, "*in toto*, the Complaint references New York twice: once to note that Fox Rothschild has a New York office, and once to note that Siminoff sent 'some' of the many lewd text messages at issue while he was in that office."  (Order at 2-3.)  That was obviously insufficient to maintain a New York venue.

The court found Plaintiff's submissions in opposition to Defendants' motions

unpersuasive:

> In response to the filing of the instant motions, Plaintiff has adduced her own declaration, which contains a number of allegations wholly absent from the Complaint. Ultimately, however, these new allegations are contradicted by the documentary evidence and, in any case, too vague and conclusory to warrant a different result. In her declaration, Plaintiff claims that she "worked in New York for Fox during the relevant time period" while she was a paralegal from "2006 to June 2017" at "Fox's New York office initially on Fifth Avenue, and then … near 54th Street and Madison Avenue"; that Defendants reimbursed her for commuting from New Jersey to New York; and that Siminoff would "sexually harass [her] in the New York office by phone and text." *See* ECF No. 25. Numerous problems are readily identifiable. First, the Complaint notes that she was not a paralegal for the whole period of 2006 to 2017 and that (as confirmed by Defendants' documentation) she transitioned to being an administrative assistant in 2013 – Plaintiff cannot blur the timeline to gain a foothold in this district, particularly where the alleged discrimination did not begin until 2014. Second, Defendant produces records showing that Plaintiff was not reimbursed for having to travel to New York any time after March 2013 – again, the alleged misconduct began in 2014. *See* ECF No. 30 (and exhibits). Third, the claim that Siminoff harassed her while both were in New York is not an elaboration on the Complaint; it is an entirely new allegation, unmoored from any specific time or details, and cannot transmogrify the claims of harassment in the complaint that specifically identify times and places (all New Jersey) of the incidents. Finally, even reviewing the evidence in the light most favorable to Plaintiff, I note that it is hard to credit the claim that she worked out of the New York office at the relevant time when the first address she identifies on "Fifth" is the address of Fox Rothschild's predecessor (which closed in 2007), and the second address at "Madison and 54th" appears not to belong to Fox Rothschild at all, as Defendant's evidence shows. *See id*. In sum the Jones Declaration cannot salvage venue here.

(Order at 3-4 n.1.)

This case was transferred to this Court effective May 26, 2020.  (Doc. 37.)

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Echevarria v. Essex Cty. Dep't of Corr.*, No. 20-498, 2020 WL 1808653, at *2 (D.N.J. Apr. 9, 2020) (Wigenton, J., quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 550 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 555); *accord Echevarria*, 2020 WL 1808653, at *1. A claim has "facial plausibility" where the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; it must offer "more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability"; in such a case, the complaint "'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557; some internal quotation marks omitted); *accord Echevarria*, 2020 WL 1808653, at *2.

7

## LEGAL ARGUMENT

### I. Plaintiff Has Already Abandoned Most of Her State Law Claims.

In response to the Firm's motion in the Southern District of New York for dismissal or transfer (Doc. 15), Plaintiff opposed only dismissal of Count II, asserted under the NYSHRL; Count III, asserted under the NYCHRL; and Count VII, for intentional infliction of emotional distress.  (*See* Pl.'s Answer, Doc. 24.)  With respect to Count VII, Plaintiff argued only that she stated a claim for intentional infliction under New York law, not New Jersey law.  (Pl.'s Br., Doc. 24-2, at 8.) Plaintiff thus "conceded" (her word) that the following Counts fail to state a claim upon which relief can be granted and should be dismissed:

- Count IV, asserted under the NJLAD;

- Count VI, for negligent infliction of emotional distress;

- Count VII, to the extent it is deemed an attempt to state a claim for intentional infliction of emotional distress under New Jersey law; and

- Count VIII, for negligent supervision and retention.

(Pl.'s Answer at 1; Pl.'s Br. at 1, 8; Pl.'s Proposed Sur Reply, Doc. 33-2, at 1.)

In addition, as the Firm shows below, the Complaint fails to state any New Jersey or New York claims as a substantive matter.  The Court should therefore dismiss Counts II through IV and VI through VIII.[3]

---

[3] Count I asserts a claim against the Firm under Title VII.  The Firm is not moving on that Count at this time.  As already noted, the two Counts V are asserted only

## II.     The Complaint Fails to State Any Claims Under New Jersey Law.

It is worth reiterating that while this case was before the Southern District of New York, Plaintiff conceded that her New Jersey claims should be dismissed. Those claims should therefore be dismissed on that ground alone. Another ground for dismissing them, though, is that they fail as a matter of law.

### A.     Plaintiff's Attempt to State an NJLAD Claim Is Time-Barred (Count IV).

"The statute of limitations for claims arising under the [NJ]LAD is two years." *Shepherd v. Hunterdon Dev. Ctr.*, 174 N.J. 1, 17-18 (2002); *Montells v. Haynes*, 133 N.J. 282, 292 (1993) (citing N.J.S.A. 2A:14-2[4]).   The Complaint alleges that Plaintiff's employment with the Firm terminated on June 21, 2017 (Compl. ¶12), and does not allege that anything happened after that date. Plaintiff did not file her Complaint until December 18, 2019, considerably more than two years later. Plaintiff accordingly fails to state a claim under the NJLAD and Count IV should be dismissed under Rule 12(b)(6).

---

against Defendant Siminoff.

[4] N.J.S.A. 2A:14-2 provides, in pertinent part, that "every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued."  N.J.S.A. 2A:14-2(a).

9

**B.   Plaintiff's Attempt to State Tort Claims Under New Jersey Law Fails (Count VI Through VIII).**

**1.   The Tort Claims Are Time-Barred.**

New Jersey's two-year statute of limitations, N.J.S.A. 2A:14-2(a), governs the tort claims Plaintiff attempts to state against the Firm, just as it does the NJLAD claim. *See, e.g., Hardwicke v. Am. Boychoir Sch.*, 188 N.J. 69, 85 (2006) (claims for "intentional infliction of emotional distress" are "constrained by N.J.S.A. 2A:14-2, the two-year statute of limitations for tort actions"); *Campanello v. Port Auth. of N.Y. & N.J.*, 590 F. Supp. 2d 694, 699 (D.N.J. 2008); *Fraser v. Bovino*, 317 N.J. Super. 23, 34 (App. Div. 1998) ("The claims asserted for negligence and infliction of emotional distress are governed by the two-year statute of limitations contained in N.J.S.A. 2A:14-2"); *J.H. Grp. v. Royal Rolling Chairs, LLC*, No. 11-1595, 2012 WL 1044498, at *4 (D.N.J. Mar. 28, 2012) ("claims alleging negligence such as negligent hiring or supervision" are subject to the two-year statute of limitations, N.J.S.A. 2A:14-2); *Brodie v. Gloucester Twp.*, No. 11-1914, 2012 WL 295291, at *5 (D.N.J. Feb. 1, 2012) (same); *Lutzky v. Deutsche Bank Nat'l Trust Co.*, No. 09-03886, 2009 WL 3584330, at *4 (D.N.J. Jan. 27, 2009) (claim that "Defendants were negligent in hiring, retaining, supervising and overseeing their employees and supervisors," as well as other negligence claims, are time-barred under N.J.S.A. 2A:14-2, because "Plaintiffs did not bring an action within the two-year statute of limitation period"). As Plaintiff filed her Complaint more than two years after her

June 21, 2017 termination from the Firm (Compl. ¶12), under applicable law her tort claims are time-barred and Counts VI through VIII should be dismissed under Rule 12(b)(6).

### 2. Plaintiff's Attempt to State Negligence Claims Is Precluded by the New Jersey Workers' Compensation Act.

The New Jersey Workers' Compensation Act's exclusivity provision precludes tort claims against employers, "except for an intentional wrong." N.J.S.A. 34:15-8. "[N]either negligence nor gross negligence can satisfy the 'intentional wrong' requirement of N.J.S.A. 34:15-8." *Tomeo v. Thomas Whitesell Constr. Co.*, 176 N.J. 366, 376-77 (2003); *accord, e.g., Millison v. E.I. du Pont de Nemours & Co.*, 101 N.J. 161, 178 (1985); *see also, e.g., McDonnell v. Ill.*, 319 N.J. Super. 324, 341 (App. Div. 1999) ("Plaintiff's negligence claim" against his former employer for failure to promote and termination "is barred by the Workers' Compensation Statute"), *aff'd*, 163 N.J. 298 (2000); *Serpa v. N.J. Transit Rail Ops.*, 401 N.J. Super. 371, 377 (App. Div. 2008) ("Plaintiff was precluded from suing [his] employer ... for negligence due to the workers' compensation bar of N.J.S.A. 34:15-8"); *Hall v. Fanticone*, 322 N.J. Super. 302, 309 (App. Div. 1999) ("the Workers' Compensation Act barred this common law negligence action against" plaintiff's employer).

Dressing up a negligence claim with additional verbiage, like "infliction," "supervision," and "retention," does not make the claim any more viable. *See, e.g., Powell v. Verizon*, No. 19-8418, 2019 WL 4597575, at *12 (D.N.J. Sept. 20, 2019)

11

(dismissing, as barred by New Jersey Workers' Compensation Act, claims for negligent infliction of emotional distress, negligent hiring, negligent supervision, negligent retention, failure to warn/misrepresentation, and gross negligence, and observing that the Act bars negligence claims "regardless of the kind of injury alleged"); *Van v. Atl. Health Sys.*, No. 17-4254, 2019 WL 449199, at *2 (D.N.J. Feb. 5, 2019) (refusing reconsideration of dismissal of "Plaintiff's negligent retention/failure to train claim because under New Jersey law an action in negligence against an employer is barred by the New Jersey Workers Compensation Act, N.J.S.A. §34:15-8") (internal quotation marks omitted); *Morris v. UPS*, No. 08-2035, 2009 WL 4114391, at *3-4 (D.N.J. Nov. 23, 2009) (Act's exclusivity provision bars plaintiff's "three negligence claims: negligent hiring and supervision, negligent infliction of emotional distress, and a general negligence claim"); *Silvestre v. Bell Atl. Corp.*, 973 F. Supp. 475, 486 (D.N.J. 1997) (claims of negligent hiring, supervision, and training of "supervisory employees" barred by Workers' Compensation Act), *aff'd*, 156 F.3d 1225 (3d Cir. 1998); *Smith v. Exxon Mobil Corp.*, 374 F. Supp. 2d 406, 424 (D.N.J. 2005) (Plaintiff's "claims for negligent infliction of emotional distress ... will be dismissed.  The New Jersey Workers' Compensation Act, N.J.S.A. §34:15-8, provides the exclusive remedy").

Plaintiff's attempt to state negligence claims accordingly fails for the additional reason that they are barred by the New Jersey Workers' Compensation

12

Act.  For this reason, too, Counts VI and VIII fail to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6).

## III.    The Complaint Fails to State Any Claims Under New York Law.

### A.    There Are No New York Contacts.

Plaintiff fails to state any claims under New York law for the same reason Judge Hellerstein transferred this matter from the Southern District of New York to this District: "The complaint is bereft of meaningful reference to New York."  (Order at 2.)  "*[I]n toto*, the Complaint references New York twice: once to note that Fox Rothschild has a New York office, and once to note that Siminoff sent 'some' of the many lewd text messages at issue ['over 100' according to Complaint ¶40] while he was in that office."  (*Id.*)  That is nowhere near enough for Plaintiff to invoke New York statutory or tort law.

### 1.    Plaintiff Cannot Invoke the NYSHRL or NYCHRL (Counts II and III).

Plaintiff is a California resident.  (Compl. ¶12.)  A plaintiff who is not a resident of New York State and City must "plead and prove" that conduct made unlawful under the NYSHRL and NYCHRL "had an impact" on her in New York State and New York City, respectively.  *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 289-92, 907 N.Y.S.2d 145, 148, 933 N.E.2d 744, 746-48, 746 (2010).  Plaintiff fails to allege that any conduct she complains of had an "impact" on her in New York.  She therefore fails to state a claim under the NYSHRL or NYCHRL.

13

In *Hoffman*, defendant Parade Publications, the plaintiff's employer, had its headquarters in New York City. Plaintiff, however, was "a resident of Georgia who worked with his assistant at Parade's office in Atlanta" as managing director of Parade's Newspaper Relations Group. *Id.*, 15 N.Y.3d at 288, 907 N.Y.S.2d at 146, 933 N.E.2d at 745. After plaintiff had worked for Parade for about six years, Parade's president and publisher telephoned him from the company's New York City headquarters to inform him the Atlanta office was being closed and his employment was being terminated. Plaintiff sued Parade under the NYSHRL and NYCHRL, claiming his termination was motivated by age discrimination.

The New York Court of Appeals held that as a non-New York resident and employee the plaintiff could not assert claims under the State's or the City's Human Rights Laws. Under the NYCHRL, "the nonresident plaintiff must demonstrate that the alleged discriminatory conduct had an 'impact' within the city" and the impact must be "on the plaintiff." *Id.*, 15 N.Y.3d at 290, 907 N.Y.S.2d at 147, 933 N.E.2d at 746. Likewise, a nonresident of New York State "must plead and prove that the alleged discriminatory conduct had an impact [on the plaintiff] in New York" State in order to assert claims under the NYSHRL. *Id.*, 15 N.Y.3d at 291, 907 N.Y.S.2d at 148, 933 N.E.2d at 747. In *Hoffman*, the plaintiff, a Georgia resident-employee, could not meet this requirement.

14

In rejecting plaintiff's NYSHRL and NYCHRL claims, the *Hoffman* court was not impressed by allegations that plaintiff "maintained constant communications with the New York City office, including personal visits to Parade's management in New York City," or that "Parade's president and publisher were based in the New York City office," or that "the decision to discharge [plaintiff] was made and communicated to him from the New York City office," or that "the alleged unlawful discriminatory act occurred in New York City by a New York City employer." *Id.*, 15 N.Y.3d at 293, 907 N.Y.S.2d at 149, 933 N.E.2d at 748 (Jones, J., dissenting). These, the court held, demonstrated nothing more than a "tangential connection" to New York:

> According to the complaint, [plaintiff] Hoffman was neither a resident of, nor employed in, the City or State of New York. Nor does Hoffman state a claim that the alleged discriminatory conduct had any impact in either of those locations. At most, Hoffman pleaded that his employment had a tangential connection to the city and state. Therefore, Supreme Court properly dismissed Hoffman's age discrimination claims....

*Id.*, 15 N.Y.3d at 292, 907 N.Y.S.2d at 149, 933 N.E.2d at 748.

Plaintiff's claims here fare no better than Hoffman's. The Complaint alleges that Plaintiff is a California resident; the Complaint does *not* allege that Plaintiff ever resided in New York State or City. The Complaint alleges that Plaintiff worked for the Firm in Roseland and Morristown, New Jersey; it does *not* allege that she ever worked at the Firm's New York offices. In fact, the only mention of any New York

connection is Plaintiff's allegation that of the "over 100" texts Siminoff supposedly sent to Plaintiff, "some" were sent from New York when Siminoff "was working out of the NY office defending or taking depositions." (Compl. ¶40.) That is far more attenuated a New York connection than the ones the New York Court of Appeals deemed "tangential" in *Hoffman*. *See also, e.g., Germano v. Cornell Univ.*, No. 03-9766, 2005 WL 2030355, at *5 (S.D.N.Y. Aug. 17, 2005) (dismissing NYCHRL claim of plaintiff who worked on Long Island, where his complaint alleged "[d]efendants discriminated against him at four meetings and dinners that took place in New York City at which [one of the defendants] harassed and pressured him to retire": plaintiff "only felt the impact of that discrimination in his place of occupation, Long Island, not New York City"); *Salvatore v. KLM Royal Dutch Airlines*, No. 98-2450, 1999 WL 796172, at *17 (S.D.N.Y. Sept. 30, 1999) (dismissing NYCHRL claims because, "while the alleged remarks and conduct may have originated within the boundaries of New York City, plaintiffs have failed to allege that the whole or substantial part of the discrimination occurred in New York City," and "the impact of the conduct, if any, was felt on their employment in Westchester County"; "[p]laintiffs' tangential contacts with New York City ... cannot support claims under the City HRL"); *Benham v. eCommission Solutions, LLC*, 118 A.D.3d 605, 606, 989 N.Y.S.2d 20, 21 (1st Dep't 2014) ("Because the alleged conduct occurred while plaintiff was physically situated outside of New

16

York, none of her concrete allegations of harassing behavior or other discriminatory conduct had the 'impact' on plaintiff in New York required to support claims under the State and City HRL"); *Lambui v. Collins*, No. 14-6457, 2015 WL 5821589, at *4 (E.D.N.Y. Sept. 30, 2015) ("[I]t is the site of impact, not the place of origination, that determines where discriminatory acts occur"); *Doner-Hendrick v. N.Y. Inst. of Tech.*, No. 11-121, 2011 WL 2652460, at *8 (S.D.N.Y. July 6, 2011) ("The relevant 'impact' within the State that a plaintiff must plead (and . . . prove) is the direct effect of a discriminatory act on a protected individual[,] giving rise to a cause of action for that individual"); *Hernandez v. Coca Cola Refreshments USA, Inc.*, No. 12-234, 2013 WL 6388654, at *1 (E.D.N.Y. Dec. 6, 2013) ("I reject plaintiff's efforts to bring a claim under the [NY]CHRL.  He did not work in New York City and there is no indication in the record that he had ever been there in connection with his work"); *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 182-83 (2d Cir. 2016) (Where plaintiff lived on Cornwall on Hudson and worked for defendant-employer in Yonkers, she could not state a claim for wrongful termination under NYCHRL by alleging "she spoke with patients in NYC on the phone and those patients were impacted when she no longer worked with them....  Under the NYCHRL the impact of the employment action must be felt *by the plaintiff* in NYC") (court's emphasis).; *Fried v. LVI Servs., Inc.*, 500 F. App'x 39, 42 (2d Cir. 2012) (plaintiff's NYCHRL claim fails where plaintiff "at all times relevant to his complaint lived and worked

in Connecticut," since "those who are meant to be protected [are] those who work in the city"; allegations that plaintiff "frequently communicated with LVI's New York headquarters and attended meetings in New York City regarding local projects," and that the "decision to reassign his work duties was made in New York" were "insufficient" under *Hoffman*).

Plaintiff is not a New York resident and was not employed by the Firm in New York. Plaintiff does not allege that the impact of any employment action was felt by her in New York. Accordingly, Plaintiff cannot state a claim under either the State's or the City's Human Rights Law. Counts II and III of the Complaint should therefore be dismissed under Rule 12(b)(6).

## 2. Plaintiff Cannot Invoke New York Tort Law (Counts VI Through VIII).

The Complaint fails to state claims under New York tort law for much the same reason it fails to state claims under New York statutory law: The absence of any significant New York connection. New York courts use an "interest-analysis approach" in determining what state's law applies to a tort claim: "The law of the jurisdiction having the greatest interest in the litigation will be applied." *Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013). Under this approach, alleged torts are deemed to occur "in the place where the injury was inflicted, which is generally where the plaintiffs are located." *Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, 270 F. Supp. 3d 716, 725 (S.D.N.Y. 2017); *Long Oil*

*Heat, Inc. v. Spencer*, 375 F. Supp. 3d 175, 194-95 (N.D.N.Y. 2019) ("Under New York law, the locus of a tort is generally defined as the place of the injury") (internal quotation marks omitted); *In re Petrobras Sec. Litig.*, 152 F. Supp. 3d 186, 196 (S.D.N.Y. 2016) ("Under New York law, when the defendant's tortious conduct occurs in one jurisdiction and the plaintiff's injuries are suffered in another, the place of the wrong is determined by where the plaintiff's injuries occurred") (internal quotation marks, brackets, & ellipsis omitted); *MasterCard Int'l Inc. v. Nike, Inc.*, 164 F. Supp. 3d 592, 605 (S.D.N.Y. 2016) ("[W]here negligent conduct occurs in one jurisdiction but the plaintiff's injuries are suffered in another, the situs of the tort is where the last event necessary for liability occurred").

That precludes the application of New York tort law here, since all the alleged tortious conduct took place while Plaintiff was in New Jersey. *See, e.g., Lee v. E*Trade Fin. Corp.*, No. 12-6543, 2013 WL 4016220, at *6 n.9 (S.D.N.Y. Aug. 6, 2013) ("[U]nder the choice-of-law analysis applied by New York courts, the substantive law of New Jersey, where nearly all the events that gave rise to [plaintiff's] claims took place and where the property at issue is located, governs here"); *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-3291, 2014 WL 4742509, at *17 (E.D.N.Y. Sept. 23, 2014) (holding New Jersey law applies where "nearly all events giving rise to Plaintiff's claims occurred in New Jersey"). Again, the only mention of a New York connection is the allegation that of the "over 100" texts Siminoff

19

allegedly sent to Plaintiff, "some" were sent when Siminoff "was working out of the NY office defending or taking depositions."   (Compl. ¶40.)   That is obviously insufficient under the case law.

Accordingly, just as the Complaint fails to state New York statutory claims, it likewise fails to state New York tort claims, and Counts VI through VIII should be dismissed under Rule 12(b)(6).

**B.     Any Attempt to State New York Tort Claims Would Fail for Additional Reasons.**

### 1.     Any Attempt to State an Intentional Infliction Claim Would Be Time-Barred.

The New York statute of limitations for intentional torts is one year.   N.Y. C.P.L.R. §215(3); *e.g., Carino v. O'Malley*, No. 05-5814, 2007 WL 951953 (D.N.J. Mar. 28, 2007).   The Complaint attempts to state just one intentional tort claim against the firm, in Count VII, for intentional infliction of emotional distress.   The one-year statute applies to such claims.   *See, e.g., Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 426 (S.D.N.Y. 2017) ("In New York, claims for intentional infliction of emotional distress are subject to a one-year statute of limitations"); *Rentas v. Ruffin*, 816 F.3d 214, 226 (2d Cir. 2016) ("In New York, an IIED claim must be brought within one year of the injury"); *Berlin v. Jetblue Airways Corp.*, No. 18-1545, ___ F. Supp. 3d ___, 2020 WL 502629, at *9 (E.D.N.Y. Jan. 30, 2020) ("Under New York law, a one-year statute of limitations applies to each of the

20

common law tort claims alleged in the [proposed amended complaint] – battery, intentional infliction of emotional distress, false arrest, and false imprisonment").

The Complaint alleges Plaintiff's employment with the Firm terminated on June 21, 2017.  (Compl. ¶12.)  The Complaint makes no allegations after that date. Plaintiff filed her Complaint on December 18, 2019, a year-and-a-half after the expiration of the one-year statute.  As a result, Plaintiff's attempt to state a claim for intentional infliction of emotional distress fails for the additional reason that it is time-barred, and Count VII of the Complaint should be dismissed under Rule 12(b)(6).

### 2. Any Attempt to State Negligence Claims Would Be Barred by the New York Workers' Compensation Statute.

The other two tort claims the Complaint attempts to state against the Firm sound in negligence: negligent infliction of emotional distress (Count VI) and negligent supervision and retention (Count VIII).  Plaintiff has already "conceded" that these Counts should be dismissed.  Moreover, just as in New Jersey, in New York employee negligence claims are "precluded by the exclusive remedy provisions of New York's Workers' Compensation statute."  *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 138 (2d Cir. 2001) (citing N.Y. Workers' Comp. Law §§29(6), 11); *Corrado v. N.Y. Unified Court Sys.*, 163 F. Supp. 3d 1, 26 (E.D.N.Y. 2016) (it is "well settled" that "common law negligence claims are barred by the New York Workers' Compensation Law") (internal quotation marks & brackets

21

omitted), *aff'd*, 698 F. App'x 36 (2d Cir. 2017); *Torres v. Pisano*, 116 F.3d 625, 640 (2d Cir. 1997) ("[A] claim of common law negligence against an employer is barred by workers compensation").

Thus, "in New York a plaintiff cannot bring a claim of negligent infliction of emotional distress against h[er] employer." *Stevens v. N.Y.*, 691 F. Supp. 2d 392, 397 (S.D.N.Y. 2009); *accord, e.g., Gallo v. Alitalia-Linee Aeree Italiane-Societa per Azioni*, 585 F. Supp. 2d 520, 554 (S.D.N.Y. 2008); *Kruger v. EMFT, LLC*, 87 A.D.3d 717, 718-19, 930 N.Y.S.2d 11, 13 (2d Dep't 2011); *Thomas v. Ne. Theatre Corp.*, 51 A.D.3d 588, 589, 859 N.Y.S.2d 415, 417 (1st Dep't 2008); *Monteiro v. State*, 27 A.D.3d 1133, 810 N.Y.S.2d 714 (4th Dep't 2006).

The same is true of "negligent retention and supervision claims." *Ferris*, 277 F.3d at 137-38; *see also, e.g., Torres*, 116 F.3d at 640 (claim "under the common law of negligence" for "failure to supervise . . . and to prevent the establishment of a hostile working environment" is "barred by New York's Workers' Compensation law"); *Corrado*, 163 F. Supp. 3d at 26 (granting motion "to dismiss the negligent supervision claim on the ground that it is precluded by the New York Workers' Compensation Law"); *Haight v. NYU Langone Med. Ctr., Inc.*, No. 13-4993, 2016 WL 29628, at *6 (S.D.N.Y. Jan. 4, 2016) ("Defendants are entitled to summary judgment" on claim for "negligent supervision and retention" as "it is preempted by New York's Workers' Compensation statute").

The workers' compensation bar is another reason Counts VI and VIII fail to state claims and should be dismissed under Rule 12(b)(6).

## CONCLUSION

While this matter was still before the Southern District of New York, Plaintiff conceded her New Jersey state law claims failed under Rule 12(b)(6) and should be dismissed. That alone is good reason to dismiss them. But in addition, Plaintiff's attempt to state an NJLAD claim is time-barred, as is her attempt to state New Jersey tort claims. Plaintiff's attempt to state negligence claims also fails under New Jersey law because such claims are precluded by the exclusivity provision of the New Jersey Workers' Compensation Act.

The Complaint fails to state any New York claims, since Plaintiff's employment with the Firm had no connection with New York, as Judge Hellerstein held in ordering this matter transferred to this District. Moreover, Plaintiff has already conceded that she fails to state any New York negligence claims.

In sum, all of Plaintiff's attempts to state claims under New Jersey and New York law fail, and the Court should therefore dismiss Counts II through IV and VI through VIII under Federal Rule of Civil Procedure 12(b)(6).

Dated: June 23, 2020

Respectfully submitted,
FISHER & PHILLIPS LLP
Attorneys for Defendant Fox Rothschild
LLP

By:   *s/Rosemary S. Gousman*
ROSEMARY S. GOUSMAN
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
(908) 516-1050 (tel.)
(908) 516-1051 (fax)
E-mail: rgousman@fisherphillips.com

24