**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
-------------------------------------------------------x
                                           )
STEPHANIE JONES,                           )
                                           )
        Plaintiff,                         )        Case No. 2:20-cv-06312-SDW-LDW
                                           )
v.                                         )
                                           )
FOX ROTHSCHILD LLP and                     )
IAN W. SIMINOFF,                           )
                                           )
        Defendants.                        )
-------------------------------------------------------x
```

**DEFENDANT IAN W. SIMINOFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................iii

PRELIMINARY STATEMENT ............................................................................ 1

FACTUAL BACKGROUND ................................................................................ 3

PROCEDURAL HISTORY .................................................................................. 4

ARGUMENT ....................................................................................................... 5

    I.    Legal Standards ...................................................................... 5

        A.  Dismissal Under Rule 12(b)(6) ...................................... 5

        B.  Dismissal Under Rule 12(b)(1) ...................................... 5

    II.    Each Claim Against Mr. Siminoff Must Be Dismissed As a Matter
        Of Law ..................................................................................... 6

        A.  Plaintiff's Title VII Claim Must Be Dismissed Pursuant To Rule 12(b)(6)
            Because There Is No Individual Liability Under Title VII ..................... 6

        B.  Plaintiff's Claim Under The NJLAD Must Be Dismissed
            As Time-Barred................................................................... 6

        C.  Plaintiff's Claims Under The Human Rights Laws Must Be Dismissed
            Pursuant To Rule 12(b)(1) And Rule 12(b)(6) Because Plaintiff Did Not
            Work Or Experience Any Discriminatory Impact In New York State Or
            New York City................................................................... 8

        D.  Plaintiff's Common Law Claims Must Be Dismissed ...................... 12

            1. Plaintiff's Claims For Assault, Battery and IIED Are
               Time-Barred Under Both New Jersey And New York Law ....... 12

            2. Plaintiff's Claim For NIED Is Time-Barred Under New Jersey Law
               And Is Barred By The Workers' Compensation Laws In New York
               And New Jersey............................................................. 13

3. Plaintiff's Common Law Claims Are Barred Because They Are Duplicative Of Her Claims Under The NJLAD ....................... 15

E. Leave to Amend Should Be Denied Because Any Attempt To Further Pursue Plaintiff's Claims Against Mr. Siminoff Would Be Futile ........ 18

CONCLUSION............................................................................................ 20

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                   Page(s)

Arevalo v. Brighton Gardens,
No. 15-2563, 2016 U.S. Dist. LEXIS 126261
(D.N.J. Sept. 16, 2016) ................................................................... 16, 18, 19

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ............................................................................... 5, 6

Ashjari v. Nynex Corp.,
182 F.3d 898 (2d Cir. 1999) ...................................................................... 13

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ..................................................................................... 5

Bull v. Target Corp.,
No. 14-6838, 2015 U.S. Dist. LEXIS 33171 (D.N.J. Mar. 17, 2015) ........... 16, 17

Dimare v. Metlife Ins. Co.,
No. 07-4268, 2008 U.S. Dist. LEXIS 43093 (D.N.J. May 30, 2008) ........... 15, 19

Ditzel v. University of Med. & Dentistry,
962 F. Supp. 595 (D.N.J. 1997) .................................................................. 14

Fried v. LVI Servs., Inc.,
No. 10 Civ. 9308, 2011 U.S. Dist. LEXIS 115839 (S.D.N.Y. Oct. 4, 2011) ... 9, 11

Gagliardi v. Trapp,
221 A.D.2d 315 (2d Dep't. 1995) ................................................................ 15

Gaines v. United Parcel Serv., Inc.,
No. 13-3709, 2014 U.S. Dist. LEXIS 51413 (D.N.J. Apr. 14, 2014) ..... 15, 18, 19

Gallagher v. Dir. Guild of Am.,
144 A.D.2d 261 (1st Dep't 1988) ................................................................ 13

Gok v. Ports Am., Inc.,
No. 15-3468, 2015 U.S. Dist. LEXIS 108636 (D.N.J. Aug. 17, 2015) .............. 15

Hardwick v. Auriemma,
116 A.D.3d 465 (App. Div. 1st Dep't 2014) ................................................... 10

Henry v. New Jersey Dept. of Human Services,
204 N.J. 320 (2010) ..................................................................... 6

Hoffman v. Parade Publs.,
15 N.Y.3d 285 (2010) ............................................................ 8, 9, 11, 19

Illas v. Gloucester County Sheriff's Dept.,
No. 14-4061, 2015 U.S. Dist. LEXIS 21753 (D.N.J. Feb. 24, 2015) ............. 6, 19

In re Horizon Healthcare Servs. Data Breach Litig.,
846 F.3d 625 (3d Cir. 2017) .......................................................... 5

Joseph v. AXA Equitable Life Ins. Co.,
No. 2:18-cv-03839-CLW, 2018 U.S. Dist. LEXIS 194361
(D.N.J. Sept. 12, 2018) ................................................................ 8

Kachur v. WMC Mortg. Corp.,
Civ. No. 18-15111, 2019 U.S. Dist. LEXIS 137214 (D.N.J. Aug. 19, 2019) ...... 12

Kairawala v. GE Aviation,
No. 09-0398, 2009 U.S. Dist. LEXIS 57679 (D.N.J. July 7, 2009) ............. 15, 19

Kehr Packages, Inc. v. Fidelcor, Inc.,
926 F.2d 1406 (3d Cir. 1991)........................................................... 6

Lambui v. Collins,
No. 14-CV-6457(JS)(AYS), 2015 U.S. Dist. LEXIS 136329
(E.D.N.Y. Sept. 30, 2015) ............................................................ 10

Maddox v. City of Newark,
50 F. Supp. 3d 606 (D.N.J. 2014)...................................................... 17

Manning v. Nandor Techs., Inc.,
No. 1:17-cv-01671-GHW, 2019 US Dist. LEXIS 42862
(S.D.N.Y. Mar. 13, 2019) .............................................................. 11

Marinac v. Mondelez Int'l, Inc.,
No. 2:14-7606-WJM-MF, 2019 U.S. Dist. LEXIS 117743
(D.N.J. July 12, 2019) ............................................................8, 10, 11, 12

Mejia v. White Plains Self Storage Corp.,
No. 18-CV-12189, 2020 U.S. Dist. LEXIS 7807 (S.D.N.Y Jan. 16, 2020).......... 11

Nappi v. Holland Christian Home Ass'n,
No. 11-2832, 2015 U.S. Dist. LEXIS 112537 (D.N.J. Aug. 21, 2015) ................ 7

New Jersey Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of New
Jersey,
760 F.3d 297 (3d Cir. 2014) ......................................................................... 5

Nieblas-Love v. N.Y.C. Haus. Auth.,
165 F. Supp. 3d 51 (S.D.N.Y. 2016) ...................................................... 14, 15

O'Neal v. Middletown Twp.,
No. 3:18-cv-5269-BRM-LHG, 2019 U.S. Dist. LEXIS 59, 2019 WL 77066
(D.N.J. Jan. 2, 2019) .......................................................................... 8n, 15n

Omogbehin v. Dimensions Int'l, Inc.,
No. 08-3939, 2009 U.S. Dist. LEXIS 63222 (D.N.J. July 22, 2009) ................... 7

Powell v. Verizon,
No. 19-8418, 2019 U.S. Dist. LEXIS 161552 (D.N.J. Sept. 20, 2019) ............. 15

Quarles v. Lowe's Home Ctrs.,
No. 04-5746, 2006 U.S. Dist. LEXIS 97336 (D.N.J. March 31, 2006) ......... 16, 19

Rice v. Scudder Kemper Invs., Inc.,
No. 01 CV 7078, 2003 U.S. Dist. LEXIS 14239 (S.D.N.Y. Aug. 14, 2003) .......... 9

Rich v. New Jersey,
Civil Action No. 14-2075 (FLW)(DEA), 2015 U.S. Dist. LEXIS 61683
(D.N.J. March 12, 2015) ......................................................................... 6, 18

Robinson v. Horizon Blue Cross Blue Shield of N.J.,
No. 12-2981, 2015 U.S. Dist. LEXIS 99491 (D.N.J. July 30, 2015) ................. 17

Robinson v. N. Am. Composites,
No. 15-8702, 2017 U.S. Dist. LEXIS 86223 (D.N.J. June 6, 2017) .................... 7

Salvatore v. KLM Royal Dutch Airlines,
No. 98-CV-2450, 1999 U.S. Dist. LEXIS 15551 (S.D.N.Y. Sept. 30, 1999) ....... 10

Sawyer v. Wight,
196 F. Supp. 2d 220 (E.D.N.Y. 2002) .......................................................... 13

Shah v. Wilco Sys., Inc.,
27 A.D.3d 169 (1st Dep't 2005) ................................................................. 10

Shane v. Fauver,
213 F.3d 113 (3d Cir. 2000) ......................................................................... 18

Smith v. Exxon Mobil Corp.,
374 F. Supp. 2d 406 (D.N.J. 2005) ......................................................... 14, 15

Swierkiewicz v. Sorema, N.A.,
534 U.S. 506 (2002) ..................................................................................... 5

Symczyk v. Genesis Healthcare Corp.,
656 F.3d 189 (3d Cir. 2011) .......................................................................... 6

Toscano v. Borough of Lavallette,
No. 04-4412, 2006 U.S. Dist. LEXIS 48653 (D.N.J. June 30, 2006) ........... 16, 19

Valentine v. Bank of Am.,
CIV.A. 09-262 (SDW), 2010 U.S. Dist. LEXIS 8546 (D.N.J. Feb. 1, 2010) .. 16, 19

Victoria v. Fluor Enters.,
No. 13-7587, 2015 U.S. Dist. LEXIS 134574 (D.N.J. Oct. 2, 2015) ................. 17

Whitehead v. County of Monmouth,
No. 15-5352, 2015 U.S. Dist. LEXIS 125147 (D.N.J. Sept. 18, 2015) ............. 17

Yaba v. Cadwalader, Wickersham & Taft,
931 F. Supp. 271 (S.D.N.Y. 1996) ................................................................. 14

Statutes

N.J. Stat. Ann. § 34:15-8................................................................................ 14

N.J. Stat. Ann. § 2A:14-2(a)................................................................... 12, 13

N.Y. Workers' Comp. L. § 11 ........................................................................ 14

N.Y. Workers' Comp. L. § 29(6) .................................................................... 14

Other Authorities

N.Y. Civ. Prac. L. & R. § 214 ........................................................................ 13

N.Y. Civ. Prac. L. & R. § 215(3) .................................................................... 13

Defendant Ian W. Siminoff ("Defendant" or "Mr. Siminoff") submits this Memorandum of Law in support of his Motion to Dismiss the Complaint ("Complaint" or "Compl.") with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and 12(b)(6) ("Rule 12(b)(6)").

The Complaint should be dismissed in its entirety against Mr. Siminoff because (i) there is no individual liability under Title VII of the Civil Rights Act of 1964 ("Title VII"); (ii) Plaintiff's claim under the New Jersey Law Against Discrimination ("NJLAD") is time-barred; (iii) Plaintiff did not experience any discriminatory impact in New York City or State and, therefore, there is no jurisdiction for her claims under the New York State Human Rights Law ("NYSHRL") or New York City Human Rights Law ("NYCHR" and, with the NYSHRL, the "Human Rights Laws"); and (iv) Plaintiff's common-law tort claims are preempted and/or duplicative of her NJLAD claims, time-barred, and/or barred under the workers' compensation laws.  Moreover, the dismissal should be with prejudice because any amendment of the Complaint would be futile.

## PRELIMINARY STATEMENT

Over a nearly four-year period, Mr. Siminoff, then Counsel at defendant Fox Rothschild LLP ("Fox"), and Plaintiff Stephanie Jones ("Plaintiff") had a consensual relationship during which they exchanged underline thousands of text messages, engaged in consensual physical contact, and routinely met for meals and drinks, including at the insistence of Plaintiff.  That relationship ended in June 2017, around the time of Plaintiff's June 2017 termination by Defendant Fox Rothschild LLP

("Fox").  Mr. Siminoff was not consulted with or involved in the decision to terminate Plaintiff's employment.

Now, more than two years after the termination of her employment, and primarily in reliance on an obviously cherry-picked sample of the thousands of text messages she exchanged with Mr. Siminoff, Plaintiff tries to recast and reinvent her consensual relationship with Mr. Siminoff and brings implausible, fallacious and defamatory claims of sexual harassment.  As set forth below, each and every claim against Mr. Siminoff must be dismissed as clearly unsupported by the law or because it is time-barred.

First, Plaintiff's claim against Mr. Siminoff under Title VII (Count I) fails because there is no individual liability under Title VII.  Second, Plaintiff's claim against Mr. Siminoff under the NJLAD (Count V) is untimely because it was not brought within two years of any allegedly adverse employment action or harassment.  Third, Plaintiff's claims under the Human Rights Laws (Counts II and III) fail because Plaintiff is not covered by those statutes because she worked and lived exclusively in New Jersey during the relevant time period and, therefore, did not experience the impact of any alleged discrimination or harassment within the boundaries of New York State or New York City.  Fourth, Plaintiff's common-law tort claims (Counts V-VII) are time-barred, preempted by the NJLAD, and/or are barred by the workers' compensation laws.[1]

_____

[1] The Complaint pleads two Count Vs.  For purposes of clarity, we refer to the NJLAD claim against Mr. Siminoff as First Count V and the assault and battery claim as Second Count V.  The Complaint

## FACTUAL BACKGROUND[2]

Plaintiff was employed by Fox or its predecessors from May 7, 1990 until her termination on June 21, 2017.  Compl., ¶¶ 12, 18.  Although she is currently a resident of California (id., ¶ 12), Plaintiff worked exclusively in New Jersey throughout her employment.  See id., ¶ 17, 35.  She was working as a legal assistant, supporting Fox Partner Michael Barabander, who worked in New Jersey, at the time her employment was terminated.  See id., ¶¶ 5, 22.  At no time since 2013 was she regularly assigned to work for Mr. Siminoff, who was not a Partner and who had his own legal assistant.  See id., ¶¶ 15, 22, 24, 29.

Plaintiff alleges that beginning in January 2014, Mr. Siminoff sexually harassed her while she was working in New Jersey, including by making improper comments, sending texts, and touching her without her consent.  See, e.g., id., ¶¶ 26, 30, 38. Plaintiff does not allege that she lived or worked in New York State or New York City during the relevant time period or that she ever experienced any inappropriate behavior by Mr. Siminoff while she was in New York State or New York City, and yet, implausibly, brings claims under New York statutes.   Indeed, her only allegation with respect to New York State or New York City is that Mr. Siminoff allegedly sent her "some" inappropriate texts, which she does not identify, while he allegedly was in New York City.  See id., ¶ 40.

---

also pleads Counts IV (violation of the NJLAD) and VIII (Negligent Supervision and Retention) against Defendant Fox only.  Therefore, those claims are not addressed in this motion.

[2] Defendant assumes the facts alleged in the Complaint to be true solely for purposes of this motion to dismiss.

Plaintiff was terminated by Fox on June 21, 2017, two-and-a-half years before she filed the Complaint.  See id., ¶ 12.

## PROCEDURAL HISTORY

On December 19, 2019, in an attempt to make an end-run around the New Jersey statutes of limitation governing her claims, Plaintiff filed her Complaint in the United States District Court for the Southern District of New York.  See generally Compl.  Plaintiff alleges that she timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue ("Notice"), but she does not provide the date of the filing with the EEOC and did not attach the Notice to the Complaint.

On February 15, 2020, Defendant Siminoff and Defendant Fox separately moved to dismiss the Complaint.  See Motion to Dismiss, dated February 15, 2020 [Docs. 15-17]; Motion to Dismiss, dated February 15, 2020 [Docs.18-19]. On March 16, 2020, Plaintiff filed her oppositions to the motions to dismiss.  See Responses in Opposition to Motions [Docs. 23 and 24]. The motion was fully submitted to the Court on April 27, 2020, after Judge Hellerstein denied Plaintiff's motion to file a sur-reply.  See Order, dated April 27, 2020 [Doc. 35].

On May 18, 2020, Judge Hellerstein transferred the case to the District of New Jersey on the grounds that it was improperly venued in the Southern District of New York, but without ruling on the substantive portions of the pending motions to dismiss.  See Order, dated May 18, 2020 [Doc. 36] (the "Transfer Order").

4

## ARGUMENT

**I.    Legal Standards**

### A.    Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, New Jersey Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of New Jersey, 760 F.3d 297, 302 (3d Cir. 2014), but a court should dismiss a complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002) (citations omitted).

### B.    Dismissal Under Rule 12(b)(1)

"A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) challenges a court's very power to hear the case."  See Walthour v. Child & Youth Servs., 728 F. Supp. 2d 628, 635 (E.D. Pa. 2010). "If the court cannot conclude, based on face of the complaint, that jurisdictional requirements are met, then the court must dismiss the complaint." In re Horizon Healthcare Servs. Data

Breach Litig., 846 F.3d 625, 633 (3d Cir. 2017) (citing Iqbal, 556 U.S. at 678).

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must

bear the burden of persuasion." See Symczyk v. Genesis Healthcare Corp., 656 F.3d

189, 191 n.4 (3d Cir. 2011) (quoting Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d

1406, 1409 (3d Cir. 1991)).

II.    **Each Claim Against Mr. Siminoff Must Be Dismissed As A Matter Of Law**

    A.    **Plaintiff's Title VII Claim Must Be Dismissed Pursuant To Rule 12(b)(6) Because There Is No Individual Liability Under Title VII**

        Plaintiff's Title VII claim against Mr. Siminoff – an individual who was,

like Plaintiff, an employee of Fox – must be dismissed as it is well-settled law that

Title VII does not impose liability on individuals. See Rich v. New Jersey, Civil Action

No. 14-2075 (FLW)(DEA), 2015 U.S. Dist. LEXIS 61683, at *24-25 (D.N.J. March

12, 2015) (dismissing claims brought against individuals in both their individual and

official capacities, noting that "Third Circuit jurisprudence is clear that individual

employees, including supervisors, are not subject to liability under Title VII")

(collecting cases).  Thus, Count I brought against Mr. Siminoff must be dismissed

with prejudice.

    B.    **Plaintiff's Claim Under The NJLAD Must Be Dismissed As Time-Barred**

        Plaintiff's claim under the NJLAD is subject to a two-year statute of

limitations. See Illas v. Gloucester County Sheriff's Dept., No. 14-4061, 2015 U.S.

Dist. LEXIS 21753, at *10-11 (D.N.J. Feb. 24, 2015) (concluding a two-year statute

of limitations of N.J. Stat. Ann. 2A:14-2(a) applies to NJLAD claims) (citing Montells

v. Haynes, 133 N.J. 282 (N.J. 1993)); Henry v. New Jersey Dept. of Human

Services, 204 N.J. 320, 324 (2010) (holding that a claim under the NJLAD must be filed within two years of the date on which the cause of action accrued).  Here, Plaintiff filed the Complaint on December 19, 2019, and thus, to be actionable, any alleged misconduct in violation of the NJLAD had to accrue on or after December 19, 2017.  However, the Complaint sets forth no allegations against Mr. Siminoff that occurred after July 2017, and Plaintiff acknowledges that she was terminated on June 21, 2017.  See Compl., ¶ 12.  Therefore, any claims related to her employment necessarily accrued on or before June 21, 2017, and her claims under the NJLAD would have had to been brought before a court on or before June 21, 2019.

Importantly, the NJLAD's "two-year statute of limitations is not tolled by the filing of an administrative claim."  Robinson v. N. Am. Composites, No. 15-8702, 2017 U.S. Dist. LEXIS 86223, at *25 (D.N.J. June 6, 2017) (citing to Omogbehin v. Dimensions Int'l, Inc., No. 08-3939, 2009 U.S. Dist. LEXIS 63222, at *8-9 (D.N.J. July 22, 2009) (holding that filing a claim with the EEOC did not toll the statute of limitations for a NJLAD claim and stating that "[u]nlike Title VII, the NJLAD does not require the claimant to seek an administrative remedy before proceeding with a judicial remedy for his claims"); Nappi v. Holland Christian Home Ass'n, No. 11-2832, 2015 U.S. Dist. LEXIS 112537, at *28 (D.N.J. Aug. 21, 2015) (holding plaintiff's claims under the NJLAD were time-barred after declining to toll the statute of limitations based on the filing of a claim with the New Jersey Division on Civil Rights).  Therefore, Plaintiff's claim that she "timely" filed with the

EEOC (while not offering a date to support this assertion, see Compl., ¶ 10) is irrelevant, as it has no impact on the timeliness of her claim under the NJLAD.

Therefore, because Plaintiff did not file her claim under the NJLAD within two years of any alleged discrimination or harassment, her NJLAD claim is time-barred, and First Count V must be dismissed with prejudice.[3]

## C. Plaintiff's Claims Under The Human Rights Laws Must Be Dismissed Pursuant To Rule 12(b)(1) And Rule 12(b)(6) Because Plaintiff Did Not Work Or Experience Any Discriminatory Impact In New York State Or New York City

Whether a person can invoke the protections of the NYCHRL and the NYSHRL turns on whether the individual worked in New York State or New York City such that the impact of any alleged discrimination was experienced by the person within the boundaries of New York State or New York City. See Hoffman v. Parade Publs., 15 N.Y.3d 285, 289 (2010) ("nonresidents of the city and state must plead and prove that the alleged discriminatory conduct had an impact within those respective boundaries"); see also Marinac v. Mondelez Int'l, Inc., No. 2:14-7606-WJM-MF, 2019 U.S. Dist. LEXIS 117743, at *6 (D.N.J. July 12, 2019) (holding that a plaintiff can state a claim under the Human Rights Laws only where he "suffered the 'impact' of discrimination" in New York); Joseph v. AXA Equitable Life Ins. Co., No. 2:18-cv-03839-CLW, 2018 U.S. Dist. LEXIS 194361, at *13 (D.N.J. Sept. 12,

---

[3] Plaintiff did not oppose Mr. Siminoff's argument that her NJLAD claim was time-barred in her opposition to his motion to dismiss in the Southern District of New York and, therefore, has tacitly conceded that her claim was untimely. See Defendant Siminoff's Reply In Further Support Of Motion To Dismiss, dated April 17, 2020 [Doc. 31] (the "Reply"); see also O'Neal v. Middletown Twp., No. 3:18-cv-5269-BRM-LHG, 2019 U.S. Dist. LEXIS 59, at *9, 2019 WL 77066, at *9 (D.N.J. Jan. 2, 2019) ("Plaintiffs fail to present any substantive argument in opposition to Defendants' argument, and therefore, have conceded the point.")

2018) ("Claims brought pursuant to the NYSHRL and NYCHRL require that all acts of discrimination and retaliation occurred in or had an impact in New York."); Fried v. LVI Servs., Inc., No. 10 Civ. 9308, 2011 U.S. Dist. LEXIS 115839, at *40 (S.D.N.Y. Oct. 4, 2011) ("The NYCHRL expressly limits the applicability of its protections to acts that occur within the boundaries of New York City.").

        For these reasons, "a nonresident must plead and prove that the alleged discriminatory conduct had an impact in New York." Hoffman, 15 N.Y.3d at 291 (noting that the focus on impact "confines the protections of the NYCHRL to those who are meant to be protected – those who work in the city" and further noting that the NYSHRL only offers its protection to "inhabitants and persons within the state, meaning that those who work in New York fall within the class of persons who may bring discrimination claims in New York"); see also Rice v. Scudder Kemper Invs., Inc., No. 01 CV 7078, 2003 U.S. Dist. LEXIS 14239 (S.D.N.Y. Aug. 14, 2003) (holding that in order to state a claim under NYSHRL, a non-resident plaintiff must show that he was discriminated against in New York).

        The relevant inquiry, therefore, is whether a plaintiff experienced the impact of the alleged harassment or discrimination while working in New York. If not, the location of the alleged bad actor, or whether the employer had an office in New York, is of no significance. Here, Plaintiff, a resident of California, does not plead that she worked in New York State or New York City. In fact, Plaintiff explicitly states that she worked in Fox's "Roseland office" in New Jersey. See Compl., ¶¶ 17-19. Moreover, when Plaintiff does offer a location related to Mr. Siminoff's

9

alleged misconduct, the alleged conduct always allegedly occurs in New Jersey. See id., ¶¶ 26, 30, 35, and 38.  Plaintiff, therefore, was employed in New Jersey, and the "impact" of any allegedly discriminatory conduct would necessarily be felt in New Jersey, the location of her employment.  See Shah v. Wilco Sys., Inc., 27 A.D.3d 169, 176 (1st Dep't 2005) ("[T]he locus of the decision to terminate here is of no moment. What is significant is where the impact is felt. Thus, even if the termination decision had been made in New York City, the NYCHRL would not apply since its impact on [plaintiff] occurred in New Jersey, not within the five boroughs.");  Salvatore v. KLM Royal Dutch Airlines, No. 98-CV-2450, 1999 U.S. Dist. LEXIS 15551, at *50 (S.D.N.Y. Sept. 30, 1999); Marinac, 2019 U.S. Dist. LEXIS 117743, at *6.

The only allegation that touches on New York is the claim that Mr. Siminoff sent "some" texts, which Plaintiff does not identify, "when he was working out of the NY office," Compl., ¶ 40 (emphasis added), but because Plaintiff was employed in New Jersey, the impact of the alleged harassment was in New Jersey, not New York.[4]  Mr. Siminoff's location is simply not relevant.  See Hardwick v. Auriemma, 116 A.D.3d 465, 467 (App. Div. 1st Dep't 2014) (stating that for the Human Rights Laws to apply, "it is the place where the impact of the alleged discriminatory conduct is felt that controls . . .."); see also Lambui v. Collins, No. 14-CV-6457(JS)(AYS), 2015 U.S. Dist. LEXIS 136329, at *13 (E.D.N.Y. Sept. 30,

---

[4] Moreover, the fact that Plaintiff does not identify the content of the texts that were sent from New York makes it impossible to even determine whether the alleged texts were, in fact, sexual or allegedly harassing.

2015) ("it is the impact of the adverse action, and not the location where acts leading to the discrimination occur that gives rise to a claim"); <u>Marinac</u>, 2019 U.S. Dist. LEXIS 117743, at *6.[5]

Because Plaintiff worked in New Jersey at all relevant times[6] and, therefore, did not experience the impact of any alleged discrimination or harassment within New York State or New York City, her claims under the New York State and City Human Rights Laws must be dismissed.  <u>See, e.g.</u>, <u>Mejia v. White Plains Self Storage Corp.</u>, No. 18-CV-12189, 2020 U.S. Dist. LEXIS 7807, at *9 (S.D.N.Y Jan. 16, 2020) (dismissing NYCHRL claim because the plaintiff had not "alleged any facts indicating that the impact of the alleged discrimination occurred within the bounds of the City"); <u>Fried</u>, 2011 U.S. Dist. LEXIS 115839, at *42 (dismissing NYCHRL claim because the plaintiff was a resident of Connecticut and did not work in New York City); <u>Manning v. Nandor Techs., Inc.</u>, No. 1:17-cv-01671-GHW, 2019 US Dist. LEXIS 42862, at *13 (S.D.N.Y. Mar. 13, 2019)  (dismissing NYCHRL claim and finding the claim insufficient where the only allegation related to New York City was the allegation that the plaintiff "sometimes travelled to New York City while performing duties for his job"); <u>Hoffman</u>, 15 NY3d at 292 (dismissing NYCHRL and

---

[5] In ordering transfer of this matter to the District of New Jersey, Judge Hellerstein ultimately held that the allegations that "Siminoff may have sent 'some' improper test messages from New York is <u>far from enough</u> to constitute a substantial part of [the] events" giving rise to her claims.  <u>See</u> Transfer Order at 3 (emphasis added).

[6] In the Southern District, Plaintiff argued, for the first time in her opposition papers, that she did work in New York on occasion during the relevant time period, an allegation that she does not plead in the Complaint.  However, Judge Hellerstein rejected Plaintiff's clear <i>post hac</i> attempt at forum shopping, and found that Plaintiff's assertions that she worked in New York were "contradicted by the documentary evidence" and, further, that her claim that she performed work in New York on occasion was "hard to credit."  <u>See</u> Transfer Order at n.1.

NYSHRL claims because the plaintiff did not "state a claim that the alleged discriminatory conduct had any impact in [the City or State of New York]"); see also Marinac, 2019 U.S. Dist. LEXIS 117743, at *6.

Therefore, Counts II and III should be dismissed with prejudice.

**D.**    **Plaintiff's Common Law Claims Must Be Dismissed**

Because Plaintiff's remaining common law claims against Mr. Siminoff for assault and battery (Second Count V), negligent infliction of emotional distress ("NIED") (Count VI), and intentional infliction of emotional distress ("IIED") (Count VII) arise from conduct alleged to have happened in New Jersey (see, e.g., Compl., ¶¶ 12, 17, 19, 26, 30, 35, 38), her claims are governed by New Jersey law.  Thus, she cannot avail herself of New York common law, or its statute of limitations, to plead her claim.

Moreover, her common law claims must be dismissed with prejudice under both New Jersey and New York law because they are time-barred and/or preempted by the workers' compensation statutes and the NJLAD.

**1.**    Plaintiff's Claims For Assault, Battery And IIED Are Time-Barred Under Both New Jersey And New York Law

Plaintiff's claims for assault and battery and IIED are untimely under both New Jersey law and New York law.  In New Jersey, the statute of limitations for intentional torts, including assault and battery and IIED, is two years. See N.J. Stat. Ann. § 2A:14-2(a); see also Kachur v. WMC Mortg. Corp., Civ. No. 18-15111, 2019 U.S. Dist. LEXIS 137214, at *8-9 (D.N.J. Aug. 19, 2019). In New York, claims for intentional torts, including assault and battery and IIED, are governed by a one-

year statute of limitations. N.Y. Civ. Prac. L. & R. § 215(3); see also Ashjari v. Nynex Corp., 182 F.3d 898 (2d Cir. 1999) ("Under N.Y. C.P.L.R. § 215(3), claims of assault and battery . . . must be brought within one year from the date the claim accrued."); Sawyer v. Wight, 196 F. Supp. 2d 220, 228 (E.D.N.Y. 2002) ("There is a one year statute of limitations for assault and battery claims in New York."); Gallagher v. Dir. Guild of Am., 144 A.D.2d 261, 262 (1st Dep't 1988).

Thus, under both New York law and New Jersey law, Plaintiff's claims for assault and battery and IIED are time-barred because the Complaint contains no allegations of Mr. Siminoff's alleged misconduct after July 2017, which was more than two years prior to the filing of the Complaint.

2.   Plaintiff's Claim For NIED Is Time-Barred Under New Jersey Law And Is Barred By The Workers' Compensation Laws In New York And New Jersey

The statute of limitations for NIED is two years under New Jersey law and three years under New York Law.  See N.J. Stat. Ann. § 2A:14-2(a); N.Y. Civ. Prac. L. & R. § 214.  Therefore, in order for Plaintiff's claim to be timely under New Jersey law, the claim had to accrue on or before December 19, 2017 – i.e., within two years of the filing of the Complaint.  Thus, for the same reasons as set forth above, namely that there are no allegations against Mr. Siminoff that occurred after July 2017, Plaintiff's claim for NIED is time-barred under New Jersey Law and must be dismissed with prejudice.

While her claim may be timely under New York's three-year statute of limitations, it nonetheless fails because New Jersey law governs this claim.  It is also

13

barred by both the New Jersey and New York workers' compensation laws.  See, e.g., Ditzel v. University of Med. & Dentistry, 962 F. Supp. 595, 608 (D.N.J. 1997) (dismissing NIED claim against defendant employer and individual defendants as "barred by the Worker's Compensation Act") (citing N.J. Stat. Ann. § 34:15-8; Yaba v. Cadwalader, Wickersham & Taft, 931 F. Supp. 271, 276 (S.D.N.Y. 1996) (holding negligence claims against supervisory employees were "barred by the New York Workers' Compensation Law") (citing N.Y. Workers' Comp. L.  §§ 11 and 29(6)). This is because each state's workers' compensation law provides the exclusive remedy for an employee who is injured by the negligence or wrong of another in the same employ. See N.J. Stat. Ann. § 34:15-8 ("If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong."); N. Y. Workers' Comp L. § 29(6);  see also Smith v. Exxon Mobil Corp., 374 F. Supp. 2d 406, 424 (D.N.J. 2005) (granting summary judgment on employee's claim for NIED, holding that the New Jersey worker's compensation law "provides the exclusive remedy by which an employee may recover for injuries caused by workplace negligence"); Nieblas-Love v. N.Y.C. Haus. Auth., 165 F. Supp. 3d 51, 75 (S.D.N.Y. 2016) (holding that "New York Workers' Compensation Law, however, is 'the exclusive remedy to an employee . . . when such employee is injured . . . by the negligence or wrong of another in the same employ'") (quoting N.Y. Workers' Comp. Law § 29(6)). Thus, injuries caused by a colleague's negligence, including

14

those attributed to the negligent infliction of emotional distress, fall within that exclusive remedy provision. See Gok v. Ports Am., Inc., No. 15-3468, 2015 U.S. Dist. LEXIS 108636, at *9-10 (D.N.J. Aug. 17, 2015); Powell v. Verizon, No. 19-8418, 2019 U.S. Dist. LEXIS 161552, at *31 (D.N.J. Sept. 20, 2019); see also Nieblas-Love, 165 F. Supp. 3d at 75; Smith, 374 F.Supp. 2d at 424; Gagliardi v. Trapp, 221 A.D.2d 315 (2d Dep't. 1995).[7]

   3.   Plaintiff's Common Law Claims Are Barred Because They Are Duplicative Of Her Claims Under The NJLAD

Plaintiff's common law claims for NIED, IIED, and assault and battery also must be dismissed because they are preempted by the NJLAD. It is well-established law that where the factual allegations are the same for the pleaded common law claims as for pleaded NJLAD claims, the common law claims are barred. See, e.g., Gaines v. United Parcel Serv., Inc., No. 13-3709, 2014 U.S. Dist. LEXIS 51413, at *22-24 (D.N.J. Apr. 14, 2014) (dismissing New Jersey common law claims arising from the plaintiff's termination of employment, because they were subsumed by the NJLAD and were based on the same operative facts underlying the NJLAD claims); Dimare v. Metlife Ins. Co., No. 07-4268, 2008 U.S. Dist. LEXIS 43093, at *11-12 (D.N.J. May 30, 2008) (holding that an IIED claim was preempted where the plaintiff sought "to be compensated for the same wrongs alleged in Count I of the complaint for violations under the NJLAD"); Kairawala v. GE Aviation, No.

---

[7] Like her claims under the NJLAD, Plaintiff did not oppose Mr. Siminoff's argument that her NIED claim was preempted in her opposition to his motion to dismiss in the Southern District of New York and, therefore, has conceded her claim should be dismissed. See Reply; see also O'Neal, 2019 U.S. Dist. LEXIS 59, at *9.

09-0398, 2009 U.S. Dist. LEXIS 57679, at *3, 8 (D.N.J. July 7, 2009) (finding that the plaintiff's IIED claim based on the defendant's termination of the plaintiff purportedly due to improper discrimination was preempted by the NJLAD); Toscano v. Borough of Lavallette, No. 04-4412, 2006 U.S. Dist. LEXIS 48653, at *28 (D.N.J. June 30, 2006) ("A supplementary cause of action is not allowed when the NJLAD provides a remedy for the wrong"); Quarles v. Lowe's Home Ctrs., No. 04-5746, 2006 U.S. Dist. LEXIS 97336, at *4 (D.N.J. March 31, 2006) (dismissing plaintiff's claim for intentional infliction of emotional distress because it was "based on the same allegations supporting [p]laintiff's NJLAD claim"); Arevalo v. Brighton Gardens, No. 15-2563, 2016 U.S. Dist. LEXIS 126261, at *22 (D.N.J. Sept. 16, 2016) (denying request for leave to amend the complaint to add common law claims because they were "merely restatements of his NJLAD claims"); Valentine v. Bank of Am., CIV.A. 09-262 (SDW), 2010 U.S. Dist. LEXIS 8546, at *15-16 (D.N.J. Feb. 1, 2010) (denying leave to amend a complaint as futile where "a common law claim of intentional infliction of emotional distress [was] based on the same allegations supporting [p]laintiff's NJLAD claim").

In fact, New Jersey courts will dismiss common law claims as preempted by the NJLAD claim even where the NJLAD claim is also simultaneously dismissed. For example, in Bull v. Target Corp. the court dismissed the entirety of a complaint, including claims for hostile work environment, unlawful discrimination, and retaliation in violation of the NJLAD.  See generally No. 14-6838, 2015 U.S. Dist. LEXIS 33171 (D.N.J. Mar. 17, 2015). In addition, despite all other claims being

dismissed, the Bull court dismissed the pleaded common law claims as preempted because "[t]he New Jersey Appellate Division has held that the New Jersey State Legislature intended for the NJLAD to encompass all those claims and damages previously available at common law." Id. at *5-6 (citation omitted); see also Maddox v. City of Newark, 50 F. Supp. 3d 606, 635 (D.N.J. 2014) (dismissing NJLAD claim while also dismissing common law claim as preempted); Victoria v. Fluor Enters., No. 13-7587, 2015 U.S. Dist. LEXIS 134574,  at *19 (D.N.J. Oct. 2, 2015) (dismissing LAD claim and simultaneously holding negligence claim was preempted by the NJLAD); Robinson v. Horizon Blue Cross Blue Shield of N.J., No. 12-2981, 2015 U.S. Dist. LEXIS 99491, at *24 (D.N.J. July 30, 2015) (dismissing NJLAD claim and "common law claims for negligent supervision, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, fraud, deceit, breach of fiduciary duty, and negligent training" as preempted by the NJLAD); Whitehead v. County of Monmouth, No. 15-5352, 2015 U.S. Dist. LEXIS 125147, at *8 (D.N.J. Sept. 18, 2015) (dismissing all claims brought by plaintiff, including "intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence" claims based on the argument that that they were preempted by the simultaneously dismissed NJLAD claim).

Here, Plaintiff's common law claims (Second Count V, VI, VII) rely on the very same facts alleged in the NJLAD claim.  Plaintiff does not assert or rely on any alleged factual allegation that is not also relied on by the NJLAD claim in pleading her common law claims. In fact, each common law claim expressly relies on all

previously alleged paragraphs for support. <u>See</u> Complaint ¶¶ 72, 77 and 84. This is fatal to all common law claims in Plaintiff's complaint. <u>See, e.g.</u>, <u>Arevalo v. Brighton Gardens</u>, 2016 U.S. Dist. LEXIS 126261, at *22 (D.N.J. Sept. 16, 2016) (holding that common law claims were preempted by the NJLAD claims where they relied on repeated and realleged allegations and added no "additional or different factual allegations" from the NJLAD claim); <u>Gaines v. United Parcel Serv., Inc.</u>, No. 13-3709, 2014 U.S. Dist. LEXIS 51413, at *22-24 (D.N.J. Apr. 14, 2014) (same).

Therefore, Second Count V and Counts VI and VII must be dismissed with prejudice as preempted by NJLAD.

**E.    Leave to Amend Should Be Denied Because Any Attempt To Further Pursue Plaintiff's Claims Against Mr. Siminoff Would Be Futile**

Because each of Plaintiff's claims fail as a matter of law and cannot be cured by repleading, leave to amend should be denied on grounds of futility.  <u>See Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") (internal citations omitted).

Here, amendment would be futile because Plaintiff cannot change when or where the allegations took place, nor can she dispute the application of well-settled law.  Plaintiff cannot prevent future dismissal of Count I with an amendment because it is undisputed that Mr. Siminoff is an individual, and Title VII does not impose liability on individuals.  <u>See Rich</u>, 2015 U.S. Dist. LEXIS 61683, at *24-25. Moreover, Plaintiff's claims under the Human Rights Laws cannot be saved with amendment because Plaintiff cannot change the fact that she worked and lived in

New Jersey and, therefore, experienced the impact of the alleged misconduct in New Jersey – and not in New York.  See Hoffman, 15 NY3d at 292.  Plaintiff's NJLAD claim is undisputedly time-barred because Plaintiff's employment ended two-and-a-half years prior to the filing of the Complaint.  See Compl., ¶ 12; Illas, 2015 U.S. Dist. LEXIS 21753, at *10-11.  Finally, Plaintiff's claims for assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress are clearly time-barred and/or preempted by her NJLAD claim and the workers' compensation statutes.  See Valentine, supra, 2010 U.S. Dist. LEXIS 8546, at *15-16 (D.N.J. Feb. 1, 2010) (denying leave to amend a complaint as futile where "a common law claim of intentional infliction of emotional distress [was] based on the same allegations supporting [p]laintiff's NJLAD claim"); see also Gaines, 2014 U.S. Dist. LEXIS 51413, at *22-24; Dimare, 2008 U.S. Dist. LEXIS 43093, at *11-12; Kairawala, 2009 U.S. Dist. LEXIS 57679, at *3, 8;  Toscano, 2006 U.S. Dist. LEXIS 48653, at *28;  Quarles, 2006 U.S. Dist. LEXIS 97336, at *4; Arevalo, 2016 U.S. Dist. LEXIS 126261, at *22.

## CONCLUSION

For the reasons set forth above, the Court should grant Mr. Siminoff's motion, dismissing Plaintiff's claims against him with prejudice.

Dated: June 23, 2020

PADUANO & WEINTRAUB LLP


By:   *s/ Meredith Cavallaro*
        Meredith Cavallaro

1251 Avenue of the Americas
Ninth Floor
New York, New York 10020

*Attorneys for Defendant Ian W. Siminoff*