**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

STEPHANIE JONES,
                          Plaintiff,

     -against-                                    Case No. 2:20-cv-06312-SDW-LDW


FOX ROTHSCHILD LLP, and
IAN W. SIMINOFF.
                          Defendants.


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT FOX**

**ROTHSCHILD LLP'S MOTION FOR PARTIAL DISMISSAL UNDER FEEDERAL**

**RULE OF CIVIL PROCEDURE 12(B)(6)**


Plaintiff, Stephanie L. Jones, by and through her attorneys, hereby submit this Memorandum of

Law in opposition to Defendant Fox Rothschild LLP's Motion for Partial Dismissal Under Fed.

R. Civ. P. 12(b)(6).


### I.    INTRODUCTION

Defendant Fox has moved the Court pursuant to Federal Rules of Civil Procedure 12(b)(6) to

dismiss all of Ms. Jones's state law claims. For the reasons set forth below, the Court should deny

Fox's Motion to Dismiss.


### II.   BACKGROUND FACTS

By way of background facts, Ms. Jones incorporates herein by reference as if set forth in full

paragraphs 1-49 of the Complaint.

## III.    ARGUMENT

**Applicable Legal Standards for Dismissal Under Rule 12(b)(6)**:

Motions to dismiss under Rule 12(b)(6) are analyzed under the standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). To defeat a motion to dismiss, the complaint must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

### THERE IS NO BASIS TO DISMISS MS. JONES'S STATE LAW CLAIMS

1. **Ms. Jones's State Law Claims Are Not Time-Barred**

Contrary to Fox's contention, parts of Ms. Jones's claims arose in New York. First, Defendant Siminoff sent offensive text messages to Ms. Jones while he was working in Fox's New York office. Second, and most importantly, as reflected in the Jones Declaration[1], during the relevant time period, Ms. Jones frequently worked in Fox's New York office, often pursuant to Fox's "no boundaries" work policy. Thus, parts of Ms. Jones's claims arose in New York and are subject to New York's three-year statute of limitations for personal injury claims, NYCPLR §214(5). Accordingly, because Ms. Jones filed this action within three (3) years of her termination, i.e., before June 21, 2020, her state and city law claims are not time-barred.

---

[1] The "Jones Declaration" refers to the Certification of Plaintiff Stephanie Jones. Docket # 23.

2. **<u>Ms. Jones's NYSHRL And NYCHRL Claims (Counts II and III) Are Viable</u>**

The Jones Declaration makes clear that although Ms. Jones was a New Jersey resident, she can plead and prove facts demonstrating that Fox's conduct made unlawful under the NYSHRL and NYCHRL had an impact on her in New York State and New York City. Ms. Jones's situation is different in kind from the circumstances of the plaintiff in Hoffman v. Parade Publ'ns, 15 N.Y.3d 285, 907 N.Y.S.2d 145, 933 N.E.2d 744 (2010), and the plaintiffs in the other cases relied upon by Fox.

Accordingly, Ms. Jones respectfully requests that the Court grant her leave to file an Amended Complaint demonstrating that Fox's discriminatory conduct had an impact on her in New York City and New York State.

3. **<u>Ms. Jones's New York Tort Law Claim (Count VII) is Viable</u>**

Ms. Jones respectfully requests that the Court grant her leave to file an Amended Complaint demonstrating that she suffered injury in New York.

4. **<u>Ms. Jones's New Jersey Law Against Discrimination Claim is Viable</u>**

In their attempt to have Ms. Jones NJLAD claims dismissed, Defendant's rely on the two-year statute of limitations detailed in N.J.S.A. 2A:14-2. Defendant's conveniently failed to mention as of December 1, 2019 the statute of limitations for N.J.S.A. 2A:14-2 has been extended from 2 years to 7 years, and it provides victims of sex crimes a two year look back period to file time-barred claims. Ms. Jones's claims qualify under the two year look back period.

Ms. Jones respectfully requests that the Court grant her leave to file an Amended Complaint to demonstrate that her claims are valid pursuant to New Jersey P.L. 2019, c.120 (S477 SCS), which expands the statute of limitations for N.J.S.A. 2A:14-2.

5. **Ms. Jones's negligence claim**

Ms. Jones respectfully requests that the Court grant her leave to file an Amended Complaint. Ms. Jones will withdraw her IIED and negligence claims against Defendant Fox due to the exclusivity provision of the New York and New Jersey Workers' Compensation statutes.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff, Stephanie L. Jones, respectfully requests that the Court deny Defendant Fox Rothschild LLP's Motion for Partial Dismissal Under Fed. R. Civ. P. 12(b)(6), and grant Ms. Jones's request to leave to file an Amended Complaint.

___s/Tyrone Anthony Blackburn_____
Tyrone Anthony Blackburn
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn NY 11236
        and
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1525
Philadelphia PA 19110

*Attorneys for Stephanie L. Jones*