## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE JONES,<br>                         Plaintiff,<br>        -against<br><br><br>FOX ROTHSCHILD LLP, and<br>IAN W. SIMINOFF.<br>                         Defendants. | Case No. 2:20-cv-06312-SDW-LDW |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT IAN**

**SIMINOFF'S MOTION FOR PARTIAL DISMISSAL UNDER FEEDERAL RULE OF**

**CIVIL PROCEDURE 12(B)(6) and 12(B)(1)**

Plaintiff, Stephanie L. Jones, by and through her attorneys, hereby submit this Memorandum of

Law in opposition to Defendant Ian Siminoff's Motion to Dismiss Plaintiffs claims.

## I.   INTRODUCTION

Defendant Siminoff is a sexual deviant and accused attempted rapist. In an attempt to justify the

horrific acts of sexual harassment he visited upon Ms. Jones, Defendant Siminoff is now engaging

in revisionist history. Ms. Jones did not have a "consensual relationship" with Defendant Siminoff,

she was a victim of his savagery.  From this base and seeking to escape the well-deserved light of

negative publicity that litigating this case in this Court will continue to shine on him, Siminoff

launches his effort to persuade the Court to dismiss the Complaint against him in its entirety. For

the reasons set forth herein, the Court should deny Siminoff's Motion to Dismiss with respect to

Counts II, III, V1 (civil assault and battery) and VII.

## II.    BACKGROUND FACTS

By way of background facts, Ms. Jones incorporates herein by reference as if set forth in full paragraphs 1-49 of the Complaint.

## III.    ARGUMENT

### A.  Legal Standards for Dismissal Under Rule 12(b)(6):

Motions to dismiss under Rule 12(b)(6) are analyzed under the standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To defeat a motion to dismiss, the complaint must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

### B.  Legal Standard for Dismissal Under Rule 12(b)(1):

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. Siminoff has mounted a facial attack on the Complaint. In reviewing a facial challenge, the court must accept the plaintiff's allegations regarding jurisdiction as true and draw all reasonable inferences in favor of the non-moving party. *Raila v. U.S.*, 355 F.3d 118, 119 (2d Cir. 2004). In evaluating subject matter jurisdiction, a court may consider 1) the Complaint alone, 2) the Complaint supplemented by undisputed facts evidenced in the record, or 3) the Complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir.2014). If the court lacks subject matter jurisdiction, it should dismiss without prejudice, *In re Great Lakes Dredge &*

*Dock Co., LLC*, 624 F.3d 201, 209 (5th Cir. 2010), and grant the plaintiff leave to replead and include any necessary allegations establishing subject matter jurisdiction.

Federal Rule of Civil Procedure 15(a) states that leave to replead should "be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Manning v. Utilities Mut. Insur. Co.*, 254 F.3d 387, 402 (2d Cir. 2001) (on a motion to dismiss, the interests of justice of Rule 15(a) strongly favor allowing a plaintiff to replead). As the Circuit has observed,

> …[T]he principle that permission to amend to state a claim should be freely granted is likewise applicable to dismissals for failure to plead an adequate basis for federal jurisdiction. In dismissing a complaint for failure to show jurisdiction, the court should heed the admonition of Rule 15 and allow amendment 'freely' if it appears at all possible that the plaintiff can correct the defect….Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground. Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course.

*Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252-253 (2d Cir. 1991) (citations and internal quotations omitted).

## THERE IS NO BASIS TO DISMISS MS. JONES'S STATE LAW CLAIMS

1. **There is no Basis to Dismiss Ms. Jones's Claims Under the New York Human Rights Laws Under Either Rule 12(b)(1) or Rule 12(b)(6) Because she Worked and Experienced Discriminatory Impact in New York**

The Jones Declaration[1] makes clear that although Ms. Jones was a New Jersey resident, she can plead and prove facts demonstrating not only that she worked in New York, but also that Siminoff's conduct made unlawful under the NYSHRL and NYCHRL had an impact on her in New York State and New York City. Accordingly, Ms. Jones respectfully requests that the Court

---

[1] The "Jones Declaration" refers to the Certification of Plaintiff Stephanie Jones. Docket # 23.

grant her leave to file an Amended Complaint demonstrating that Siminoff's discriminatory conduct had an impact on her in New York City and New York State.

### 2. Ms. Jones's Claims for Assault, Battery and IIED are not Time-Barred

New York's three-year statute of limitations for tort claims applies to her claims for intentional infliction of emotional distress (Count VII) and civil assault and battery (Count V) because those claims arose in New York. First, as discussed above, Siminoff sent offensive text messages to Ms. Jones while he was working in Fox's New York office. Second, and most importantly, as reflected in the Jones Declaration, during the relevant time period Ms. Jones frequently worked in Fox's New York office, often pursuant to Fox's "no boundaries" work policy. Thus, her claims arose in New York and are subject to New York's three-year statute of limitations for personal injury claims, NYCPLR §214(5). Accordingly, because Ms. Jones filed this action within three (3) years of her termination, i.e., before June 21, 2020, her state and city law claims are not time-barred.

Accordingly, Ms. Jones respectfully requests that the Court grant her leave to file an Amended Complaint demonstrating that Fox's discriminatory conduct had an impact on her in New York City and New York State.

### 3. Ms. Jones's New Jersey Law Against Discrimination Claim is Viable

In this 'Hail Mary' attempt to have Ms. Jones NJLAD claims dismissed, Defendant Siminoff relies on the two-year statute of limitations detailed in N.J.S.A. 2A:14-2. Defendant Siminoff conveniently failed to mention as of December 1, 2019 the statute of limitations for N.J.S.A. 2A:14-2 has been extended from two (2) years to seven (7) years, and it provides victims of sex

crimes a two (2) year look back period to file time-barred claims. Ms. Jones's claims qualify under the two year look back period.

Ms. Jones respectfully requests that the Court grant her leave to file an Amended Complaint to demonstrate that her claims are valid pursuant to New Jersey P.L. 2019, c.120 (S477 SCS), which expands the statute of limitations for N.J.S.A. 2A:14-2.

### 4. **Ms. Jones's negligence claim**

Ms. Jones respectfully requests that the Court grant her leave to file an Amended Complaint. Ms. Jones will withdraw her negligence claim against defendant Siminoff due to the exclusivity provision of the New York and New Jersey Workers' Compensation statutes.

### 5. **Ms. Jones Should be Granted Leave to Amend**

To the extent the Court believes that Counts II, III, V (civil assault and battery) and VII should not be dismissed, the Jones Declaration makes clear that Ms. Jones can allege facts in an Amended Complaint sufficient to show that Counts II, III, V (civil assault and battery) and VII should not be dismissed.

Accordingly, Ms. Jones respectfully requests that the Court grant her leave to file an Amended Complaint.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff, Stephanie L. Jones, respectfully requests that the Court deny Defendant Ian W. Siminoff's Motion to Dismiss Plaintiff's Complaint.

_____s/Tyrone Anthony Blackburn_____
Tyrone Anthony Blackburn
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn NY 11236
           and
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1525
Philadelphia PA 19110


*Attorneys for Stephanie L. Jones*