UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE JONES,<br><br>               Plaintiffs,<br><br>   v.<br><br>FOX ROTHSCHILD LLP and IAN W. SIMINOFF,<br><br>               Defendant. | Case No. 2:20-cv-06312-SDW-LDW<br><br>**Return Date: September 8, 2020** |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT FOX ROTHSCHILD LLP'S MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

                                                              FISHER & PHILLIPS LLP
                                                              430 Mountain Avenue, Suite 303
                                                              Murray Hill, New Jersey 07974
                                                              (908) 516-1050 (phone)
                                                              (908) 516-1051 (fax)
                                                              *Attorneys for Defendant*
                                                              *Fox Rothschild LLP*

*Of Counsel & on the Brief:*
     Rosemary S. Gousman, Esq.

*On the Brief:*
     David J. Treibman, Esq.

FP 38488300.6

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................1

LEGAL ARGUMENT ..............................................................................................1

    I.    The Complaint Should Be Dismissed. ....................................................1

        A. Plaintiff Agrees Her Tort Claims Should Be Dismissed. ................1

        B. Plaintiff Concedes that Counts II Through IV Fail to State Claims. ...................................................................................3

    II.   Leave to Amend the Complaint Should Be Denied. ..............................3

        A. Amending the NJLAD Claim (Count IV) Would Be Futile. ...........4

        B. Plaintiff's Request to Amend the NYSHRL and NYCHRL Claims (Counts II and III) Is in Bad Faith. .....................................7

        C. Plaintiff's Proposed Amendment to the NYSHRL and NYCHRL Claims Would Also Be Futile. .....................................................11

        D. Plaintiff's IIED Claim (Count VII) Is Anything but "Viable." .....14

CONCLUSION .......................................................................................................15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexander v. Seton Hall Univ.*,
    204 N.J. 219 (2010) ..................................................................................................6

*Amaya v. Ballyshear LLC*,
    340 F. Supp. 3d 215 (E.D.N.Y. 2018) ...................................................................13

*Ashley v. Payne*,
    No. 20-00203, 2020 WL 2502250 (E.D. Ark. Apr. 15, 2020) ...........................11

*Blagman v. Apple, Inc.*,
    307 F.R.D. 107 (S.D.N.Y. 2015) ............................................................................10

*Foman v. Davis*,
    371 U.S. 178 (1962)...................................................................................................3

*Fresno Unified Sch. Dist. v. K.U.*,
    980 F. Supp. 2d 1160 (E.D. Cal. 2013) ...............................................................10

*Fried v. LVI Servs., Inc.*,
    500 F. App'x 39 (2d Cir. 2012) ..............................................................................13

*Henry v. N.J. Dep't of Human Servs.*,
    204 N.J. 320 (2010) ..................................................................................................6

*Hoffman v. Parade Publ'ns*,
    Index No. 0115851/2007, 2008 WL 2713577 (Sup. Ct. N.Y. Cty.
    July 2, 2008),
    *rev'd*, 65 A.D.3d 48, 878 N.Y.S.2d 320 (1st Dep't 2009),
    *rev'd*, 15 N.Y.3d 285, 907 N.Y.S.2d 145, 933 N.E.2d 744 (2010)....................12

*Hoffman v. Parade Publications*,
    15 N.Y.3d 285, 907 N.Y.S.2d 145, 933 N.E.2d 744 (2010) ....................7, 12, 13

*Love v. N.J. Dep't of Corr.*,
    No. 14-5629, 2015 WL 5098077 (D.N.J. Aug. 31, 2015)...................................7

*Mancini v. Twp. of Teaneck*,
    179 N.J. 425 (2004) ......................................................................................................6

*Montells v. Haynes*,
    133 N.J. 282 (1993) ...................................................................................................6, 7

*Roa v. Roa*,
    200 N.J. 555 (2010) ......................................................................................................6

*Rodriguez v. Raymours Furniture Co.*,
    225 N.J. 343 (2016) ......................................................................................................6

*Rowland Global LLC v. Good Clean Love, Inc.*,
    No. 15-5738, 2016 WL 11325769 (D.N.J. Dec. 15, 2016) ........................................11

*Shepherd v. Hunterdon Dev. Ctr.*,
    174 N.J. 1 (2002) ..........................................................................................................6

*Turner v. Sheppard Grain Enters., LLC*,
    68 Misc.3d 385, 2020 WL 3422661 (Sup. Ct. N.Y. Cty. June 23,
    2020) ...........................................................................................................................13

*Vitale v. Schering-Plough Corp.*,
    231 N.J. 234 (2017) ......................................................................................................6

**Statutes**

N.J.S.A. 2A:14-2..................................................................................................*passim*

N.J.S.A. 2A:14-2a  ........................................................................................................5

N.J.S.A. 2A:14-2b.........................................................................................................5

New Jersey Public Law 2019, chapter 120........................................................... 5, 6, 7

New York City Human Rights Law .............................................................................3

New York State Human Rights Law ............................................................................3

**Rules**

Fed.R.Civ.P. 12(b)(3)....................................................................................................4

Fed.R.Civ.P. 12(b)(6)....................................................................................... 1, 4, 7, 15

iv

NYCPLR §215(c) ................................................................................................2

FP 38488300.6

## PRELIMINARY STATEMENT

Defendant Fox Rothschild LLP (the "Firm") has moved for dismissal of Counts II through IV and VI through VIII of the Complaint (Docs. 1, 2) under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff's response essentially concedes that those Counts fail to state a claim and should be dismissed. But having made that concession, Plaintiff requests leave to amend her Complaint. She bases her request in part on her own previously-filed Declaration whose allegations the Southern District of New York has already rejected. But even if they were true and Plaintiff were permitted to file an Amended Complaint based on them, every Count of the Complaint at issue would still fail to state a claim upon which relief can be granted.

Counts II through IV and VI through VIII of the Complaint should therefore be dismissed under Rule 12(b)(6), with prejudice and without leave to replead.

## LEGAL ARGUMENT

### I.  The Complaint Should Be Dismissed.

#### A.  Plaintiff Agrees Her Tort Claims Should Be Dismissed.

Plaintiff says she "will withdraw her IIED [intentional infliction of emotional distress] and negligence claims against Defendant Fox due to the exclusivity provision of the New York and New Jersey Workers' Compensation statutes." (Pl.'s Br., Doc. 49, at 4.) The IIED claim is asserted in Count VII of the Complaint, and

1

the negligence claims in Counts VI and VIII.  Counts VI through VIII can therefore be dismissed with prejudice and without further analysis.

It is worth adding, however, that because the Complaint admits Plaintiff's employment with the Firm ended by June 21, 2017 (Compl. ¶12), and the Complaint was not filed until December 18, 2019, some two and a half years later, Plaintiff's IIED claim is time-barred under both New Jersey and New York law.  Under New Jersey law, the claim is barred under the two-year statute of limitations, N.J.S.A. 2A:14-2.  (*See* Firm's Moving Br., Doc. 42-1, at 10-11.)  Under New York law, the claim is barred under the one-year statute of limitations, NYCPLR §215(c).  (*See* Firm's Moving Br. at 20-21.)  For that matter, the negligence claims, too, are barred by New Jersey's two-year statute of limitations.  (*See* Firm's Moving Br. at 10-11.)

Finally, any attempt to state tort claims under New York law fails for the independently sufficient reason that the Complaint lacks allegations of any significant contacts with New York. (Firm's Moving Br. at 18-20.)

Plaintiff's tort claims should accordingly be dismissed, because Plaintiff agrees they are barred by New York and New Jersey's workers' compensation statutes, because they are time-barred, and because of the absence of any substantial New York connection.

2

### B. Plaintiff Concedes that Counts II Through IV Fail to State Claims.

Plaintiff concedes that the other three Counts of her Complaint at issue – Count II (pled under the New York State Human Rights Law, "NYSHRL"), Count III (pled under the New York City Human Rights Law, "NYCHRL"), and Count IV (pled under the New Jersey Law Against Discrimination, "LAD" or "NJLAD") – fail to state claims upon which relief can be granted.  She admits the Complaint lacks allegations that the purported conduct she complains of had an impact on her in New York City or State, and that, absent amendment, the Complaint fails to state an NJLAD claim.  (Pl.'s Br. at 3-4.)  In light of those concessions and for the reasons set forth in the Firm's moving brief (Firm's Moving Br. at 9, 13-18), Count II, III, and IV of the Complaint should be dismissed.

## II. Leave to Amend the Complaint Should Be Denied.

The U.S. Supreme Court has provided a nonexhaustive list of valid reasons for denying a plaintiff leave to amend her complaint: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  At least two apply here: futility and bad faith.

### A.  Amending the NJLAD Claim (Count IV) Would Be Futile.

In the Southern District of New York, the Firm moved for dismissal and/or transfer under Rule 12(b)(3), and for partial dismissal under Rule 12(b)(6), seeking to dismiss under Rule 12(b)(6) the same Counts of the Complaint it is seeking to dismiss in its current motion, including Count IV, the NJLAD claim.  (Notice of Mot., Doc. 15.)  At that time, Plaintiff did not oppose dismissal of Count IV and requested leave to amend her Complaint only with respect to her New York claims.  (Docs. 24, 24-2.)  Judge Hellerstein ordered the case transferred to this Court under Rule 12(b)(3) and so did not reach the merits of the Firm's Rule 12(b)(6) application.  (Transfer Order, Doc. 36.)

Plaintiff has now changed her tune on Count IV and "requests that the Court grant her leave to file an Amended Complaint to demonstrate that her [NJLAD] claims [sic: she attempts to state only one such claim against the Firm, in Count IV] are valid pursuant to New Jersey P.L. 2019, c.120 [], which expands the statute of limitations for N.J.S.A. 2A:14-2."  (Pl.'s Br. at 4.)  Plaintiff accuses the Firm of "conveniently fail[ing] to mention as of December 1, 2019 the statute of limitations for N.J.S.A. 2A:14-2 has been extended from 2 years to 7 years, and it provides victims of sex crimes a two year look back period to file some time-barred claims.  Ms. Jones's claims qualify under the two year look back period."  (Pl.'s Br. at 3.)  This constitutes the entirety of Plaintiff's argument, which is simply wrong, both

4

because New Jersey Public Law 2019, chapter 120 does *not* alter the two-year limitations period contained in N.J.S.A. 2A:14-2, and because the New Jersey Supreme Court has repeatedly held that the two-year statute of limitations of N.J.S.A. 2A:14-2 is the statute that governs NJLAD claims.

N.J.S.A. 2A:14-2 *currently* says, as amended and in its entirety, the following:

> a. Except as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced **within two years next after the cause of any such action shall have accrued**; except that an action by or on behalf of a minor that has accrued for medical malpractice for injuries sustained at birth shall be commenced prior to the minor's 13th birthday.
>
> b. In the event that an action by or on behalf of a minor that has accrued for medical malpractice for injuries sustained at birth is not commenced by the minor's parent or guardian prior to the minor's 12th birthday, the minor or a person 18 years of age or older designated by the minor to act on the minor's behalf may commence such an action. For this purpose, the minor or designated person may petition the court for the appointment of a guardian ad litem to act on the minor's behalf. [Emphasis added]

As the emphasized language shows, the two-year limitations period of the statute remains unaltered.

The seven-year statute of limitations and two-year "look back period for time-barred claims" for "victims of sex crimes" that Plaintiff invokes appear to refer to two *new* statutes of limitations adopted by Public Law 2019, chapter 120, which are codified at N.J.S.A. 2A:14-2a and N.J.S.A. 2A:14-2b and apply to "crime[s] of a sexual nature." Those new statutes of limitations are irrelevant, because the two-

5

year statute of N.J.S.A. 2A:14-2 is the one that applies to NJLAD claims. This has been the case since 1993, when, in *Montells v. Haynes*, 133 N.J. 282 (1993), the New Jersey Supreme Court held that "a ***single statute of limitations should apply to all LAD claims***. Finding that injuries under the LAD are most like personal-injury claims, we further conclude that ***the two-year personal-injury statute of limitations*** should apply." *Id.* at 286 (citing N.J.S.A. 2A:14-2; emphasis added). The New Jersey Supreme Court has frequently reiterated this holding,[1] noting in 2016 that "[t]wenty-three years later, the Legislature has registered its tacit approval of that determination. The lack of legislative action to signal disavowal of the two-year limitations period is significant in light of the many times since *Montells* was decided that the Legislature has taken affirmative steps to amend the LAD in other respects." *Rodriguez v. Raymours Furniture Co.*, 225 N.J. 343, 356-57 (2016) (citing amendments to NJLAD). "The Legislature's more than two-decades-long acceptance of the two-year limitations period established by *Montells* for LAD claims has woven that limitations period into the fabric of the LAD. It is part of the statutory program and how it operates." *Id.* at 361-62. Public Law 2019, chapter

---

[1] Besides *Rodriguez*, discussed in the text, *see, e.g., Vitale v. Schering-Plough Corp.*, 231 N.J. 234, 249 (2017); *Henry v. N.J. Dep't of Human Servs.*, 204 N.J. 320, 324 (2010); *Alexander v. Seton Hall Univ.*, 204 N.J. 219, 228 (2010); *Roa v. Roa*, 200 N.J. 555, 566 (2010); *Mancini v. Twp. of Teaneck*, 179 N.J. 425, 431 (2004); *Shepherd v. Hunterdon Dev. Ctr.*, 174 N.J. 1, 17-18 (2002).

6

120 does not so much as mention the NJLAD, demonstrating beyond peradventure that a "single statute of limitations" continues to apply to NJLAD claims: the two-year statute of N.J.S.A. 2A:14-2.

Public Law 2019, chapter 120 accordingly does not amend the NJLAD or overrule *Montells v. Haynes*' adoption of the two-year statute of limitations, and the new seven-year statute of limitations and two-year lookback provision are patently irrelevant to Plaintiff's attempt to state an NJLAD claim. In short, nothing in Plaintiff's response to the Firm's motion to dismiss even hints that she could state an NJLAD claim. Her request to amend the Complaint should accordingly be rejected as futile. *See, e.g., Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 5098077, at *2 (D.N.J. Aug. 31, 2015) (Wigenton, J.) (amendment futile "where the proposed amended complaint would be subject to dismissal for failure to state a claim under Rule 12(b)(6)").

**B.  Plaintiff's Request to Amend the NYSHRL and NYCHRL Claims (Counts II and III) Is in Bad Faith.**

Plaintiff contends her Declaration (Doc. 25-2) "makes clear that although [she] was a New Jersey resident, she can plead and prove facts demonstrating that Fox's [alleged] conduct made unlawful under the NYSHRL and NYCHRL had an impact on her in New York State and New York City" and thereby meet the requirements of *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 907 N.Y.S.2d 145,

7

933 N.E.2d 744 (2010), and its progeny.  (*See* Firm's Moving Br. at 13-18.)[2]

Plaintiff relied on the very Declaration she cites to now in her opposition to Defendants' motions before Judge Hellerstein.  As the Firm explained then, Plaintiff:

> cannot in good faith plead and certainly cannot prove that she worked for the Firm in New York *at all* after March 2013.  That is fatal to her NYSHRL and NYCHRL claims, because the basis of those claims is [Defendant Ian W.] Siminoff's alleged harassment, which, according to the Complaint and the addendum to Plaintiff's EEOC charge, did not begin until 2014.  (Compl. ¶26; Ex. A to Gousman Decl., Doc. 29.) Specifically:
>
> - Plaintiff alleges she 'frequently worked in [the Firm's] New York City office as a paralegal' until 'June 2017.'  (Pl.'s Decl. ¶3.)
>
>   ○ In fact, Plaintiff's last day as a paralegal with the Firm was August 16, **2013**.  That was also the last day Plaintiff submitted timesheets, which the Firm uses to bill clients for the performance of paralegal duties. (Paradise Decl., Doc. 30, ¶¶4, 6.)
>
>   ○ Thereafter, Plaintiff was an LAA, i.e., a legal secretary assigned exclusively to support attorneys first in the Firm's Roseland, New Jersey office, and later in its Morristown, New Jersey office.  (Compl. ¶22; Paradise Decl. ¶¶4, 5 & Exs. A, B.)
>
> - Plaintiff alleges that when she worked in the in the Firm's New York City office, 'Initially I worked in the Fox office on Fifth Avenue, which had been the office of Grotta, Glassman &

---

[2] In opposition to both Defendants' motions to dismiss or transfer before Judge Hellerstein in the Southern District of New York, Plaintiff submitted an identical Declaration, which she failed to sign. (Docs. 23-4 and 24-4.) When the Firm pointed out to Plaintiff that she had failed to sign her Declaration, she filed an otherwise identical signed one (Doc. 25-2, cited herein as "Pl.'s Decl.").

8

> > Hoffman prior to its merger with Fox. Then I worked in Fox's office at Madison Avenue and 54th Street.' (Pl.'s Decl. ¶5.)
>
> > - The Firm has not had a Fifth Avenue location since January 2007. (Paradise Decl. ¶11.)
> >
> > - The Firm never had a location at Madison Avenue and 54th Street; it closed its office at Madison Avenue and 37th Street in June 2007. (*Id.*)
>
> - Plaintiff alleges that '[d]uring the period 2010 to 2017, while I was working in the New York City office, Siminoff also worked there numerous times defending or taking depositions.' (Pl's Decl. ¶14.)
>
> > - In fact, Plaintiff's expense records show she incurred no New York-related travel expenses – or any travel expenses – after March 2013. (Paradise Decl. ¶8 & Ex. C.)
>
> Thus, it cannot be genuinely disputed that Plaintiff never worked for the Firm in New York during the relevant period – between 2014 and the termination of Plaintiff's employment with the Firm on June 21, 2017. And because Plaintiff admits she was never a New York resident, *see* Pl.'s Decl. ¶4 (during the period November 2006 to June 2017 'I lived in Maplewood, New Jersey'); Compl. ¶12 (Plaintiff 'is an adult individual residing in the State of California'), any alleged harassment 'had an impact' on Plaintiff exclusively in New Jersey, not in New York. Plaintiff accordingly cannot state valid claims under the NYSHRL or NYCHRL, let alone prevail on them. *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 289-92, 907 N.Y.S.2d 145, 147-48, 933 N.E.2d 744, 746-48 (2010).

(Firm's S.D.N.Y. Reply Br., Doc. 28, at 8-9; ECF citations added.)

In ordering Plaintiff's action transferred from the S.D.N.Y. to this Court, Judge Hellerstein rejected the allegations of Plaintiff's Declaration, noting for example that:

9

FP 38488300.6

- Plaintiff's "vague and conclusory" Declaration is "contradicted by the documentary evidence";

- Plaintiff's allegations are "unmoored from any specific time or details";

- Plaintiff is attempting to "blur the timeline to gain a foothold in this district";

- Plaintiff is trying to "transmogrify the claims of harassment in the complaint that specifically identify times and places (all New Jersey) of the incidents";

- "[T]he first address [Plaintiff] identifies on 'Fifth' is the address of Fox Rothschild's predecessor (which closed in 2007)"; and

- "[T]he second address at 'Madison and 54th' appears not to belong to Fox Rothschild at all."

(Transfer Order at 3-4 n.1; *see* Firm's Moving Br. at 6 for full quotation.)

Plaintiff knows perfectly well that there is nothing connecting this case to New York: that she hasn't worked there since 2013, and that Siminoff's purported conduct, which forms the basis of her New York claims, according to her own Complaint began only in 2014. (Compl. ¶26; *see* Transfer Order at 3 & n.1.) Plaintiff's demonstrably false allegations to the contrary are therefore made in bad faith. "Bad faith includes claims ... in which the allegations are false, constituting a fraud and a willful imposition on the dignity of the court." *Fresno Unified Sch. Dist. v. K.U.*, 980 F. Supp. 2d 1160, 1178 (E.D. Cal. 2013). Therefore, "courts have denied leave to amend where the plaintiff makes allegations that are contrary to facts of which he has ***personal knowledge*** or are ***verifiably false***." *Blagman v. Apple, Inc.*, 307 F.R.D. 107, 112 (S.D.N.Y. 2015) (emphasis added). Plaintiff has personal

10

knowledge of the falsehoods in her Declaration, which are, as shown above, verifiably false. Plaintiff's "new allegations," in sum, "are fanciful and utterly without any plausible factual basis"; Plaintiff, accordingly, "could only be pursuing them in bad faith and with a malicious intent." *Ashley v. Payne*, No. 20-00203, 2020 WL 2502250, at *2 (E.D. Ark. Apr. 15, 2020), *adopted*, 2020 WL 2500130 (E.D. Ark. May 14, 2020).

Plaintiff's bad faith alone justifies denial of leave for her to amend her attempt to state NYSHRL and NYCHRL claims. *See, e.g., Rowland Global LLC v. Good Clean Love, Inc.*, No. 15-5738, 2016 WL 11325769, at *2 n.4 (D.N.J. Dec. 15, 2016) (denying leave to file amended complaint where "Plaintiff is acting in bad faith by making false allegations in the Proposed Amended Complaint"; the facts and theories are "false and preposterous and amount to nothing short of efforts to extort a settlement from [Defendant]").

### C. Plaintiff's Proposed Amendment to the NYSHRL and NYCHRL Claims Would Also Be Futile.

In her Declaration, Plaintiff alleges that she "frequently worked in [the Firm's] New York City office ... from November 2006 to June 2017"; that "[d]uring that time, Siminoff also would work in the New York City office and relentlessly sexually harass me by phone and text message"; and that "[d]uring the period 2010 to 2017, while I was working in the New York City office Siminoff also worked there numerous times defending or taking depositions." (Pl.'s Decl. ¶¶ 3, 8, 15.)

11

Missing from Plaintiff's Declaration, as from her Complaint, is any allegation that she experienced the impact of the alleged sexual harassment *in New York*, which is what the factual allegations of her Complaint must show in order for her to state a claim under the NYSHRL and NYCHRL. Defendant Siminoff is therefore quite correct to observe that even if the false allegations of Plaintiff's Declaration were true, they would be "insufficient to salvage her claims because [c]ourts have consistently held that a nonresident occasionally traveling to work in New York is not sufficient to find that the discriminatory conduct had an 'impact' in New York." (Siminoff's Reply Br., Doc. 52, at 6-7; citing cases.)

To illustrate from the leading case, *Hoffman v. Parade Publications*, *supra*, the plaintiff there, who did *not* work in New York State or City, "would participate in weekly telephone conferences with Parade's New York [City] office, would attend quarterly meetings in the New York office, and from 'time to time' would travel to the New York office to discuss projects and other assignments"; "all of [plaintiff's] work was monitored by his superiors in the New York office"; "[h]is budget was created in the New York office"; "all marketing and public relations activities were centered in New York"; and "all corporate contracts were negotiated through Parade's New York headquarters." *Hoffman v. Parade Publ'ns*, Index No. 0115851/2007, 2008 WL 2713577 (Sup. Ct. N.Y. Cty. July 2, 2008), *rev'd*, 65 A.D.3d 48, 878 N.Y.S.2d 320 (1st Dep't 2009), *rev'd*, 15 N.Y.3d 285, 907 N.Y.S.2d

12

145, 933 N.E.2d 744 (2010). In addition, "the decision to discharge [plaintiff] was made and communicated to him from the New York City office." *Hoffman*, 15 N.Y.3d at 293, 907 N.Y.S.2d at 149, 933 N.E.2d at 748 (Jones, J., dissenting).

All this demonstrated, "at most, tangential contacts with the city," *id.*, 15 N.Y.3d at 291, 907 N.Y.S.2d at 148, 933 N.E.2d at 747, and was insufficient under the NYSHRL and NYCHRL:

> According to the complaint, [plaintiff] Hoffman was neither a resident of, nor employed in, the City or State of New York. Nor does Hoffman state a claim that the alleged discriminatory conduct had any impact in either of those locations. At most, Hoffman pleaded that his employment had a tangential connection to the city and state. Therefore, Supreme Court properly dismissed Hoffman's age discrimination claims....

*Id.*, 15 N.Y.3d at 292, 907 N.Y.S.2d at 149, 933 N.E.2d at 748; *see also, e.g., Turner v. Sheppard Grain Enters., LLC*, 68 Misc.3d 385, ___ N.Y.S.3d ___, 2020 WL 3422661, at *3 (Sup. Ct. N.Y. Cty. June 23, 2020) ("The fact that plaintiff had a few meetings in New York City, had interactions with supervisors in New York City and that he was fired by an employee (Mr. Chong) based in New York City is not enough to satisfy the impact requirement"); *Fried v. LVI Servs., Inc.*, 500 F. App'x 39, 42 (2d Cir. 2012) (that plaintiff "frequently communicated with [defendant] LVI's New York headquarters and attended meetings in New York City regarding local projects, and [that the] decision to reassign his work duties was made in New York" is "insufficient to satisfy the impact requirement"); *Amaya v. Ballyshear LLC*, 340 F.

13

Supp. 3d 215, 222 (E.D.N.Y. 2018) ("The location of employment-related meetings does not adequately impact the terms and conditions of employment within New York City, regardless of the number of meetings or whether any employment-related decisions were rendered").

Thus, even if Plaintiff amended her Complaint as she suggests, she would still fail to state a claim under the NYSHRL and NYCHRL.  In other words, Plaintiff's proposed amendment would be futile.  For that reason, too, her request to amend should be denied.

### D. Plaintiff's IIED Claim (Count VII) Is Anything but "Viable."

As discussed above, at page 4 of her opposition brief Plaintiff says she "will withdraw her IIED and negligence claims against Defendant Fox."  This contradicts what Plaintiff says on page 3, where she has a point heading, "Ms. Jones's New York Tort Law Claim (Count VII) is Viable," and asks the Court to "grant her leave to file an Amended Complaint demonstrating that she suffered injury in New York."  There is nary a hint of what that injury was or when it occurred, but we know it did not occur after June 21, 2017, the day Plaintiff's Complaint alleges her employment with the Firm ended.  Since, as discussed above, New York has a one-year statute of limitations on IIED claims, and since Plaintiff did not file her Complaint until December 18, 2019, we also know that any possible IIED claim is time-barred, even

if, as Plaintiff vaguely asserts, "she suffered injury in New York." Plaintiff's IIED claim is not viable, but dead on arrival. She should be denied leave to amend it.

## CONCLUSION

Plaintiff does not oppose dismissal of the defective Counts of her Complaint, and her request for leave to amend should be denied as futile and as made in bad faith. Counts II through IV and VI through VIII of Plaintiff's Complaint should accordingly be dismissed under Rule 12(b)(6), for failure to state a claim upon which relief can be granted, with prejudice and without leave to replead.

    Respectfully submitted,

    FISHER & PHILLIPS LLP
    Attorneys for Defendant
    Fox Rothschild LLP

By: *s/Rosemary S. Gousman*
    ROSEMARY S. GOUSMAN
    For Fisher & Phillips LLP

Dated: September 1, 2020