**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE JONES,<br><br>           Plaintiff,<br><br>v.<br><br>FOX ROTHSCHILD LLP and IAN W. SIMINOFF,<br><br>           Defendants. | Civil Action No: 20-6312(SDW)(LDW)<br><br>**OPINION**<br><br><br>October 21, 2020 |

**WIGENTON**, District Judge.

Before this Court are Defendant Fox Rothschild LLP ("Fox") and Defendant Ian W. Siminoff's ("Siminoff") Motions to Dismiss Plaintiff Stephanie Jones' ("Plaintiff" or "Jones") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motions to Dismiss are **GRANTED**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

At all relevant times, Plaintiff, a California resident, worked in Fox's Morristown, New Jersey office (the "New Jersey Office") as a Legal Administrative Assistant. (D.E. 2 ¶¶ 12, 17-22.) Fox is a Pennsylvania based limited liability partnership with offices in Pennsylvania, New Jersey and New York. (*Id.* ¶¶ 13-14.) Siminoff was an attorney working in Fox's New Jersey Office in the Labor & Employment department. (*Id.* ¶¶ 15-16, 20.) Plaintiff first began working

with Siminoff in 2007, and found him "difficult and demanding" to work with. (*Id.* ¶¶ 19-21.) Beginning in 2014, however, Plaintiff alleges that Siminoff began engaging in inappropriate sexual discussions, sending her sexually explicit text messages, and forcibly touching her breasts and genitals. (*Id.* ¶¶ 26-41.) All of these incidents took place in New Jersey, with the exception of some of the text messages which Siminoff allegedly sent from New York, but which Plaintiff received in New Jersey. Plaintiff's complaints to the Office Administrator at the New Jersey Office, Elli Albert ("Albert"), were rebuffed and Albert told Plaintiff "that if she was unhappy at Fox, she should look for another job." (*Id.* ¶¶ 25-27.)[1] Defendant was terminated from her employment on June 21, 2017. (*Id.* ¶ 12.)

On December 19, 2019, Plaintiff filed suit in the United States District Court for the Southern District of New York ("SDNY") alleging that defendants discriminated against her on the basis of her sex in violation of her rights under federal, state, and city law. (D.E. 2.) On May 18, 2020, the case was transferred to this District upon a finding that venue was improper because the "dispute has no significant ties to" the SDNY. (D.E. 36 at 1.) The claims currently before this Court are: violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Count One); violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. §§ 290-301 (Count Two); violation of the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-101–8-131 (Count Three); violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10-5:1 *et seq.* (Counts Four and Five); assault & battery (Count Six against Siminoff only)[2]; negligent infliction of emotional distress ("NIED") (Count

---

[1] Albert allegedly also failed to properly investigate Plaintiff's sexual harassment claims against another attorney, Michael Barabader. (*Id.* ¶ 42-45.) Barabader is not a party to this suit.

[2] Beginning with Count Six, the counts of the Complaint are mis-numbered, because two claims were labeled as Count Five. This Court identifies the counts in their proper order.

Seven); intentional infliction of emotional distress ("IIED") (Count Eight); and negligent supervision and retention (Count Nine against Fox only). (D.E. 2 at 15-20.) Defendants moved to dismiss and all briefing on the motions were timely filed. (D.E. 42-44, 49, 50, 52, 53.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the

complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III.   DISCUSSION

#### A. Claims Against Fox

Fox does not seek to dismiss Count One of the Complaint for violations of Title VII. Further, Plaintiff has agreed to voluntarily withdraw "her IIED and negligence claims" against this defendant (Counts Seven, Eight, and Nine). (D.E. 49 at 4.) Therefore, this Opinion addresses only the viability of the remaining three claims pending against Fox.[3]

##### 1. *Counts Two & Three: NYSHRL and NYCHRL*

Plaintiff first seeks to hold Fox liable under the New York State and City human rights statutes which permit plaintiffs to sue for discrimination on the basis of "race, color, religion, sex, or national origin." *Farmer v. Shake Shack Enter., LLC*, Civ. No. 19-9425, 2020 WL 4194860, at *6 (S.D.N.Y. July 21, 2020) (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015)).[4] A party seeking to raise claims under the NYSHRL or NYCHRL must "plead and prove" that a defendant's allegedly wrongful conduct "had an impact" on them in New York State and New York City, respectively. *See Hoffman v. Parade Publ'ns*, 933 N.E.2d 744, 746-48,

---

[3] As an initial matter, this Court will not consider Plaintiff's declaration filed in response to Defendants' motions to dismiss/transfer venue in the SDNY. (*See* D.E. 23.) Generally a court may only consider the contents of the complaint on a 12(b)(6) motion to dismiss, and although the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion" to one for summary judgment, *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir. 1999) that material is limited to documents "*integral to or explicitly relied* upon in the complaint," *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted, emphasis in original); *see also In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017), or matters of public record, *Chugh v. W. Inventory Servs., Inc.*, 333 F. Supp. 285, 289 (D.N.J. 2004). Because Plaintiff's declaration is not referenced in the Complaint (and, in some instances, directly contradicts the documentary evidence, (*see* D.E. 36 at 3 n.1)), nor is it a matter of public record, it will not be considered.

[4] The NYSHRL and NYCHRL use the same analytic framework, but the NYCHRL "contains, as to some elements, more liberal pleading and proof standards." *Farmer*, 2020 WL 4194860 at *8; *see also Deveaux v. Skechers USA, Inc.*, Civ. No. 19-9734, 2020 WL 1812741, at *5 (S.D.N.Y. Apr. 9, 2020.)

4

746 (N.Y. 2010) (rejecting claims of a non-resident plaintiff who worked outside of and had only a "tangential connection to" New York); *Germano v. Cornell Univ.*, Civ. No. 03-9766, 2005 WL 2030355, at *5 (S.D.N.Y. Aug. 17, 2005) (dismissing NYCHRL claim where plaintiff "felt the impact of [the alleged] discrimination" outside of the City of New York); *Salvatore v. KLM Royal Dutch Airlines*, Civ. No. 98-2450, 1999 WL 796172, at *17 (S.D.N.Y. Sept. 30, 1999) (dismissing NYCHRL claims where "remarks and conduct may have originated within the boundaries of New York City" but where plaintiffs "failed to allege that the whole or substantial part of the discrimination occurred in" the City and "the impact of the conduct . . was felt on their employment" outside of the City); *Benham v. eCommission Solutions, LLC*, 118 A.D.3d 605, 606 (N.Y. Sup. Ct. 1st Dep't 2014) (rejecting plaintiff's claim where "the alleged conduct occurred while plaintiff was physically situated outside of New York, none of her concrete allegations of harassing behavior or other discriminatory conduct had the 'impact' on plaintiff in New York required to support claims under the State and City HRL").

Plaintiff is not a resident of New York State or New York City. Further, she worked in Fox's New Jersey Office, and all of the allegedly wrongful conduct occurred in New Jersey. The fact that Siminoff may have sent her texts while he was in New York is insufficient to create the connection to New York required by the State and City's respective human rights laws. Therefore, Counts Two and Three of the Complaint will be dismissed.

    2. *Count Four: NJLAD*

"The statute of limitations for claims arising under the [NJLAD] is two years." *Shepherd v. Hunterdon Dev. Ctr.*, 803 A.2d 611, 621 (N.J. 2002); *Montells v. Haynes*, 627 A.2d 654, 655 (N.J. 1993); N.J.S.A. 2A:14-2 (providing that "every action at law for an injury to the person caused by a wrongful act, neglect or default of any person within this State shall be commenced

5

within two years next after the cause of any such action shall have accrued"). Plaintiff's employment with Fox ended on June 21, 2017, and she alleges no improper conduct after that time. Her Complaint, however, was not filed until December 18, 2019. Consequently, Plaintiff's NJLAD claim is time-barred and will be dismissed with prejudice.[5]

### B. Claims Against Siminoff

For the reasons stated above, Plaintiff's NYSHRL (Count Two), NYCHRL (Count Three), and NJLAD (Count Five) claims against Siminoff will also be dismissed. Plaintiff has voluntarily withdrawn her NIED claim against Siminoff (Count Seven). (*See* D.E. 50 at 5.)

#### 1. *Count One: Title VII*

Under Title VII, employers are prohibited from discharging or otherwise discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment, based on their membership in a protected class. 42 U.S.C. § 2000e-2(a). However, "Third Circuit jurisprudence is clear that individual employees, including supervisors, are not subject to liability under" the statute. *Rich v. New Jersey,* Civ. No. 14-2075, 2015 WL 2226029, at *10 (D.N.J. May 12, 2015); *see also Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (stating that "Congress did not intend to hold individuals liable under Title VII"). Siminoff was, at all relevant times, an employee of Fox and, as a result, is immune from liability under Title VII. Count One of the Complaint must be dismissed with prejudice.

#### 2. *Counts Six & Eight (Assault & Battery, IIED)*

Under New Jersey law, claims for intentional torts including assault & battery and IIED are subject to a two-year statute of limitations. *See* N.J.S.A. 2A: 14-2(a); *Kachur v. WMC Mortg*

---

[5] There is no merit to Plaintiff's argument that the statute of limitations under N.J.S.A. 2A:14-2 has been expanded from two to seven years for NJLAD claims. (*See* D.E. 49 at 3-4.)

*Corp.*, Civ. No. 18-15111, 2019 WL 3814719, at *4 (D.N.J. Aug. 14, 2019) (applying a two-year statute of limitations to claim of IIED); *Long v. Robinson*, Civ. No. 00-3369, 2001 WL 36647349, at *6 (D.N.J. Dec. 18, 2001) (applying two-year statute of limitations to a claim for assault). Under New York law, claims for these torts must be brought within one year from the date of accrual. *See* N.Y.C.P.L.R. § 215(3); *Ashjari v. Nynex Corp.*, 182 F.3d 898 (2d Cir. 1999) (applying one-year statute of limitations to claim for assault & battery); *Neufeld v. Neufeld*, 910 F. Supp. 977, 981 (S.D.N.Y. 1996) (recognizing that claims for IIED are subject to a one-year limitations period). Plaintiff's Complaint does not allege any wrongful conduct after her termination in June 2017. Thus, under either state's law, Plaintiff's claims, brought in December 2019, are time-barred. Counts Six and Eight will be dismissed with prejudice.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**. Plaintiff shall have thirty (30) days within which to file an amended complaint.[6] An appropriate order follows.

          /s/ Susan D. Wigenton
      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Leda D. Wettre, U.S.M.J.
              Parties

---

[6] Plaintiff informally requests leave to amend in her opposition papers to both motions. (*See generally* D.E. 49, 50 (citing Rule 15(a) providing that leave to amend should be "freely given when justice so requires").) Plaintiff's request is denied as to Counts Four through Nine which have been dismissed with prejudice. Leave to amend is granted only as to Counts One (as to Fox only), Two and Three.