UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------x
                                                      )
STEPHANIE JONES,                      )
                                                      )
      Plaintiff,                          )      Case No. 2:20-cv-06312-SDW-LDW
                                                      )
v.                                                      )
                                                      )
FOX ROTHSCHILD LLP and       )
IAN W. SIMINOFF,                  )
                                                     )
     Defendants.                     )
---------------------------------------------------------x

## DEFENDANT IAN W. SIMINOFF'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

## TABLE OF CONTENTS

Preliminary Statement ............................................................................................... 1

ARGUMENT ............................................................................................................. 2

    Point I:     Legal Standard........................................................................... 2

    Point II:    The Motion Should Be Denied With Respect To The
                  Tort Claims ............................................................................... 3

                 a.    Plaintiff Did Not Argue In The Opposition That
                      § 2A:14-2a Or § 2A:14-2b Apply To The Tort Claims
                      And Is Barred From Making The Argument Now .................... 4

                 b.    Plaintiff Conceded That The Tort Claims Are Preempted
                      By The NJLAD .............................................................. 5

                 c.    The Court's Holding That The Tort Claims are
                      Time-Barred Is Not A Clear Error Of Law ............................. 7

    Point III:   The Motion Should Be Denied With Respect To The NJLAD ......... 8

                 a.    Plaintiff Argument That § 2A:14-2a And
                      § 2A:14-2b Apply The NJLAD Was Already
                      Considered, And Rejected, By The Court ............................. 8

                 b.    Dismissal Of The NJLAD Claim Is Not A
                      A Clear Error Nor Was It Manifestly Unjust ........................ 10

CONCLUSION.................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases:**                                                                                                              **Page(s):**

Alexander v. Seton Hall Univ.,
204 N.J. 219 (2010) ............................................................................................... 11

Andreyko v. Sunrise Sr. Living, Inc.,
  993 F. Supp. 2d 475 (D.N.J. 2014) ............................................................... 3

Arevalo v. Brighton Gardens,
  2016 U.S. Dist. LEXIS 126261 (D.N.J. Sept. 16, 2016) ................................. 7

Avraham v. Golden,
  2020 U.S. Dist. LEXIS 80851 (D.N.J. May 7, 2020)) ....................................... 8

Blystone v. Horn,
  664 F.3d 397 (3d Cir. 2011) ............................................................................ 2

Bowers v. Nat'l Collegiate Athletic Ass'n,
130 F. Supp. 2d 610 (D.N.J. 2001) .................................................................... 4

Bull v. Target Corp.,
2015 U.S. Dist. LEXIS 33171 (D.N.J. Mar. 17, 2015) ........................................ 7

Castellane-Jaconetta v. Fornoro,
2020 U.S. Dist. LEXIS 49591,fn. 7 (D.N.J. March 23, 2020) ........................... 10

Cty. of Essex v. Aetna, Inc.,
2019 U.S. Dist. LEXIS 138588 (D.N.J. August 15, 2019).............................. 5, 9

Dimare v. Metlife Ins. Co.,
  2008 U.S. Dist. LEXIS 43093 (D.N.J. May 30, 2008) ..................................... 6

Exel v. Govan,
  2016 U.S. Dist. LEXIS 151147 (D.N.J. Nov. 1, 2016)...................................... 9

Facteon, Inc. v. Comp Care Partners, LLC,
  2015 U.S. Dist. LEXIS 15159 (D.N.J. Feb. 9, 2015) ................................... 2, 8

Gaines v. United Parcel Serv., Inc.,
  2014 U.S. Dist. LEXIS 51413 (D.N.J. Apr. 14, 2014) ..................................... 6

Henry v. N.J. Dep't of Human Servs.,
   204 N.J. 320 (2010) .................................................................................. 11

In re Rosa
   2020 Bankr. LEXIS 1136 (Bankr. D.N.J. April 23, 2020) ................................ 10

Kairawala v. GE Aviation,
   2009 U.S. Dist. LEXIS 57679 (D.N.J. July 7, 2009) ........................................ 6

Lazaridis v. Wehmer,
   591 F.3d 666 (3d Cir. 2010) ....................................................................... 2

Liebman v. City of Newark,
   2020 U.S. Dist. LEXIS 176940 (D. N.J. September 25, 2020)  .................... 3, 8

Love v. City of New Brunswick,
   2019 U.S. Dist. LEXIS 120343 (D. N.J. July 10, 2019) ................................. 12

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,
   176 F.3d 669 (3d Cir. 1999) ................................................................... 2, 3

Mitchell v. Tip. of Willingboro Municipality Gov't,
   913 F. Supp. 2d 62 (D.N.J. 2012) ..................................................... 2, 4, 10

Montells v. Haynes,
   133 N.J. 282 (1993) ............................................................................. 9, 10

NL Indus., Inc. v. Commercial Union Ins. Co.,
   935 F. Supp. 513 (D.N.J. 1996) .................................................................. 4

O'Neal v. Middletown Twp.,
   2019 U.S. Dist. LEXIS 59 (D.N.J. Jan. 2, 2019) ............................................. 6

Quarles v. Lowe's Home Ctrs.,
   2006 U.S. Dist. LEXIS 97336 (D.N.J. March 31, 2006) .................................. 6

Roa v. Roa,
   200 N.J. 555 (2010) .................................................................................. 11

Rodriguez v. Raymours Furniture Co.,
   225 N.J. 343 (2016) .................................................................................. 11

Shanahan v. Diocese of Camden,
   2014 U.S. Dist. LEXIS 37994 (D.N.J. Mar. 21, 2014) ..................................... 4

Shepherd v. Hunterdon Dev. Ctr.,
   803 A.2d 611 (N.J. 2002) ................................................................ 9, 11

Tehan v. Disability Mgmt. Servs., Inc.,
   111 F. Supp. 2d 542 (D.N.J. 2000) ............................................................ 8

Theodore v. Newark Dep't of Health & Cmty. Wellness,
   2020 U.S. Dist. LEXIS 51340(D.N.J. Mar. 25, 2020) ..................................... 10

Tischio v. Bontex, Inc.,
   16 F. Supp. 2d 511 (D.N.J. 1998 ......................................................... 2, 9

Toscano v. Borough of Lavallette,
   2006 U.S. Dist. LEXIS 48653 (D.N.J. June 30, 2006) ..................................... 6

U.S. v. Compaction Sys. Corp.,
   88 F. Supp. 2d 339 (D.N.J. 1999) ............................................................ 8

Valentine v. Bank of Am.,
   2010 U.S. Dist. LEXIS 8546 (D.N.J. Feb. 1, 2010) ......................................... 7

Venkataram v. Office of Info. Policy,
   2013 U.S. Dist. LEXIS 148547 (D.N.J. Oct. 16, 2013) .................................... 5

Vitale v. Schering-Plough Corp.,
   231 N.J. 234 (2017) ........................................................................ 11

13 Hollister v. U.S. Postal Serv.,
   142 F. App'x 576 (3d Cir. 2005) ............................................................ 6

**Statutes:**

N.J. Stat. Ann. 2A:14-2 ............................................................................ 11

Defendant Ian W. Siminoff ("Defendant" or "Mr. Siminoff") submits this Memorandum of Law in opposition of Plaintiff's Motion for Reconsideration (the "Motion") of the Court's Order, dated October 21, 2020 (Dkt. 55) (the "Order") granting Defendant Siminoff's Motion to Dismiss (Dkt. 44) (the "Motion to Dismiss").

### Preliminary Statement

In its Order, the Court clearly rejected Plaintiff's argument that her claims for assault, battery, and intentional infliction of emotional distress ("IIED" and, with her claims for assault and battery, the "Tort Claims"), as well as her claim under the New Jersey Law of Discrimination ("NJLAD") are timely. Now, Plaintiff has the audacity to move for reconsideration, raising arguments for the first time in her motion and trying to resurrect arguments which she clearly waived. Her efforts are unavailing, and the Motion should be denied.

First, Plaintiff's argument that her Tort Claims are timely under New Jersey law must be denied because Plaintiff has waived any argument with respect to those claims. Specifically, Plaintiff did not argue that New Jersey Statute § 2A:14-2a ("§ 2A:14-2a") or § 2A:14-2b ("§ 2A:14-2b") applied to the Tort Claims in her Opposition to the Motion to Dismiss (Dkt. 50) (the "Opposition") and is barred from making this argument now. Moreover, Plaintiff conceded that her Tort Claims are preempted by the NJLAD and cannot resurrect these claims in this Motion.

Second, Plaintiff's argument that § 2A:14-2a and § 2A:14-2b applies to her NJLAD claim was already considered by the Court and, therefore, is inappropriately raised in a motion for reconsideration. Moreover, dismissal of the

NJLAD claim was not a clear error or manifestly unjust because it is well-established that the NJLAD has a two-year statute of limitations as the Court correctly ruled in its opinion.

## ARGUMENT

### I. Legal Standard

"The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly." Mitchell v. Tip. of Willingboro Municipality Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) (quotation and citation omitted). "The scope of a motion for reconsideration . . . is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); see Facteon, Inc. v. Comp Care Partners, LLC, Civ. No. 13-6765, 2015 U.S. Dist. LEXIS 15159, at *2 (D.N.J. Feb. 9, 2015) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (citation omitted); Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) ("A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.") (citation omitted).

Given this high standard, a motion for reconsideration is successful only where the moving party demonstrates either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Liebman v. City of Newark, No: 16-1110-SDW-LDW, 2020 U.S. Dist. LEXIS 176940, *2-3 (D. N.J. September 25, 2020) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). The burden is on the moving party to demonstrate the existence of clear error or manifest injustice. Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

Here, Plaintiff argues only the third prong, stating that the "Court made a clear error of law." See Motion, Dkt. 56, at 3. Her arguments fail, and the Motion should be denied.

## II.    The Motion Should Be Denied With Respect To The Tort Claims

First, the Court should not even consider the Motion with respect to the Tort Claims because Plaintiff is raising arguments previously available to her for the first time in the Motion. Moreover, she has already conceded that the Tort Claims are preempted by her NJLAD claim, and so whether they are timely is, frankly, irrelevant.  However, even if the Court does consider the Motion with respect to the Tort Claims, the Court did not commit a "clear error of law" in finding that the Tort Claims are untimely. Therefore, the Motion should be denied.

        **a.    Plaintiff Did Not Argue In The Opposition That § 2A:14-2a Or § 2A:14-2b Apply To The Tort Claims And Is Barred From Making The Argument Now**

It is settled law that a moving party cannot raise arguments for the first time in a motion for reconsideration where those arguments were previously available to her. See NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment."); see also Shanahan v. Diocese of Camden, No. 12-2898 (NLH/KMW) 2014 U.S. Dist. LEXIS 37994 at *5-6 (D.N.J. Mar. 21, 2014) ("'Not only are … motions [for reconsideration] not a substitute for the appellate process, such motions are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers.'") (quoting Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)); Mitchell v. Tip. of Willingboro Municipality Gov't, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2012) (requiring plaintiff show that "controlling decisions of law were brought to the court's attention but not considered") (internal citations omitted). Therefore, Plaintiff's request in the Motion that the Court reconsider its dismissal of the Tort Claims due to the application of § 2A:14-2a or § 2A:14-2b must be denied because Plaintiff did not make this argument in the Opposition.

Indeed, Plaintiff did not even contest that the Tort Claims were untimely under New Jersey law in the Opposition. Instead, she relied solely on the argument that **New York's** statute of limitations for personal injury torts applied to

4

the claims. See Opp., Dkt. 50, at 4 ("New York's three-year statute of limitations for tort claims applies to her claims for intentional infliction of emotional distress (Count VII) and civil assault and battery (Count V) because those claims arose in New York"). Nowhere in the Opposition did Plaintiff argue that § 2A:14-2a or § 2A:14-2b applied to her claims such that they were timely under **New Jersey** law. See id.

Plaintiff's argument that her Tort Claims are timely under New Jersey law (specifically, under § 2A:14-2a/§ 2A:14-2b) is, therefore, improperly being raised for the first time in a motion to reconsider, and her request for reconsideration must be denied. See, e.g., Cty. of Essex v. Aetna, Inc., No. 17-13663 (SDW) (CLW), 2019 U.S. Dist. LEXIS 138588, *3 (D.N.J. August 15, 2019) (denying motion to reconsider stating that "new arguments" and "re-assert[ed] arguments previously raised and considered" are not "permissible"); see also Venkataram v. Office of Info. Policy, Civ. No. 09-6520, 2013 U.S. Dist. LEXIS 148547, at *6 (D.N.J. Oct. 16, 2013) (declining to "consider new arguments upon a motion for reconsideration").

### b. Plaintiff Conceded That The Tort Claims Are Preempted By The NJLAD

The Motion should also be denied because Plaintiff has conceded that the Tort Claims are preempted by the NJLAD and any reconsideration of the applicability of § 2A:14-2a or § 2A:14-2b would have no bearing on dismissal of those claims. In the Motion to Dismiss, Mr. Siminoff argued that the Tort Claims were not only untimely, but also that they are preempted by the NJLAD. See Motion to Dismiss, Dkt. 44, at 15-18. In the Opposition, Plaintiff did not address this preemption argument and, therefore, conceded the point. See O'Neal v. Middletown

5

Twp., No. 3:18-cv-5269-BRM-LHG, 2019 U.S. Dist. LEXIS 59, at *9 (D.N.J. Jan. 2, 2019) ("Plaintiffs fail to present any substantive argument in opposition to Defendants' argument, and therefore, have conceded the point."); see also 13 Hollister v. U.S. Postal Serv., 142 F. App'x 576, 577 (3d Cir. 2005) (noting that a party's failure to oppose an argument raised in a motion to dismiss constitutes waiver of the same).

Therefore, even if the Court grants the Motion, the Tort Claims still would be dismissed as preempted by NJLAD. See, e.g., Gaines v. United Parcel Serv., Inc., No. 13-3709, 2014 U.S. Dist. LEXIS 51413, at *22-24 (D.N.J. Apr. 14, 2014) (dismissing common law claims arising from plaintiff's termination of employment, because they were subsumed by the NJLAD and were based on the same operative facts underlying the NJLAD claims); Kairawala v. GE Aviation, No. 09-0398, 2009 U.S. Dist. LEXIS 57679, at *3, 8 (D.N.J. July 7, 2009) (finding that the plaintiff's IIED claim arising from alleged discrimination was preempted by the NJLAD); Dimare v. Metlife Ins. Co., No. 07-4268, 2008 U.S. Dist. LEXIS 43093, at *11-12 (D.N.J. May 30, 2008) (holding that an IIED claim was preempted where the plaintiff sought "to be compensated for the same wrongs alleged . . . under the NJLAD"); Toscano v. Borough of Lavallette, No. 04-4412, 2006 U.S. Dist. LEXIS 48653, at *28 (D.N.J. June 30, 2006) ("A supplementary cause of action is not allowed when the NJLAD provides a remedy for the wrong"); Quarles v. Lowe's Home Ctrs., No. 04-5746, 2006 U.S. Dist. LEXIS 97336, at *4 (D.N.J. March 31, 2006) (dismissing plaintiff's claim for IIED because it was "based on the same

6

allegations supporting [p]laintiff's NJLAD claim"); see also Arevalo v. Brighton Gardens, No. 15-2563, 2016 U.S. Dist. LEXIS 126261, at *22 (D.N.J. Sept. 16, 2016) (denying request for leave to amend the complaint to add common law claims because they were "merely restatements of his NJLAD claims"); Valentine v. Bank of Am., CIV.A. 09-262 (SDW), 2010 U.S. Dist. LEXIS 8546, at *15-16 (D.N.J. Feb. 1, 2010) (denying leave to amend a complaint as futile where "a common law claim of intentional infliction of emotional distress [was] based on the same allegations supporting [p]laintiff's NJLAD claim").[1]

### c. The Court's Holding That The Tort Claims Are Time-Barred Is Not A Clear Error Of Law

Finally, to the extent the Court is willing to consider Plaintiff's argument in regard to § 2A:14-2a and 2A:14-2b's applicability to her Tort Claims—despite the fact that such an argument was never raised in the Opposition and she has already conceded that the claims are preempted—Plaintiff fails to provide the Court with any contrary case law holding that § 2A:14-2a and 2A:14-2b applies to the Tort Claims, and thus, no "clear error" of law could have occurred. Indeed, to date, the case law, including law decided after passage of § 2A:14-2a and 2A:14-2b, is entirely consistent with the Court's holding that such claims remain time-barred. See

---

[1] In fact, New Jersey courts will dismiss common law claims as preempted by the NJLAD claim even where the NJLAD claim is also simultaneously dismissed. See Bull v. Target Corp., No. 14-6838, 2015 U.S. Dist. LEXIS 33171, at *5-6 (D.N.J. Mar. 17, 2015) (dismissing entirety of complaint and stating "[t]he New Jersey Appellate Division has held that the New Jersey State Legislature intended for the NJLAD to encompass all those claims and damages previously available at common law.") (citation omitted).

7

Avraham v. Golden, No: 18-11795 (SDW) (JAD), at *17, *22 2020 U.S. Dist. LEXIS 80851, *17 (D.N.J. May 7, 2020) (holding that the statute of limitations for IIED and assault and battery "in New Jersey is two years" per N.J. Stat. Ann. 2A:14-2(a)).

### III. The Motion Should Be Denied With Respect To The NJLAD

Plaintiff's Motion with respect to the NJLAD is similarly unavailing. Indeed, the very argument raised by Plaintiff in the Motion was already before the Court and was clearly rejected. Because the Order does not evidence a "clear error" of law and was not "manifestly unjust," the Motion should be denied.

#### a. Plaintiff Argument That § 2A:14-2a And § 2A:14-2b Apply To The NJLAD Was Already Considered, And Rejected, By The Court

It is well-established that a Plaintiff cannot use a motion to reconsider to relitigate arguments that were already submitted to the court. "Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should 'be raised through the appellate process.'" Liebman v. City of Newark, No. 16-1110-SDW-LDW, 2020 U.S. Dist. LEXIS 176940, *3 (D. N.J. September 25, 2020) (citing U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999)); see Tehan v. Disability Mgmt. Servs., Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (a motion for reconsideration "will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered"); Facteon, Inc. v. Comp Care Partners, LLC, No. 13-6765, 2015 U.S. Dist. LEXIS 15159, at *2 (D.N.J. Feb.

8

9, 2015) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

In the Opposition, Plaintiff asserted her § 2A:14-2 argument in the section "Ms. Jones's New Jersey Law Against Discrimination Claim is Viable," stating that "the statute of limitations for N.J.S.A. 2A:14-2 has been extended from two (2) years to seven (7) years, and it provides victims of sex crimes a two (2) year look back period to file time-barred claims." See Opp., Dkt. 50, at 4-5. The Court considered the argument and, in reliance on Shepherd v. Hunterdon Dev. Ctr., 803 A.2d 611, 621 (N.J. 2002), Montells v. Haynes, 133 N.J. 282, 286 (1993), and the plain text of § 2A:14-2, disagreed with Plaintiff and ruled that Plaintiff's NJLAD claim was time-barred under the well-established two-year statute of limitations. The Motion, therefore, should be denied. See, e.g., Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (denying motion for reconsideration based on restated argument); Exel v. Govan, Civ. No. 12-4280, 2016 U.S. Dist. LEXIS 151147 (D.N.J. Nov. 1, 2016) (recognizing that "Local Civil Rule 7.1(i) does not allow parties to restate arguments that the court has already considered"); Cty. of Essex v. Aetna, Inc., No. 17-13663 (SDW) (CLW), 2019 U.S. Dist. LEXIS 138588, *3 (D. N.J.

August 15, 2019) (denying motion to reconsider stating that "new arguments" and "re-assert[ed] arguments previously raised and considered" are not "permissible").[2]

### b. Dismissal Of The NJLAD Claim Is Not A Clear Error Nor Was It Manifestly Unjust

To succeed on a motion to reconsider and demonstrate "clear error", the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." Mitchell v. Tip. of Willingboro Municipality Gov't, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2012) (quotation and citation omitted). Here, Plaintiff cites to no controlling decision from the Third Circuit or the District of New Jersey that applies § 2A:14-2a or § 2A:14-2b to NJLAD claims, and certainly none that was brought to the court's attention but not considered. It is also indisputable that courts within this Circuit have consistently held that the NJLAD has a two-year statute of limitations, including in cases decided after the effective date of § 2A:14-2a and § 2A:14-2b. See, e.g., Theodore v. Newark Dep't of Health & Cmty. Wellness, No. 19-CV-17726, 2020 U.S. Dist. LEXIS 51340, at *13 (D.N.J. Mar. 25, 2020) (same); In re Rosa, No. 17-27826 (CMG), 2020 Bankr. LEXIS 1136 (Bankr. D.N.J. April 23, 2020) (NJLAD "is subject to the two-year statute of limitations established under N.J.S.A. 2A:14-2"); see also Castellane-Jaconetta v. Fornoro, 19-13946 (FLW), 2020 U.S. Dist. LEXIS 49591, at

---

[2] Plaintiff also does not offer any evidence that were not previously available to her when she opposed the Motion to Dismiss. Her reliance on her Declaration (Dkt. 56-3) is entirely misplaced as it contains allegations of events from 2016 at the latest and which were known to her when she submitted the Opposition.

10

\*23, fn. 7 (D.N.J. March 23, 2020) (opining that a two-year statute limitation would apply to a NJLAD claim and other tort claims).

In fact, the Supreme Court of New Jersey has consistently ruled since 1993 that the statute of limitations for a NJLAD claim is two years. See Montells v. Haynes, 133 N.J. 282, 286 (1993). Moreover, the applicability of a two year statute of limitations for NJLAD has been confirmed by the Supreme Court several times and as late as 2017. See, e.g., Vitale v. Schering-Plough Corp., 231 N.J. 234, 249 (2017); Rodriguez v. Raymours Furniture Co., 225 N.J. 343, 356-57 (2016); Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 324 (2010); Alexander v. Seton Hall Univ., 204 N.J. 219, 228 (2010); Roa v. Roa, 200 N.J. 555, 566 (2010); Shepherd v. Hunterdon Dev. Ctr., 174 N.J. 1, 17-18 (2002).

However, notwithstanding its reliance on 23 years of precedent, Plaintiff now claims that this Court has made a "clear error" by holding that the statute of limitations for claims under the NJLAD is two years. Indeed, she asks this Court to disregard a statute of limitations, which has been described as "woven" into the fabric of the NJLAD by "[t]he Legislature's more than two-decades-long acceptance of the two-year limitations period established by *Montells*." Rodriguez, 225 N.J. 343, 359-60 (2016) (emphasis in original). Even more perplexing, this supposed error is solely based on brand new legislation *that does not even mention the NJLAD*, (see generally § 2A:14-2a; 2A:14-2b), and Plaintiff does not provide any supporting state or federal case law for her novel claim that the NJLAD has been

11

amended. A motion for reconsideration is not the appropriate avenue for such an outlandish request, and it is obvious that no clear error of law has occurred here.

Because the Court could not have clearly erred where it has ruled in line with other state and federal courts analyzing similar set of facts and law, the Motion should be denied. See, e.g., Love v. City of New Brunswick, No. 16-2586 (FLW) (DEA), 2019 U.S. Dist. LEXIS 120343, *3 (D. N.J. July 10, 2019) (denying motion to reconsider for failure to identify "any legal authority contrary to the Court's prior reasoning").[3]

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's Motion in its entirety.

Dated: November 23, 2020

        PADUANO & WEINTRAUB LLP

        By: *s/ Meredith Cavallaro*
            Meredith Cavallaro

        1251 Avenue of the Americas
        Ninth Floor
        New York, New York 10020

        *Attorneys for Defendant Ian W. Siminoff*

---

[3] The Court's dismissal of the NJLAD claim is not manifestly unjust because Plaintiff may still recovery for any alleged damages from Defendant Fox under her Title VII claim, which was not dismissed by the Court.

12