<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

December 1, 2020

Tyrone Anthony Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 East 80th Street
3rd Floor
Brooklyn, NY 11236
*Counsel for Plaintiff*

Kathleen McLeod Caminiti, Esq.
Rosemary S. Gousman, Esq.
Fisher & Phillips, LLP
430 Mountain Avenue
Murray Hill, NJ 07974
*Counsel for Defendant Fox Rothschild LLP*

Meredith Cavallaro, Esq.
Paduano & Weintraub LLP
1251 Avenue of the Americas
Suite 920
New York, NY 10020
*Counsel for Defendant Ian W. Siminoff*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

Re:     **Jones v. Fox Rothschild LLP et al.**
        **Civil Action No. 20-6312 (SDW) (LDW)**

Counsel:

        Before this Court is Plaintiff's Motion for Reconsideration of this Court's October 21, 2020 Opinion and Order ("October 21st Decision") which granted Defendants Fox Rothschild LLP ("Fox") and Ian W. Siminoff's ("Siminoff") motions to dismiss Plaintiff's Complaint.[1]  (D.E. 54,

---

[1] Plaintiff moves to reconsider only the dismissal of Counts Four (New Jersey Law Against Discrimination ("NJLAD") v. Fox), Five (NJLAD v. Siminoff), Six (assault and battery v. Siminoff), and Eight (intentional infliction of emotional distress v. Siminoff).

55.)   This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion for Reconsideration.

## DISCUSSION

### A.  Standard of Review

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review."  *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015).  A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i).  A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly."  *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000).  Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process."  *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

### B.  The October 21st Decision Is Not Clearly Erroneous or Contrary to Law

The October 21st Decision clearly identified and applied the proper legal standards for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff does not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision, consequently, Plaintiff's motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. (*See* D.E. 56 at 3 (arguing that the Court "made a clear error of law").)   Specifically, Plaintiff argues that this Court erred in finding her NJLAD and common law tort claims were time-barred.  (*See generally* D.E. 56.)  The statutes of limitations issues, however, were clearly addressed in the October 21st Decision.  (*See* D.E. 54 at 5-7)  Therefore, Plaintiff merely encourages this Court to "analyze the same facts and cases it already considered" to come to a different conclusion.  *Tehan v. Disability Mgmt. Servs.*, 11 F. Supp. 2d 542, 549 (D.N.J. 2000). Asking this Court to "rethink" its holding is not an appropriate basis upon which to seek

reconsideration. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).[2]  Accordingly, Plaintiff's motion will be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration of this Court's October 21, 2020 Opinion and Order is **DENIED**.  An appropriate order follows.


_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**


Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.

---

[2] This Court will not consider Plaintiff's argument that her tort claims are timely under New Jersey law, (*see* D.E. 56 at 1, 8-9), because Plaintiff did not raise this argument in her opposition to Defendants' motions to dismiss, asserting instead only that her claims were timely under New York law.  (*See* D.E. 50 at 4.)