## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE JONES,<br><br>          Plaintiff,<br><br>     v.<br><br>FOX ROTHSCHILD LLP and IAN W.<br>SIMINOFF,<br><br>          Defendants. | Case No. 2:20-cv-06312-SDW-LDW |

---

## BRIEF OF DEFENDANT FOX ROTHSCHILD LLP IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

---

FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
(908) 516-1050 (phone)
(908) 516-1051 (fax)
*Attorneys for Defendant*
*Fox Rothschild LLP*

*Of Counsel:*
      Rosemary S. Gousman, Esq.

*On the Brief:*
      David J. Treibman, Esq.

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS............................................................................. i

TABLE OF AUTHORITIES ..................................................................... iii

PRELIMINARY STATEMENT ..................................................................1

STATEMENT OF FACTS ..........................................................................3

PROCEDURAL HISTORY.........................................................................4

    I.     Proceedings in the Southern District of New York...............................4

    II.    Proceedings in This Court, Phase I. ...................................................5

        A.    Motions to Dismiss. ................................................................5

        B.    Plaintiff's Motion for Reconsideration. .....................................7

    III.    Plaintiff's Premature Appeal. ............................................................10

    IV.    Proceedings in This Court, Phase II. ..................................................10

STANDARD OF REVIEW .......................................................................11

LEGAL ARGUMENT ..............................................................................14

    I.     The Two-Year Statute of Limitations Applies to NJLAD Claims.
          .......................................................................................................14

    II.    It Is the Law of the Case that the Two-Year Statute of Limitations
        Applies to NJLAD Claims. ...............................................................16

    III.    It Would Be Futile for Plaintiff to Plead the New Claims Set
        Forth in Her Proposed Amended Complaint.......................................19

        A.    The Proposed Amended Complaint Fails to State a *Pierce*
            Claim (Count III). ...................................................................19

            1.    Plaintiff's Proposed *Pierce* Claim Is Time-Barred. .......20

2.      Plaintiff's Proposed *Pierce* Claim Is Preempted by the NJLAD. ...................................................................23

B.      Plaintiff's Proposed NJLAD Claims Against Fox Have Already Been Dismissed with Prejudice (Counts VII and VIII). ...........................................................................................24

C.      The Proposed Amended Complaint Fails to State an NJLAD Aiding and Abetting Claim (Count VI). .....................27

1.      The Proposed Aiding and Abetting Claim Is Time-Barred. ..............................................................................27

2.      The Underlying NJLAD Claims Were Dismissed with Prejudice. ................................................................28

D.      Plaintiff's Proposed Title VII Retaliation Claim in Count VIII Is Already Pled in Count I. ...............................30

IV.     The Proposed Amended Complaint Suffers from Additional Significant Defects. ...........................................................31

A.      The Proposed Amended Complaint Is Chock-Full of Impermissible Legal Argument. ...............................................31

B.      The Proposed Amended Complaint Attaches an Obscene Photograph as an Exhibit. ........................................................33

C.      The Proposed Amended Complaint Attaches Three E-Mails as Exhibits. ...................................................................36

CONCLUSION ...........................................................................37

FP 42006439.8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.D.P. v. ExxonMobil Rsch. & Eng'g Co.*,
    428 N.J. Super. 518 (App. Div. 2012) .................................................................24

*Aetna Inc. v. Insys Therapeutics*,
    324 F. Supp. 3d 541 (E.D. Pa. 2018) ..................................................................34

*Alexander v. Seton Hall Univ.*,
    204 N.J. 219 (2010) ...........................................................................................15

*Anderson v. DSM N.V.*,
    589 F. Supp. 2d 528 (D.N.J. 2008) .....................................................................21

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................13

*Aul v. Correct Care Sols.*,
    No. 18-CV-02142, 2021 WL 1837571 (M.D. Pa. May 7, 2021) .......................25

*Barrett v. City of Allentown*,
    152 F.R.D. 50 (E.D. Pa. 1993) ...........................................................................31

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................13, 14

*Berman v. Ballet Makers, Inc.*,
    No. 08-1032, 2009 WL 952497 (D.N.J. Apr. 7, 2009) ......................................23

*Bernard v. IMI Sys., Inc.*,
    131 N.J. 91 (1993) .............................................................................................20

*Black v. UNUMProvident Corp.*,
    245 F. Supp. 2d 194 (D. Me. 2003) ....................................................................32

*Bosshard v. Hackensack Univ. Med. Ctr.*,
    345 N.J. Super. 78 (App. Div. 2001) ..................................................................24

*Buchanan v. Pfister*,
    No. 17 CV 8075, 2018 WL 4699778 (N.D. Ill. Oct. 1, 2018) ...........................32

iii

*Budhun v. Reading Hosp. & Med. Ctr.*,
  765 F.3d 245 (3d Cir. 2014) ...............................................................13

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ...........................................................12

*Calpin v. Lackawanna Cnty.*,
  No. 16-2013, 2017 WL 590277 (M.D. Pa. Feb. 14, 2017)...........................34, 36

*Camboni v. MGM Grand Hotel, LLC*,
  No. CV11-1784, 2012 WL 2915080 (D. Ariz. July 16, 2012)...........................37

*Campbell v. Sedgwick, Detert, Moran & Arnold*,
  No. 11-642, 2011 WL 5248150 (D.N.J. Nov. 2, 2011)....................................23

*Cicchetti v. Morris Cnty. Sheriff's Office*,
  194 N.J. 563 (2008) ...........................................................................28

*Collura v. City of Phila.*,
  590 F. App'x 180 (3d Cir. 2014) .......................................................33

*In re Continental Airlines, Inc.*,
  279 F.3d 226 (3d Cir. 2002) .............................................................16

*Credico v. Pa.*,
  573 F. App'x 119 (3d Cir. 2014) .......................................................31

*Dale v. Boy Scouts of Am.*,
  160 N.J. 562 (1999),
  *rev'd & remanded on other grounds*, 530 U.S. 640 (2000) ...............................24

*Davis v. City of Newark*,
  417 F. App'x 201 (3d Cir. 2011) .......................................................23

*Day v. Wells Fargo & Co.*,
  No. 17-6237, 2018 WL 1891476 (D.N.J. Apr. 20, 2018) ...........................21, 22

*Doe v. Elwyn & Elwyn, Inc.*,
  No. 16-cv-2894, 2016 WL 6247055 (E.D. Pa. Oct. 25, 2016)...........................30

*Echevarria v. Essex Cnty. Dep't of Corr.*,
  No. 20-498, 2020 WL 1808653 (D.N.J. Apr. 9, 2020) ...............................13, 14

iv

*EEOC v. Bo-Cherry, Inc.*,
No. 13-cv-00210, 2013 WL 2317724 (W.D.N.C. May 28, 2013) ....................35

*Falat v. Cnty. of Hunterdon*,
No. 12-6804, 2014 WL 6611493 (D.N.J. Nov. 21, 2014)..................................26

*Falor v. G & S Billboard*,
No. 04-02373, 2008 WL 5190860 (D.N.J. Dec. 10, 2008) ...............................17

*Foman v. Davis*,
371 U.S. 178 (1962)..........................................................................................12

*Gaines v. United Parcel Serv., Inc.*,
No. 13-3709, 2014 WL 1450113 (D.N.J. Apr. 14, 2014) .................................23

*Gavin v. Bd. of Educ., S. Orange-Maplewood Sch. Dist.*,
No. 20-09191, 2021 WL 1050364 (D.N.J. Mar. 18, 2021) ...............................18

*Gleis v. Buehler*,
No. 11CV663, 2012 WL 1194987 (D. Conn. Apr. 10, 2012)...........................32

*Goldenberg v. Indel, Inc.*,
No. 09-5202, 2011 WL 13143347 (D.N.J. Nov. 16, 2011)...............................30

*Gross v. Jersey City*,
No. 18-9802, 2019 WL 2120312 (D.N.J. May 15, 2019) .................................29

*Hahn v. City of Carlsbad*,
No. 15-cv-2007, 2016 WL 3211801 (S.D. Cal. Feb. 3, 2016) ..........................33

*Hamilton v. Leavy*,
322 F.3d 776 (3d Cir. 2003) .......................................................................16, 17

*Henry v. N.J. Dep't of Human Servs.*,
204 N.J. 320 (2010) ..........................................................................................15

*Holland v. Holt*,
409 F. App'x 494 (3d Cir. 2010) ......................................................................19

*Horneff v. PSEG Nuclear, Inc.*,
No. 13-975, 2015 WL 263128 (D.N.J. Jan. 21, 2015) .....................................23

v

*Irizarry v. Abbott Labs.*,
    833 F. App'x 947 (3d Cir. 2020) ...................................................................34, 36

*L.M. v. S. Ill. Univ. at Edwardsville*,
    No. 18-cv-1668, 2019 WL 5788078 (S.D. Ill. Nov. 6, 2019) ...........................32

*Larry Pitt & Assocs. v. Lundy Law, LLP*,
    No. 13-2398, 2017 WL 783653 (E.D. Pa. Feb. 28, 2017)..................................25

*Lawrence v. Nat'l Westminster Bank N.J.*,
    98 F.3d 61 (3d Cir. 1996) ..................................................................................24

*In re Le-Nature's, Inc.*,
    No. 8-1518, 2012 WL 363981 (W.D. Pa. Feb. 2, 2012) ....................................18

*Love v. N.J. Dep't of Corr.*,
    No. 14-5629, 2015 WL 5098077 (D.N.J. Aug. 31, 2015)..................................12

*Mancini v. Twp. of Teaneck*,
    179 N.J. 425 (2004) ..........................................................................................15

*Mateo v. First Transit Inc.*,
    No. 19-17302, 2021 WL 3856288 (D.N.J. Aug. 30, 2021)................................22

*Max's Seafood Café v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999) ..............................................................................17

*McQuitty v. Gen. Dynamics Corp.*,
    204 N.J. Super. 514 (App. Div. 1985)...............................................................21

*In re Merck & Co., Inc. Sec., Derivatives & ERISA Litig.*,
    493 F.3d 393 (3d Cir. 2007) ..............................................................................12

*Millman v. Subaru of Am., Inc.*,
    No. 07-4846, 2009 WL 197527 (D.N.J. Jan. 27, 2009) ....................................26

*Monaco v. Am. Gen. Assurance Co.*,
    359 F.3d 296 (3d Cir. 2004) ..............................................................................29

*Montells v. Haynes*,
    133 N.J. 282 (1993) ...................................................................................*passim*

FP 42006439.8

*Moore v. McCalla Raymer, LLC*,
916 F. Supp. 2d 1332 (N.D. Ga. 2013)................................................................32

*Murray v. Beverage Distrib. Ctr., Inc.*,
757 F. Supp. 2d 480 (D.N.J. 2010),
*aff'd*, 533 F. App'x 98 (3d Cir. 2013)................................................................29

*In re NC Swine Farm Nuisance Litig.*,
No. 15-CV-13, 2015 WL 3948309 (E.D.N.C. June 29, 2015)....................31, 35

*Nkemakolam v. St. John's Mil. Sch.*,
876 F. Supp. 2d 1240 (D. Kan. 2012)................................................................35

*Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*,
744 F. Supp. 1311 (D.N.J. 1990)..........................................................................9

*Peacock v. Albertsons Acme Mkts.*,
607 F. Supp. 2d 694 (D.N.J. 2009)....................................................................29

*Pierce v. Ortho Pharmaceutical Corp.*,
84 N.J. 58 (1980) ....................................................................................*passim*

*Piper v. Wells Fargo & Co.*,
No. 17-cv-06222, 2018 WL 1942524 (D.N.J. Apr. 25, 2018) ....................21, 22

*PIRG of N.J. v. Magnesium Elektron, Inc.*,
123 F.3d 111 (3d Cir. 1997) ........................................................................16, 17

*Prall v. Bocchini*,
No. 10-1228, 2013 WL 1314731 (D.N.J. Mar. 28, 2013) ..................................26

*Rivera v. Robinson*,
No. 18-14005, 2019 WL 1326588 (E.D. La. Mar. 25, 2019)............................35

*Roa v. Roa*,
200 N.J. 555 (2010) ..........................................................................................15

*Roamingwood Sewer & Water Ass'n v. Nat'l Diversified Sales, Inc.*,
509 F. Supp. 3d 198 (M.D. Pa. 2020)................................................................33

*Rodriguez v. Raymours Furniture Co.*,
225 N.J. 343 (2016) ..........................................................................................15

*Rose v. Bartle*,
    871 F.2d 331 (3d Cir. 1989) ...............................................................34, 35, 36, 37

*Saari v. Mitre Corp.*,
    No. 15-3295, 2017 WL 1197756 (D.N.J. Mar. 30, 2017) ...................................27

*Saltalamacchia v. Wentzel*,
    No. 14-CV-0868, 2016 WL 5844330 (M.D. Pa. Sept. 30, 2016)......................25

*Serodio v. Rutgers*,
    27 F. Supp. 3d 546 (D.N.J. 2014).......................................................................24

*Shepherd v. Hunterdon Dev. Ctr.*,
    174 N.J. 1 (2002) .........................................................................................7, 15

*Sosa v. Grillo*,
    No. 12cv1724, 2014 WL 359673 (M.D. Pa. Feb. 3, 2014) ................................25

*State v. Qwest Commc'ns Int'l, Inc.*,
    387 N.J. Super. 469 (App. Div. 2006).................................................................28

*Stephens v. Clash*,
    796 F.3d 281 (3d Cir. 2015) ..............................................................................14

*Steverson v. Walmart*,
    No. 19-cv-00140, 2019 WL 3822179 (M.D. Tenn. Aug. 15, 2019) ..................36

*Surina v. S. River Bd. of Educ.*,
    No. 17-2173, 2019 WL 1916206 (D.N.J. Apr. 30, 2019) ............................16, 17

*Tarr v. Ciasulli*,
    181 N.J. 70 (2004) .............................................................................................28

*Tehan v. Disability Mgmt. Servs.*,
    11 F. Supp. 2d 542 (D.N.J. 2000) ........................................................................9

*The Medicines Co. v. Teva Parenteral Meds., Inc.*,
    No. 09-750, 2011 WL 13135278 (D. Del. Oct. 5, 2011)....................................18

*Tourtelotte v. Eli Lilly & Co.*,
    636 F. App'x 831 (3d Cir. 2016) .......................................................................29

FP 42006439.8

*Vitale v. Schering-Plough Corp.*,
   231 N.J. 234 (2017) ...................................................................15

*Warden v. Woods Servs.*,
   No. 19-CV-5493, 2020 WL 1289194 (E.D. Pa. Mar. 17, 2020) .......................26

*Williams v. Am. Com. Lines, Inc.*,
   No. 20-139, 2021 WL 4143931 (M.D. La. July 29, 2021)................................36

*Williams-Hopkins v. Allied Interstate, LLC*,
   No. 20-226, 2020 WL 2731101 (D.N.J. May 26, 2020) ...................................14

*Witkowski v. Thomas J. Lipton, Inc.*,
   136 N.J. 385 (1994) ...................................................................20

*Zied v. Barnhart*,
   No. 06-cv-2305, 2009 WL 10718920 (M.D. Pa. Nov. 30, 2009).......................30

*Zinman v. Vantage Learning, LLC*,
   No. 16-2068, 2017 WL 395488 (E.D. Pa. Jan. 30, 2017) ................................37

**Statutes**

42 U.S.C. §2000e et seq. ...................................................................*passim*

N.J.S.A. 2A:14-2 ...................................................................*passim*

N.J.S.A. 2A:14-2(a) ...................................................................14, 15

N.J.S.A. 10:5-1 et seq. ...................................................................1

N.J.S.A. 10:5-12(d) ...................................................................23

N.J.S.A. 10:5-12(e) ...................................................................28

P.L. 2019, c.120 ...................................................................*passim*

**Rules**

Fed.R.Civ.P. 8(a) ...................................................................32

Fed.R.Civ.P. 8(a)(2) ...................................................................31

Fed.R.Civ.P. 8(d)(1) ...................................................................31

FP 42006439.8

Fed.R.Civ.P. 10(c)...................................................................................34, 35, 36, 37

Fed.R.Civ.P. 11 ...........................................................................................................26

Fed.R.Civ.P. 12(b) .....................................................................................................11

Fed.R.Civ.P. 12(b)(1) ................................................................................................12

Fed.R.Civ.P. 12(b)(3)...................................................................................4, 11, 12

Fed.R.Civ.P. 12(e) ......................................................................................................11

Fed.R.Civ.P. 12(b)(6)..........................................................................................*passim*

Fed.R.Civ.P. 12(f) ..........................................................................................32, 33, 34

Fed.R.Civ.P. 15(a)......................................................................................................11

Fed.R.Civ.P. 15(a)(1) ................................................................................................11

Fed.R.Civ.P. 15(a)(2) ................................................................................................12

FP 42006439.8

## PRELIMINARY STATEMENT

Plaintiff should be denied leave to file her proposed Amended Complaint (cited herein as "PAC").[1] Two of the three proposed counts against Fox (Counts VII and VIII) would assert discrimination and retaliation claims under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq. The Court has already dismissed Plaintiff's NJLAD discrimination and retaliation claims, ***with prejudice***, from her existing Complaint, because they are time-barred under the applicable two-year statute of limitations. There has been no intervening change in the controlling law, and there is consequently no excuse for Plaintiff's attempt to replead her NJLAD claims.

The proposed count against proposed Defendant Elli Albert (Count VI), alleged to be the Firm's Office Administrator during Plaintiff's employment there, is also asserted under the NJLAD. The fatal problem with that claim is the same as the problem with the NJLAD claims against Fox: Plaintiff's employment with Fox ended in June 2017 and she did not file her Complaint until December 2019. Hence, even if the proposed claim against Albert were to relate back to the filing of the original Complaint, it would be time-barred under the two-year NJLAD statute of

---

[1] Defendant Fox Rothschild LLP ("Fox" or the "Firm") addresses in this Brief only those proposed new counts directed against it or proposed Defendant Elli Albert: that is, proposed Counts III, VI, VII, and VIII. Fox anticipates that Defendant Ian Siminoff will be filing his own opposition to Plaintiff's motion as to the proposed counts directed against him.

FP 42006439.8

limitations, just like the NJLAD claims against Fox. Plaintiff knows all this, which renders her attempt to assert a new NJLAD claim against Albert at this very late date inexplicable if not inexcusable.

The only brand-new (sort of) claim that Plaintiff seeks to assert against Fox is for common law wrongful discharge under *Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J. 58 (1980). That claim is subject to the same two-year statute of limitations as NJLAD claims, and so is time-barred just like Plaintiff's NJLAD claims. Moreover, the reason Plaintiff's would-be *Pierce* claim is only sort of new is because it is based on the (false) allegation Plaintiff was discharged from the Firm because she complained about sexual harassment. Such an allegation (if it were true) would give rise to an NJLAD retaliation claim. Parallel common law claims are preempted by the NJLAD, another reason a *Pierce* claim would be impermissible here. And of course, Plaintiff may not replead her putative *Pierce* claim as an NJLAD claim because it, too, would be time-barred.

There is one more claim the proposed Amended Complaint would assert against Fox in proposed Count VIII: one for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq. Such a claim already exists, in Count I of the existing Complaint.

Plaintiff's proposed new claims against Fox and Albert would accordingly be subject to immediate dismissal under Federal Rule of Civil Procedure 12(b)(6) as

FP 42006439.8

time barred (the NJLAD and *Pierce* claims) or duplicative (the Title VII retaliation claim). The proposed Amended Complaint's failure to state any viable new claims is only one reason the Court should deny Plaintiff's motion for leave to file it.

There are other reasons, too. The proposed Amended Complaint contains a significant amount of legal argument, which is not allowed. It attaches three e-mails as exhibits, which is not allowed. It attaches a photograph as an exhibit, which is not allowed. That photograph, moreover, adds another sensationalistic factor to the case, no doubt intended to stir up additional press coverage.

In short, Plaintiff's motion for leave to file the proposed Amended Complaint would be a futile exercise. It should be denied.

## STATEMENT OF FACTS[2]

Plaintiff was terminated from employment with Fox on June 21, 2017. (PAC ¶21.[3])

---

[2] For purposes of this motion only, Fox assumes the allegations of the proposed Amended Complaint are true.

[3] All paragraph references to the proposed Amended Complaint are to the clean version, which appears at Docket Entry ("Doc.") 70. The blacklined version, which appears at Docket Entry 70-3, fails to remove the numbers of otherwise stricken-out paragraphs, with the result that the blacklined version has 195 numbered paragraphs, while the clean version has 144.

Proposed new Defendant Elli Albert was Fox's Office Administrator in the Firm's New Jersey office, where Plaintiff worked until her termination on June 21, 2017. (PAC ¶46.)

There are no allegations in the proposed Amended Complaint of events or conduct by Fox or Albert against Plaintiff after Plaintiff's termination on June 21, 2017.

Plaintiff filed her Complaint in this action on December 19, 2019, approximately two years and six months after the termination of her employment at Fox. (Doc. 2.)

## PROCEDURAL HISTORY

### I.    Proceedings in the Southern District of New York.

Plaintiff originally filed her Complaint in the Southern District of New York. Plaintiff first tried to file it on December 18, 2019. (Doc. 1.) Her attorneys forgot to sign her Complaint, so they refiled it the next day, December 19. (Doc. 2.) The Complaint names as Defendants Fox and Ian W. Siminoff, a former attorney with the Firm. The Complaint asserts claims under Title VII, New York State and City law, and New Jersey law (more on this below).

On February 15, 2020, Fox moved in the Southern District to dismiss the Complaint under Rules 12(b)(3) and 12(b)(6), or in the alternative to transfer the case to this Court for improper venue, because of the lack of significant contacts

with the State and City of New York. (Doc. 15.) Siminoff filed a similar motion the same day. (Doc. 18.) Judge Hellerstein ordered the matter transferred on May 18, 2020. (Transfer Order, Doc. 36.) The court observed that "[t]he complaint is bereft of meaningful reference to New York." (Transfer Order at 2.)

The court was unimpressed by Plaintiff's submission in opposition to Defendants' motions to dismiss and/or transfer – consisting of her own Declaration – which it concluded was less than wholly honest. The court found the allegations of Plaintiff's Declaration to be "contradicted by the documentary evidence," "vague," "conclusory," and an attempt to "blur the timeline to gain a foothold in this district.... [E]ven reviewing the evidence in the light most favorable to Plaintiff, I note that it is hard to credit...." (Transfer Order at 3 n.1.)

## II.     Proceedings in This Court, Phase I.

### A.     Motions to Dismiss.

On June 23, 2020, Fox moved in this Court to dismiss all counts of the Complaint asserted against it except Count I, which is pled under Title VII. All the other claims were asserted under New Jersey or New York state law. (Docs. 42, 42-1.) Siminoff moved for the dismissal of the Complaint in its entirety as against him. (Doc. 43.)

On October 21, 2020, the Court granted Defendants' motions, dismissing the Complaint with prejudice, except with respect to Count I, which remained in the

FP 42006439.8

case with respect to Fox, and Counts II and III, asserted under New York State and City law, which the Court dismissed without prejudice to afford Plaintiff an opportunity to replead with factual allegations showing a sufficient nexus between Plaintiff and New York State and City. (Docs. 54, 55.) The Court gave Plaintiff "thirty (30) days within which to file an amended complaint as to Counts I (as to Fox only), II, and III." (Dismissal Order, Doc. 55; *see* Dismissal Op., Doc. 54, at 7.)[4]

Of particular relevance here are Counts IV and V, which asserted NJLAD claims against Fox and Siminoff, respectively. Defendants observed in their moving papers that because Plaintiff's employment with Fox terminated on June 21, 2017, and she did not file her Complaint until December 19, 2019, her NJLAD claims were time-barred under the two-year statute of limitations the New Jersey Supreme Court adopted for NJLAD claims in *Montells v. Haynes*, 133 N.J. 282 (1993), N.J.S.A. 2A:14-2. (*See* Fox's Br., Doc. 42-1, at 9; Siminoff's Br., Doc. 44, at 6-8.)

In opposition, Plaintiff argued that the two-year statute of limitations had been extended by New Jersey Public Law 2019, chapter 120. (Pl.'s Br., Doc. 49, at 3-4.) In reply, Fox pointed out that the new statute does *not* mention the NJLAD or *Montells*, which the New Jersey Supreme Court has repeatedly reaffirmed over the

---

[4] Plaintiff appears to have abandoned her New York claims as they are not pled in the proposed Amended Complaint.

past nearly three decades. (Fox's Reply Br., Doc. 53, at 4-7.) There was accordingly no basis for Plaintiff's argument.

The Court agreed:

> "The statute of limitations for claims arising under the [NJLAD] is two years." *Shepherd v. Hunterdon Dev. Ctr.*, 803 A.2d 611, 621 (N.J. 2002); *Montells v. Haynes*, 627 A.2d 654, 655 (N.J. 1993); N.J.S.A. 2A:14-2 (providing that "every action at law for an injury to the person caused by a wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued"). Plaintiff's employment with Fox ended on June 21, 2017, and she alleges no improper conduct after that time. Her Complaint, however, was not filed until December 18, 2019. Consequently, ***Plaintiff's NJLAD claim is time-barred and will be dismissed with prejudice***.
>
> *   *   *
>
> There is no merit to Plaintiff's argument that the statute of limitations under N.J.S.A. 2A:14-2 has been expanded from two to seven years for NJLAD claims.

(Dismissal Op. at 5-6 & n.5; emphasis added.) The Court dismissed Plaintiff's NJLAD claim against Siminoff with prejudice, for the same reasons. (Dismissal Op. at 6; *see* Dismissal Order, dismissing both NJLAD claims, and other New Jersey state law claims, with prejudice.)

### B.    Plaintiff's Motion for Reconsideration.

Plaintiff never did file the Amended Complaint the Court invited. Instead, the first thing she did was to move for reconsideration of the Court's dismissal of the NJLAD claims on statute of limitations grounds. Plaintiff filed her motion on October 28, 2020. (Doc. 56.) Plaintiff's argument on reconsideration simply

7

repeated her argument in opposition to the motions to dismiss – that Public Law 2019, chapter 120 extended the two-year statute of limitations on NJLAD claims, despite the absence of any mention in the statute of the NJLAD or *Montells v. Haynes* and its progeny. (*See* Pl.'s Recons. Br., Doc. 56.)

In opposition to Plaintiff's motion, Fox observed that Plaintiff met none of the three alternative criteria to justify reconsideration. (*See* Fox's Opp'n Br., Doc. 60, at 6-7; Recons. Op., Doc. 63, at 2.) First, there had been no intervening change in controlling law. *See* Fox's Opp'n Br., Doc. 60, at 7 ("Since the Court ruled, the NJLAD has not been amended, no relevant statute of limitations has been amended, and *Montells v. Haynes*, 133 N.J. 282 (1993), has not been overruled"). Second, Plaintiff submitted no new, previously unavailable evidence, since her Declaration in support of her motion (Doc. 56-3) was a rehash of old news, besides being irrelevant to the pure question of law at issue, the statute of limitations applicable to NJLAD claims. *See* Fox's Opp'n Br. at 8-9 ("Plaintiff's Declaration consists of allegations of events no more recent than 2016. Plaintiff could have made those allegations in her opposition Defendants' motion[s] to dismiss"). Third, there was no error of law, since the Court did exactly what it was supposed to do: "follow the controlling New Jersey Supreme Court case law." (Fox's Opp'n Br. at 9-10.)

The Court once again agreed in its December 1, 2020 Letter Opinion denying Plaintiff's motion:

FP 42006439.8

Plaintiff does not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision, consequently, Plaintiff's motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. (*See* D.E. 56 at 3 (arguing that the Court "made a clear error of law").) Specifically, Plaintiff argues that this Court erred in finding her NJLAD and common law tort claims were time-barred. (*See generally* D.E. 56.) The statutes of limitations issues, however, were clearly addressed in the October 21st Decision. (*See* D.E. 54 at 5-7) Therefore, Plaintiff merely encourages this Court to "analyze the same facts and cases it already considered" to come to a different conclusion. *Tehan v. Disability Mgmt. Servs.*, 11 F. Supp. 2d 542, 549 (D.N.J. 2000). Asking this Court to "rethink" its holding is not an appropriate basis upon which to seek reconsideration. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Accordingly, Plaintiff's motion will be denied.

(Recons. Op. at 2-3; footnote omitted.) [5]

---

[5] To this day, Plaintiff's failure to file an action under the NJLAD within the two-year statute of limitations remains inexplicable. Plaintiff filed the EEOC charge that is the predicate of her Title VII claim here on June 5, 2018, well within the NJLAD limitations period. (Charge attached as Ex. A to Gousman Certif. in support of partial dismissal, Doc. 42-2.) Obviously, Plaintiff knew then what she needed to know in order to sue under the NJLAD. Plaintiff's proposed Amended Complaint refers to the EEOC mediation on March 6, 2019, still within the NJLAD limitations period (PAC ¶¶70-74), and further confirmation she had the necessary knowledge to file an NJLAD lawsuit within the two-year statute of limitations. On neither date could Plaintiff have harbored her misconception that Public Law 2019, chapter 120 extended the two-year NJLAD statute of limitations since, as Plaintiff knows (*see* PAC ¶13), Public Law 2019, chapter 120 was not even enacted until more than two months after the EEOC mediation, on May 13, 2019. *See* P.L. 2019, c.120 Pamphlet Law p.6, *available at* https://www.njleg.state.nj.us/2018/Bills/PL19/120_.PDF.

### III.   Plaintiff's Premature Appeal.

On November 20, 2020, while Plaintiff's motion for reconsideration was pending, she filed a Notice of Appeal of the dismissal of Counts IV, V, VI, and VIII of the Complaint. (Doc. 59.) The appeal, obviously, was premature, since the Court's decision on Defendants' motions to dismiss did not dispose of all claims as to all parties. Naturally, the Third Circuit immediately spotted that, listing the appeal for possible dismissal on November 25, 2020, and ordering the parties to brief the issue of appellate jurisdiction. (3d Cir. Doc. 3, Ex. B to Gousman Certif.; 3d Cir. Docket, Ex. A to Gousman Certif.[6]) Thereafter, on June 30, 2021, the Third Circuit dismissed the appeal for lack of appellate jurisdiction. (3d Cir. Docket, Ex. C to Gousman Certif.)

### IV.   Proceedings in This Court, Phase II.

While Plaintiff's appeal was pending, on April 1, 2021, this Court administratively terminated the action "pending the outcome of plaintiff's appeal ...; any party may request that this matter be reopened and restored to the Court's active docket by filing a letter to that effect." (Doc. 65.)

Though the Third Circuit dismissed Plaintiff's appeal on June 30, 2021, Plaintiff for some reason waited until August 19, 2021 to file a letter requesting the

---

[6] "Gousman Certif." refers to the Certification of Rosemary S. Gousman in Opposition to Plaintiff's Motion for Leave to Amend the Complaint, filed herewith.

Court to reopen this matter. (Doc. 67.) Moreover, that letter asks the Court "to review the proposed amended complaint before Plaintiff uploads the amended complaint to the docket." (*id.* at 3; *see also id.* at 1, asking the Court "to review Plaintiff's proposed amended complaint.") This suggests Plaintiff submitted a proposed amended complaint *ex parte*. There is obviously no way for Defendants to know for sure.

On September 16, 2021, the Court ordered Plaintiff to file "a formal motion for leave to file an amended complaint." (Doc. 69.) Plaintiff did so on October 1, 2021. (Doc. 70.)

## STANDARD OF REVIEW

According to Plaintiff, she is "amending the complaint as a matter of course"; "[u]nder Rule 15(a)," she says, "a party has a right to amend a complaint as a matter of course as to any party that has not answered." (Pl.'s Br., Doc. 70-1, at 2.) Not exactly.

What Rule 15(a) actually says is that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or *21 days after service of a motion under Rule 12(b)*, (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1) (emphasis added). Fox filed a motion to dismiss under Rule 12(b)(3) and partial dismissal under Rule 12(b)(6) on February

11

15, 2020 (Doc. 15), and on the same date Siminoff filed a motion to dismiss under Rules 12(b)(1), 12(b)(3), and 12(b)(6) (Doc. 18). After the matter was transferred from the Southern District of New York to this Court (Docs. 36, 37), Defendants again moved to dismiss on June 23, 2020: Fox moved for partial dismissal under Rule 12(b)(6) (Doc. 42), and Siminoff moved for dismissal under Rules 12(b)(1) and 12(b)(6) (Doc. 43). Plaintiff is mistaken in believing she can amend the Complaint "as a matter of course."

Rather, at this point in the litigation Plaintiff "may amend her pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Plaintiff did not seek Fox's consent (which would have been denied) and so must have the Court's leave. For the reasons discussed in detail below, the Court should deny Plaintiff leave to amend on the ground of futility. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962) (reasons for denying leave to amend include "futility of amendment"); *Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 5098077, at *2 (D.N.J. Aug. 31, 2015) (Wigenton, J.) (same, citing *In re Merck & Co., Inc. Sec., Derivatives & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)); *Merck*, 493 F.3d at 400 (holding futility "a sufficient ground to deny leave to amend").

"Futility" means the proposed amendments to the complaint "would fail to state a claim upon which relief could be granted." *Love*, 2015 WL 5098077, at *2 (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.

FP 42006439.8

1997)). "Amendment would therefore be futile where the proposed amended complaint would be subject to dismissal for failure to state a claim under Rule 12(b)(6)." *Id.* (quoting *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Echevarria v. Essex Cnty. Dep't of Corr.*, No. 20-498, 2020 WL 1808653, at *2 (D.N.J. Apr. 9, 2020) (Wigenton, J., quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 550 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 555); *accord Echevarria*, 2020 WL 1808653, at *1. A claim has "facial plausibility" where the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; it must offer "more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability"; in such a case, the complaint "'stops short of the line between possibility

13

and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557; some internal quotation marks omitted); *accord Echevarria*, 2020 WL 1808653, at *2.

In addition, and especially pertinent here, it is appropriate to raise a statute of limitations defense on a Rule 12(b)(6) motion "where a plaintiff's claims are untimely on the 'face of the complaint.'" *Williams-Hopkins v. Allied Interstate, LLC*, No. 20-226, 2020 WL 2731101, at *2 (D.N.J. May 26, 2020) (citing *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015).

## LEGAL ARGUMENT

### I.     The Two-Year Statute of Limitations Applies to NJLAD Claims.

Plaintiff argues in her proposed Amended Complaint (rather than her brief) what she argued in earlier stages of this litigation: that Public Law 2019, chapter 120 somehow alters the statute of limitations for NJLAD claims. As the Court has already held twice before, it does not.

The two-year statute of limitations, N.J.S.A. 2A:14-2(a), is the one that applies to NJLAD claims. This has been the case since 1993, when, in *Montells v. Haynes*, 133 N.J. 282 (1993), the New Jersey Supreme Court held that "a ***single statute of limitations should apply to all LAD claims***. Finding that injuries under the LAD are most like personal-injury claims, we further conclude that ***the two-year personal-injury statute of limitations*** should apply." *Id.* at 286 (citing N.J.S.A.

14

2A:14-2; emphasis added[7]). The New Jersey Supreme Court has frequently reiterated this holding,[8] noting in 2016 that "[t]wenty-three years later, the Legislature has registered its tacit approval of that determination. The lack of legislative action to signal disavowal of the two-year limitations period is significant in light of the many times since *Montells* was decided that the Legislature has taken affirmative steps to amend the LAD in other respects." *Rodriguez v. Raymours Furniture Co.*, 225 N.J. 343, 356-57 (2016) (citing amendments to NJLAD). "The Legislature's more than two-decades-long acceptance of the two-year limitations period established by *Montells* for LAD claims has woven that limitations period into the fabric of the LAD. It is part of the statutory program and how it operates." *Id.* at 361-62. Public Law 2019, chapter 120 does not so much as mention the NJLAD, demonstrating that a "single statute of limitations" continues to apply to NJLAD claims: the two-year statute of N.J.S.A. 2A:14-2.

---

[7] N.J.S.A. 2A:14-2 provides, in pertinent part, that "every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued." N.J.S.A. 2A:14-2(a).

[8] Besides *Rodriguez*, discussed in the text, *see, e.g., Vitale v. Schering-Plough Corp.*, 231 N.J. 234, 249 (2017); *Henry v. N.J. Dep't of Human Servs.*, 204 N.J. 320, 324 (2010); *Alexander v. Seton Hall Univ.*, 204 N.J. 219, 228 (2010); *Roa v. Roa*, 200 N.J. 555, 566 (2010); *Mancini v. Twp. of Teaneck*, 179 N.J. 425, 431 (2004); *Shepherd v. Hunterdon Dev. Ctr.*, 174 N.J. 1, 17-18 (2002).

## II.     It Is the Law of the Case that the Two-Year Statute of Limitations Applies to NJLAD Claims.

As discussed in the Procedural History, above, the Court has already ruled, twice, that the two-year statute of limitations applies to NJLAD claims, once when it dismissed those claims with prejudice (Counts IV and V of the Complaint), and again when it denied Plaintiff's motion for reconsideration. (Dismissal Op. at 5-6 & n.5; Dismissal Order; Recons. Op. at 2-3; Recons. Order, Doc. 64.) Those rulings are now the law of the case.

"The law of the case doctrine limits relitigation of an issue once it has been decided in an earlier stage of the litigation." *Daiichi Sankyou, Inc. v. Apotex, Inc.*, No. 030937, 2009 WL 1437815, at *6 (D.N.J. May 19, 2009) (Wigenton, J., quoting *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003)). "[T]he law of the case doctrine stands for the proposition that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Id.* (quoting *In re Continental Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002)). The law of the case doctrine is designed to "promote finality, consistency, and judicial economy." *Id.* (quoting *Hamilton*, 322 F.3d at 786).

Courts should not revisit prior rulings in the same case in the absence of "extraordinary circumstances." *Id.*; *PIRG of N.J. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116-17 (3d Cir. 1997); *accord, e.g., Surina v. S. River Bd. of Educ.*, No. 17-2173, 2019 WL 1916206, at *5 (D.N.J. Apr. 30, 2019). The Third Circuit has

16

identified three "extraordinary circumstances" that can justify revisiting prior rulings: where "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *PIRG*, 123 F.3d at 117; *Daiichi Sankyou*, 2009 WL 1437815, at *6; *Surina*, 2019 WL 1916206, at *5. "Plaintiff has the burden to present 'extraordinary circumstances' necessary to overcome the strong presumption of the law of the case." *Surina*, 2019 WL 1916206, at *5.

The "extraordinary circumstances" standard for departing from the law of the case is virtually identical to the standard for motions for reconsideration: "Motions to reconsider are only proper where the moving party shows '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" (Recons. Op. at 2, quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).[9] In denying

_____

[9] "In many ways, 'law of the case' disputes are the opposite side of the motion for reconsideration coin. The only difference between the two is the filing party: prevailing parties or similarly-situated parties seek to apply the 'law of the case' against subsequent parties in similar circumstances, and losing parties seek reconsideration of the adverse decision. Not surprisingly, the Third Circuit has adopted the same basic 'extraordinary circumstances' framework for reviewing 'law of the case' disputes that applies to motions for reconsideration." *Falor v. G & S Billboard*, No. 04-02373, 2008 WL 5190860, at *2 (D.N.J. Dec. 10, 2008) (citing cases).

Plaintiff's motion for reconsideration of its ruling that the two-year statute applied to her NJLAD claims, the Court observed that "Plaintiff does not identify any intervening change in the relevant law or new evidence that was unavailable at the time the Court entered its decision, consequently, Plaintiff's motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in a manifest injustice," a contention the Court roundly and soundly rejected. (Recons. Op. at 2-3.)

Though Plaintiff seems oblivious to the law of the case doctrine, it appears from the legal argument in her proposed Amended Complaint that she now pins her hopes for an extended statute of limitations on a decision by Judge McNulty of this District, *Gavin v. Bd. of Educ., S. Orange-Maplewood Sch. Dist.*, No. 20-09191, 2021 WL 1050364 (D.N.J. Mar. 18, 2021). (*See* PAC ¶¶16-17.) Plaintiff's hopes are misplaced. Whether *Gavin* was rightly decided, wrongly decided, or even pertinent, has no bearing on the law of the case, because in no event can it qualify as "supervening new law." "To constitute 'supervening new law,' the new decision must alter the law in a way, such as a change in controlling law, that would justify reevaluating the initial decision." *In re Le-Nature's, Inc.*, No. 8-1518, 2012 WL 363981, at *2 (W.D. Pa. Feb. 2, 2012). "[D]ecisions from other district courts certainly are not controlling authority" and so do not qualify as "supervening new law." *The Medicines Co. v. Teva Parenteral Meds., Inc.*, No. 09-750, 2011 WL

18

13135278, at *10 (D. Del. Oct. 5, 2011); *see also, e.g., Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case") (quoting WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶134.02[1][d] (3d ed. 1997)).

It therefore remains the law of the case that the two-year statute of limitations in N.J.S.A. 2A:14-2 applies to NJLAD claims, as the New Jersey Supreme Court held in *Montells v. Haynes*, 133 N.J. 282 (1993), and has repeatedly reaffirmed over the ensuing three decades.

## III.   It Would Be Futile for Plaintiff to Plead the New Claims Set Forth in Her Proposed Amended Complaint.[10]

### A.   The Proposed Amended Complaint Fails to State a *Pierce* Claim (Count III).

Count III of the proposed Amended Complaint attempts to state a claim under *Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J. 58 (1980), for "wrongful termination in retaliation for raising a claim of sexual harassment against Defendant Siminoff." (PAC Count III heading; *see also* PAC ¶114.) Count III fails to state a claim for two

---

[10] Again, in this Brief Fox addresses proposed Counts III, VI, VII, and VIII. Fox does not address proposed Counts II, IV, and V, which are asserted only against Siminoff.

independent and sufficient reasons: The *Pierce* claim itself is time-barred, and it is in any event is preempted by the NJLAD.[11]

### 1.   Plaintiff's Proposed *Pierce* Claim Is Time-Barred.

It is possible for a *Pierce* claim to sound in contract. If there is an underlying contract between the plaintiff-former employee and the defendant-former employer, "[a]n action in contract may be predicated on the breach of an implied provision that an employer will not discharge an employee for refusing to perform an act that violates a clear mandate of public policy." *Pierce*, 84 N.J. at 72. Here, however, the proposed Amended Complaint does not allege there was a contract between Plaintiff and Fox. It is therefore presumed that Plaintiff had an at-will employment relationship with Fox. *See, e.g., Witkowski v. Thomas J. Lipton, Inc.*, 136 N.J. 385, 397-98 (1994) ("An employment relationship remains terminable at the will of either an employer or employee, unless an agreement exists that provides otherwise"); *Bernard v. IMI Sys., Inc.*, 131 N.J. 91, 106 (1993) (employment is "at-will, unless specifically stated in explicit, contractual terms").

The existence of an "implied provision" or "implied covenant" is "dependent on the existence of a valid employment contract," and "no such covenant exists in 'at will' employment relationships" since such relationships are non-contractual.

---

[11] Proposed Count III's heading indicates it is directed against Fox alone. Some of the allegations under the heading suggest it is also directed against Albert. If so, the claim would fail against Albert for the same reasons it fails against Fox.

*Anderson v. DSM N.V.*, 589 F. Supp. 2d 528, 534 (D.N.J. 2008); *see also, e.g.,*
*McQuitty v. Gen. Dynamics Corp.*, 204 N.J. Super. 514, 520 (App. Div. 1985)
("Since plaintiff was working without a contract as an at-will employee, his
argument that every contract imposes a duty of good faith and fair dealing is
irrelevant. One cannot read additional terms into a non-existent contract").

Courts in this District have accordingly held that there can be no *Pierce*
contract claim where the plaintiff was an at-will employee and so had no contract.
For example, in *Day v. Wells Fargo & Co.*, No. 17-6237, 2018 WL 1891476 (D.N.J.
Apr. 20, 2018), the court explained that:

> although, in *Pierce*, the Supreme Court of New Jersey clearly
> recognized a cause of action for common law wrongful discharge
> sounding in contract, nothing in the decision suggests that the Court
> intended to create an action for breach of an implied provision of an
> employment contract *in the absence of a contract*. To the contrary, the
> law of New Jersey, as articulated by New Jersey's Supreme Court
> after *Pierce*, is well settled that causes of action for breach of implied
> contractual provisions cannot proceed without an underlying express or
> implied contract.

*Id.* at *4 (court's emphasis); *see also Piper v. Wells Fargo & Co.*, No. 17-cv-06222,
2018 WL 1942524, at *3 (D.N.J. Apr. 25, 2018) (Plaintiff cannot plead a *Pierce*
action "for wrongful discharge in breach of an implied term of an employment
contract" because she "alleges only that she had an employment relationship with
Wells Fargo" and "does not allege that her at-will employment with Wells Fargo
was otherwise governed by a contract of any kind").

"In the absence of a contract, [Plaintiff's] *Pierce* action may proceed only in tort." *Piper*, 2018 WL 1942524, at *4. The two-year statute of limitations, N.J.S.A. 2A:14-2, therefore applies – the same one that applies to NJLAD claims. *Piper*, 2018 WL 1942524, at *4 (*Pierce* "tort actions are limited to a two-year statutory period") (citing N.J.S.A. 2A:14-2); *Day*, 2018 WL 1891476, at *4 (applying "two-year statute of limitations to tort theory *Pierce* claims") (citing N.J.S.A. 2A:14-2); *Mateo v. First Transit Inc.*, No. 19-17302, 2021 WL 3856288, at *4 (D.N.J. Aug. 30, 2021) (citing *Day*).

Plaintiff was terminated from her employment with Fox on June 21, 2017. (PAC ¶46.) Plaintiff filed her Complaint in this action on December 19, 2019 (Doc. 2), two years and six months after her termination. Her attempt to state a *Pierce* claim is consequently barred by the two-year statute of limitations and adding the claim to her Complaint would be a futile exercise. *See, e.g., Piper*, 2018 WL 1942524, at *4 (where plaintiff was terminated on March 1, 2014 and filed suit on June 12, 2017, her *Pierce* claim "is barred by the applicable two-year statute of limitations" and dismissed with prejudice); *Day*, 2019 WL 1891476, at *4 (where plaintiff was terminated on August 22, 2014 and filed suit on June 12, 2017, "Plaintiff's claim, to the extent raised under a *Pierce* tort theory of liability, is barred by the applicable two-year statute of limitations and is dismissed with prejudice"). For this reason alone, the Court should deny Plaintiff leave to assert a *Pierce* claim.

> **2.     Plaintiff's Proposed *Pierce* Claim Is Preempted by the NJLAD.**

In her proposed Amended Complaint, Plaintiff admits that her (false) allegation she was discharged in retaliation for reporting Siminoff's alleged harassment to Fox would give rise to a claim under the NJLAD's anti-retaliation provision, N.J.S.A. 10:5-12(d). (PAC ¶¶178-81, citing *Davis v. City of Newark*, 417 F. App'x 201, 202 (3d Cir. 2011); *Gaines v. United Parcel Serv., Inc.*, No. 13-3709, 2014 WL 1450113, at *4 (D.N.J. Apr. 14, 2014).) Because that same allegation underlies Plaintiff's attempt to state a *Pierce* claim, the *Pierce* claim would be preempted by the NJLAD and therefore dismissed under Rule 12(b)(6), rendering Plaintiff's effort to add such a claim to her Complaint futile.

The New Jersey Legislature "intended the [NJ]LAD to be read to encompass the remedies at common-law for wrongful termination"; therefore, "a *Pierce* claim for wrongful termination is preempted by the [NJ]LAD and would not survive a motion to dismiss." *Berman v. Ballet Makers, Inc.*, No. 08-1032, 2009 WL 952497, at *2 (D.N.J. Apr. 7, 2009) (denying plaintiff's motion to amend "on the ground of futility"); *see also, e.g., Horneff v. PSEG Nuclear, Inc.*, No. 13-975, 2015 WL 263128, at *14 (D.N.J. Jan. 21, 2015) ("Because Plaintiff's *Pierce* claim is premised on the public policy embodied in the NJLAD retaliation provision, it fails as a matter of law"); *Campbell v. Sedgwick, Detert, Moran & Arnold*, No. 11-642, 2011 WL 5248150, at *2 (D.N.J. Nov. 2, 2011) (The NJLAD "provides plaintiffs with all

remedies available in common law tort actions. The exclusivity of the NJLAD thus preempts any common law claims based on the same factual predicate") (citation omitted); *Bosshard v. Hackensack Univ. Med. Ctr.*, 345 N.J. Super. 78, 90 (App. Div. 2001) (plaintiff's *Pierce* claim is "barred because it does not seek to vindicate interests independent of those protected by the [NJ]LAD"); *Dale v. Boy Scouts of Am.*, 160 N.J. 562, 604-05 (1999) ("Dale's common law claim, if pursued, would not protect an interest in addition to or aside from those protected by his statutory action. Accordingly, we hold that Dale's common law claim is duplicative of his [NJ]LAD claim") (internal quotation marks & citation omitted), *rev'd & remanded on other grounds*, 530 U.S. 640 (2000); *accord, e.g., Lawrence v. Nat'l Westminster Bank N.J.*, 98 F.3d 61, 73 (3d Cir. 1996); *A.D.P. v. ExxonMobil Rsch. & Eng'g Co.*, 428 N.J. Super. 518, 545 (App. Div. 2012); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 557 (D.N.J. 2014).

For this reason, too, the Court should deny Plaintiff leave to plead a *Pierce* claim.

### B. Plaintiff's Proposed NJLAD Claims Against Fox Have Already Been Dismissed with Prejudice (Counts VII and VIII).

Count VII of the proposed Amended Complaint attempts to state an NJLAD claim against Fox for discrimination. Count VIII of the proposed Amended Complaint attempts to state an NJLAD claim against Fox for retaliation. Count IV of the original Complaint attempted to state NJLAD claims against Fox for

24

discrimination and retaliation. The Court dismissed Count IV **with prejudice** because Plaintiff's NJLAD claims were time-barred under the two-year statute of limitations. (*See supra* Procedural History; Legal Argument Points I & II.) The Court's holding is the law of the case. (*See supra* Point II.)

Plaintiff's proposed new NJLAD claims are thus not new at all, but "in essence an attempt to reassert claims that the Court already dismissed with prejudice." *Larry Pitt & Assocs. v. Lundy Law, LLP*, No. 13-2398, 2017 WL 783653, at *10 (E.D. Pa. Feb. 28, 2017). Leave to plead those claims should be denied as futile. *See, e.g., id.* ("Because the Court will not permit [plaintiff] to reintroduce previously rejected theories into the case, this claim would be futile"); *Saltalamacchia v. Wentzel*, No. 14-CV-0868, 2016 WL 5844330, at *8 (M.D. Pa. Sept. 30, 2016) (Plaintiff is "barred from reasserting theories of liability that have already been dismissed with prejudice in this matter" under the law of the case doctrine, and "such claims may not be reasserted" in a prospective amended complaint); *Sosa v. Grillo*, No. 12cv1724, 2014 WL 359673, at *8 (M.D. Pa. Feb. 3, 2014) (where plaintiff sought leave to amend with a pleading that "included claims and defendants that the court had already dismissed with prejudice, we denied those motions"); *cf. Aul v. Correct Care Sols.*, No. 18-CV-02142, 2021 WL 1837571, at *7 (M.D. Pa. May 7, 2021) ("In his amended complaint, Aul inexplicably reasserts his state law respondeat superior or vicarious liability claims ... that were previously

dismissed with prejudice. As such, these claims are subject to the law of the case doctrine" and are "dismissed with prejudice") (citation omitted); *Warden v. Woods Servs.*, No. 19-CV-5493, 2020 WL 1289194, at *2 (E.D. Pa. Mar. 17, 2020) ("To the extent that Warden reasserts claims previously dismissed with prejudice, they are subject to the law of the case doctrine" and "all claims previously dismissed with prejudice are again dismissed with prejudice")

Plaintiff's attempt to replead her NJLAD claims, which the Court has already dismissed with prejudice, is not only futile, but arguably contumacious, *see, e.g., Falat v. Cnty. of Hunterdon*, No. 12-6804, 2014 WL 6611493, at *6 (D.N.J. Nov. 21, 2014) (Where claims were dismissed with prejudice, "[t]he Court will not tolerate Plaintiffs' attempt to revive these causes of action in the Amended Complaint; these claims remain dismissed" and "Counsel is admonished to respect all prior rulings"), vexatious, *see, e.g., Prall v. Bocchini*, No. 10-1228, 2013 WL 1314731, at *3 (D.N.J. Mar. 28, 2013) (ordering plaintiff to "cease his vexatious litigation practices such as continuing to attempt to raise claims that have already been dismissed with prejudice"), and violative of Fed.R.Civ.P. 11, *see, e.g., Millman v. Subaru of Am., Inc.*, No. 07-4846, 2009 WL 197527, at *4 (D.N.J. Jan. 27, 2009) ("Plaintiff's conduct in realleging Counts I and II in the [second amended complaint] did not meet the objective standard of reasonableness implicit in Rule 11 and outlined by the Third Circuit. After all, each of those counts had already been

FP 42006439.8

dismissed with prejudice and the failure to remove them after they had been dismissed is patently unreasonable"). But at this point, it is enough to observe that Plaintiff's attempt to replead her NJLAD claims, which have already been dismissed with prejudice, violates the law of the case and should be rejected as futile.

### C.   The Proposed Amended Complaint Fails to State an NJLAD Aiding and Abetting Claim (Count VI).

#### 1.   The Proposed Aiding and Abetting Claim Is Time-Barred.

In Count VI of the proposed Amended Complaint, Plaintiff seeks to add Elli Albert as a Defendant in order to assert an NJLAD aiding and abetting claim against her. Albert is alleged to have been Fox's Office Administrator in the office where Plaintiff worked until Plaintiff's termination on June 21, 2017. (PAC ¶¶21, 46.) There are no allegations in the proposed Amended Complaint of events or conduct against Plaintiff after her termination on June 21, 2017. Plaintiff filed her Complaint in this action on December 19, 2019, two and a half years after her termination. (Doc. 2.)

Again, it is the law of New Jersey under *Montells v. Haynes*, 133 N.J. 282 (1993), and its progeny, and the law of the case, that a two-year statute of limitations applies to NJLAD claims. There is no exception for aiding and abetting. *See, e.g., Saari v. Mitre Corp.*, No. 15-3295, 2017 WL 1197756, at *13 (D.N.J. Mar. 30, 2017) ("Plaintiff asserts vision disability discrimination claims under the NJLAD, including claims for failure to accommodate, hostile work environment, retaliation,

FP 42006439.8

and aiding and abetting. There is a two-year statute of limitations for all claims alleging a violation of the NJLAD") (citing *Montells*). Accordingly, adding Albert as a Defendant on an NJLAD claim would be a futile exercise, even if the claim were to relate back to the filing of the original Complaint (an issue Plaintiff has not bothered to address). Plaintiff should therefore be denied leave to amend the Complaint to sue Albert on an NJLAD aiding and abetting claim.

>       **2.    The Underlying NJLAD Claims Were Dismissed with Prejudice.**

Plaintiff's supporting allegation for her proposed aiding and abetting claim is that Albert aided and abetted Siminoff's violation of the NJLAD. (PAC ¶124.) That is a legal impossibility. Under the NJLAD's aiding and abetting provision it is unlawful for "any person, whether an employer or an employee or not, to aid [or] abet ... the doing of any of the acts forbidden under this act." N.J.S.A. 10:5-12(e). The aiding and abetting provision is the only basis for individual liability under the NJLAD. *E.g., Cicchetti v. Morris Cnty. Sheriff's Office*, 194 N.J. 563, 594 (2008); *Tarr v. Ciasulli*, 181 N.J. 70, 82-84 (2004). There is no aiding and abetting liability unless there is an underlying "principal violation," because absent that, there is nothing to aid or abet. *Tarr*, 181 N.J. at 84 ("the defendant must knowingly and substantially assist the principal violation"); *State v. Qwest Commc'ns Int'l, Inc.*, 387 N.J. Super. 469, 485 (App. Div. 2006) ("A claim for aiding and abetting ... requires proof of the underlying tort").

Here, Plaintiff's NJLAD claims against Siminoff, set forth in Count V of the original Complaint, have already been dismissed with prejudice. (Dismissal Op. at 6; Dismissal Order.) As a result, there can be no aiding and abetting liability because there is nothing for Albert to have aided or abetted.  *See, e.g., Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 307 n.15 (3d Cir. 2004) ("[I]nasmuch as we hold that the district court correctly granted summary judgment to the [employer], any claim [plaintiff] brought against the individual defendants for aiding and abetting fails as well"); *Murray v. Beverage Distrib. Ctr., Inc.*, 757 F. Supp. 2d 480, 489 n.18 (D.N.J. 2010) (granting summary judgment to individual defendants on aiding and abetting claim because plaintiff "cannot establish the underlying discrimination and retaliation claims"), *aff'd*, 533 F. App'x 98 (3d Cir. 2013); *Peacock v. Albertsons Acme Mkts.*, 607 F. Supp. 2d 694, 701 (D.N.J. 2009) ("Because the underlying [LAD] claims ... fail, the aiding and abetting claim against Carlucci must also fail").

Moreover, the "principal" violation aided and abetted must be that of the *employer* – here, of course, Fox – not a fellow employee like Siminoff. *See, e.g., Tourtelotte v. Eli Lilly & Co.*, 636 F. App'x 831, 856 (3d Cir. 2016) ("The NJLAD does not provide for individual liability for aiding and abetting if the employer is not found liable"); *Gross v. Jersey City*, No. 18-9802, 2019 WL 2120312, at *6 (D.N.J. May 15, 2019) ("[A]n individual employee cannot be found liable for discrimination under the NJLAD unless the employer is first found liable"). Nor would it help

29

Plaintiff to allege Albert aided and abetted Fox, since, as discussed above, Plaintiff's NJLAD claims against Fox have also been dismissed with prejudice. For these reasons, too, Plaintiff should be denied leave to assert an aiding and abetting claim.

### D.     Plaintiff's Proposed Title VII Retaliation Claim in Count VIII Is Already Pled in Count I.

Count I of the Complaint asserts claims against Fox under Title VII for discrimination and retaliation. (Compl. ¶51.) Fox did not move to dismiss Count I and it remains in the case.

Count VIII of the proposed Amended Complaint not only attempts to state a time-barred NJLAD claim against Fox (addressed above), but also repeats the Title VII retaliation claim already pled in Count I. Duplicative claims are routinely dismissed and leave to plead them are routinely denied as futile. *See, e.g., Doe v. Elwyn & Elwyn, Inc.*, No. 16-cv-2894, 2016 WL 6247055, at *6 (E.D. Pa. Oct. 25, 2016) ("Since Count Ten simply duplicates what has already been alleged in Plaintiff's failure to promote claim, it will be dismissed with prejudice"); *Goldenberg v. Indel, Inc.*, No. 09-5202, 2011 WL 13143347, at *6 (D.N.J. Nov. 16, 2011) (denying leave to add new counts alleging defendants mismanaged ERISA plan investments as "duplicative of other counts which already allege a breach of fiduciary duties for failure to prudently manage the Plan's assets"); *Zied v. Barnhart*, No. 06-cv-2305, 2009 WL 10718920, at *3 (M.D. Pa. Nov. 30, 2009) (Proposed amendment "re-asserting that the [Social Security Administration] has failed to

30

disclose required information, would be futile because any such claim would duplicate the [Freedom of Information Act] claim already in the case. Because the proposed amendments would be futile, [plaintiff's] Cross-Motion to Amend will be denied"). Plaintiff's attempt to repeat her Count I Title VII retaliation claim in Count VIII should accordingly be rejected.

## IV.   The Proposed Amended Complaint Suffers from Additional Significant Defects.

### A.   The Proposed Amended Complaint Is Chock-Full of Impermissible Legal Argument.

Much of the Proposed Amended Complaint is devoted to legal argument. (PAC ¶¶13-20 & nn.1-2, 93-94, 122-23, 125, 129, 137, 141.) This is impermissible and an independent and sufficient ground for denying Plaintiff's motion. *See, e.g., Credico v. Pa.*, 573 F. App'x 119, 120 (3d Cir. 2014) (including "extensive legal argument" in complaint violates the "short and plain statement" requirement of Rule 8(a)(2) and the "simple, concise, and direct" requirement of Rule 8(d)(1)); *Barrett v. City of Allentown*, 152 F.R.D. 50, 53 (E.D. Pa. 1993) (granting motion to strike legal argument from complaint under Rule 12(f) as violating Rule 8, and noting "[i]t would be unfair to allow this material to remain in the Complaint because Defendants would be compelled to weed through the verbiage and respond to the material contained therein or risk having the material deemed admitted"); *In re NC Swine Farm Nuisance Litig.*, No. 15-CV-13, 2015 WL 3948309, at *3 (E.D.N.C.

June 29, 2015) ("[T]he inclusion of legal arguments in a pleading violates Rule 8(a)'s 'short and plain statement' requirement"; "[a]ccordingly, the court, pursuant to Rule 12(f), will strike from plaintiffs' amended complaints legal argument regarding the applicability of the Restatement (Second) of Torts"); *Gleis v. Buehler*, No. 11CV663, 2012 WL 1194987, at *5 (D. Conn. Apr. 10, 2012) (denying leave to file second amended complaint and dismissing amended complaint with prejudice where, among other defects, "both of Plaintiff's complaints are rife with Plaintiff's legal arguments" and "it is inappropriate to include legal argument and briefing within a complaint as plaintiff has done here"); *Black v. UNUMProvident Corp.*, 245 F. Supp. 2d 194, 197-98 (D. Me. 2003) (striking "footnotes one and two" because they "contain legal argument inappropriate for inclusion in a complaint"); *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1342-43 (N.D. Ga. 2013) (holding amendment would be futile where "[t]he complaint contains whole paragraphs of legal argument, quotations and citation which have no place in a complaint").[12]

---

[12] *Cf. L.M. v. S. Ill. Univ. at Edwardsville*, No. 18-cv-1668, 2019 WL 5788078, at *5 (S.D. Ill. Nov. 6, 2019) (granting motion to dismiss in part and granting leave to file an amended complaint, but informing plaintiff's counsel "it is inappropriate to include argument in a complaint" and adding "[plaintiff's] counsel is advised to consult Rule 8(a)'s requirement that a complaint contain a 'short and plain statement' of the claim"); *Buchanan v. Pfister*, No. 17 CV 8075, 2018 WL 4699778, at *8 (N.D. Ill. Oct. 1, 2018) ("Plaintiffs should carefully review this opinion prior to drafting an amended complaint" and "should also take care to state only basic facts rather than puffing the amended complaint with legal terms and legal conclusions," as well as "legal arguments and case citations").

**B.     The Proposed Amended Complaint Attaches an Obscene Photograph as an Exhibit.**

Exhibit D to the proposed Amended Complaint (Doc. 70-7) consists of an insufficiently blurred and insufficiently redacted photograph. The unfortunate viewer is informed by text typed in red over the redaction that it is a "Redacted photo of the penis picture Ian Siminoff texted to Stephanie Jones."

As this description suggests, the proposed Amended Complaint makes reference to this alleged texting. In fact, it does so quite a few times. (PAC ¶¶51, 51(ww); *id.* text preceding ¶70; *id.* ¶¶73, 105, 106, 107, 113, 114, 115, 116, 117, 132.) So why do we need this picture?

The answer is we don't need it. It is redundant of the allegations already in the proposed Amended Complaint and itself is not a factual allegation. That redundancy is one reason it would be stricken from that pleading if it were ever filed. Fed.R.Civ.P. 12(f) (authorizing court to strike any "redundant" matter); *see also, e.g., Hahn v. City of Carlsbad*, No. 15-cv-2007, 2016 WL 3211801, at *4 (S.D. Cal. Feb. 3, 2016) (granting motion to strike video because it is "redundant" and "needlessly repeats numerous allegations in the [complaint]").

The more obvious reason, in the terminology of Rule 12(f), is that the photograph is "scandalous" – i.e., "outrageous and wholly inappropriate," *Collura v. City of Phila.*, 590 F. App'x 180, 185 (3d Cir. 2014); "casts a derogatory light" and "detracts from the dignity of the court," *Roamingwood Sewer & Water Ass'n v.*

33

*Nat'l Diversified Sales, Inc.*, 509 F. Supp. 3d 198, 204 (M.D. Pa. 2020); "deliberately derogatory or inflammatory," *Aetna Inc. v. Insys Therapeutics*, 324 F. Supp. 3d 541, 560 (E.D. Pa. 2018). It is also utterly unnecessary and obviously designed to attract even more media attention to a lawsuit that has had no shortage of it.

But perhaps the most compelling reason the photograph would be stricken under Rule 12(f) is the most pedestrian: It is not a "written instrument" under Rule 10(c). "[T]he types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based." *Rose v. Bartle*, 871 F.2d 331, 340 n.3 (3d Cir. 1989) (holding affidavits should not be attached to pleadings); *see also, e.g., Irizarry v. Abbott Labs.*, 833 F. App'x 947, 950 (3d Cir. 2020) (holding expert report "does not constitute a 'written instrument' and therefore cannot be incorporated into the complaint for purposes of the plausibility analysis" on a Rule 12(b)(6) motion) (citing Rule 10(c) & *Rose*); *Calpin v. Lackawanna Cnty.*, No. 16-2013, 2017 WL 590277, *5-6, 7 (M.D. Pa. Feb. 14, 2017) (striking from answer plaintiff former county corrections officer's deposition transcript in another case admitting she failed to report sexual assaults occurring at county prison and lied to investigators, since transcript is not a "written instrument").

As a result, courts have repeatedly held that photographs may not be attached to a complaint, and if they are they must be stricken under Rule 12(f). *See, e.g.,*

*Nkemakolam v. St. John's Mil. Sch.*, 876 F. Supp. 2d 1240, 1246-47 (D. Kan. 2012) (striking exhibits to complaint consisting of photograph and x-ray, since "they are not 'written instruments' and thus are not the types of exhibit contemplated by Rule 10 as proper attachments to a pleading") (citing *Rose*); *Rivera v. Robinson*, No. 18-14005, 2019 WL 1326588, at *4 (E.D. La. Mar. 25, 2019) (striking photographs and video because "they are not 'written instruments' as contemplated by Rule 10(c)" and "are therefore immaterial"); *NC Swine Farm Nuisance Litig.*, 2015 WL 3948309, at *2 ("The court agrees with defendant that the photographs do not constitute 'written instruments' under Rule 10(c)" and "are not properly attached to, or embedded within, their amended complaints. Accordingly, the court will strike the photographs"); *EEOC v. Bo-Cherry, Inc.*, No. 13-cv-00210, 2013 WL 2317724 (W.D.N.C. May 28, 2013) ("Despite the innocuous nature of the photograph," the court orders it stricken, noting the cases "unequivocally hold that photographs should not be attached as exhibits to either a complaint or an answer" and "the Rules ... do not contemplate the attachments of exhibits, such as photographs").

The unnecessary inclusion of an obscene, scandalous, redundant photograph as an exhibit to the proposed Amended Complaint was thus improper on several levels and is yet another reason the Court should deny Plaintiff's motion.

**C.     The Proposed Amended Complaint Attaches Three E-Mails as Exhibits.**

The three e-mails attached to the proposed Amended Complaint as Exhibits A through C (Docs. 70-4 through 70-6) are improper and would be subject to a motion to strike. The only appropriate exhibits to a pleading under Rule 10(c) are "written instruments," which, again, are limited to "contracts, notes, and other writings on which a party's action or defense is based." *Rose*, 871 F.2d at 340 n.3 (holding affidavits should not be attached to pleadings); *Irizarry*, 833 F. App'x at 950 (expert reports are not "written instruments"); *Calpin*, 2017 WL 590277, *5-6, 7 (striking from answer deposition transcript because it is not a "written instrument").

E-mails, like affidavits, expert reports, and transcripts, are *not* written instruments, as they do "not evidence legal rights or duties or give formal expression to any legal act or agreement, such as a statute, contract, will, lease, promissory note, share certificate, or other formal agreement. [An] email," instead, "is a communication that, at most, contains additional allegations and expands on Plaintiffs' evidentiary narrative." *Steverson v. Walmart*, No. 19-cv-00140, 2019 WL 3822179, at *3 (M.D. Tenn. Aug. 15, 2019); *accord, e.g., Williams v. Am. Com. Lines, Inc.*, No. 20-139, 2021 WL 4143931, at *1 n.11 (M.D. La. July 29, 2021), *adopted*, 2021 WL 4145083 (M.D. La. Sept. 10, 2021), *appeal filed*, No. 21-30609 (5th Cir. Sept. 30, 2021).

E-mails, therefore, may not be attached to a pleading. *See, e.g., Zinman v. Vantage Learning, LLC*, No. 16-2068, 2017 WL 395488, at *5 (E.D. Pa. Jan. 30, 2017) (striking e-mails from exhibits to pleading, as they are not "written instruments" under Rule 10(c), but "contain evidentiary matter and their inclusion at the initial pleading stage" is inappropriate) (citing *Rose*, 871 F.2d at 340 n.3); *Camboni v. MGM Grand Hotel, LLC*, No. CV11-1784, 2012 WL 2915080, at *7 (D. Ariz. July 16, 2012) (exhibits to complaint, such as newspaper articles, print-outs from websites, and e-mails, "do not constitute 'written instruments' for purposes of Rule 10(c)").

## CONCLUSION

Plaintiff's proposed Amended Complaint lacks even a trace of merit, openly flouts the Court's rulings, and includes improper and even obscene material. Plaintiff should not be permitted to file it.

Dated: October 29, 2021

Respectfully submitted,
FISHER & PHILLIPS LLP
Attorneys for Defendant
Fox Rothschild LLP

By: *s/Rosemary S. Gousman*
ROSEMARY S. GOUSMAN
For Fisher & Phillips LLP

FP 42006439.8