Tyrone Blackburn, ESQ
**Attorney NJS-ID # 232602020**
**1242 East 80th Street, 3rd Floor**
**Brooklyn, NY 11236**
**(347) 342-7432**
*Attorney for Plaintiff Stephanie Jones*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE JONES,<br>      Plaintiff,<br>-against-<br><br><br>FOX ROTHSCHILD LLP,<br>IAN W. SIMINOFF, and<br>ELLI ALBERT.<br><br>      Defendants. | Civil Action No.<br>2:20-cv-06312-SDW-LDW |

## PLAINTIFFS RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S PROPOSED AMENDED COMPLAINT

**By: Tyrone A. Blackburn, Esq.**
**T. A. Blackburn Law, PLLC.**
**1242 East 80th Street, 3rd Floor**
**Brooklyn, NY 11236**

## SUMMARY OF EVENTS:

This case was first filed in the Southern District of New York on December 18, 2019, and subsequently transferred to the District of New Jersey on May 18, 2020. Defendants filed a motion to dismiss Plaintiff's state law claims based on the expiration of New Jersey personal injury two-year statute of limitations. Plaintiff opposed Defendant's motion, citing the two-year lookback period afforded to victims of sex crimes detailed in New Jersey P.L. 2019, c.120 (S477 SCS). On October 21, 2020, this Court dismissed all of Plaintiff's NJLAD claims with prejudice, stating that the claims are time-barred due to the two-year statute of limitations. This Court never addressed the two-year lookback window, or New Jersey P.L. 2019, c.120 (S477 SCS).

On October 28, 2020, Plaintiff filed a motion for reconsideration. On November 20, 2020, Plaintiff filed a Notice of Appeal. On December 2, 2020, this Court denied the motion for reconsideration. On April 2, 2021, the case was administratively terminated, pending the outcome of the appeal. On June 30, 2021, the USCA ruled Plaintiff's appeal was premature and advised Plaintiff to seek certification under Federal Rule of Civil Procedure 54(b).

## LEAVE TO AMEND:

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings after the initial period for amendments as a matter of course "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because the rule requires that "[t]he court should freely give leave when justice so requires," Id., "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust," Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). "[U]ndue delay, bad faith, and futility" are among the factors potentially justifying denial of leave to amend. Id. The amendment is futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Stone v. N.J. Admin. Office of the Courts, 557 F. App'x 151, 155 (3d Cir. 2014).

Here, the proposed amended complaint is Ms. Jones's first request for leave to amend. The proposed amended complaint is not filed in bad faith and puts forth several viable causes of action against Siminoff, Albert, and Fox. Additionally, there was no undue delay, as Ms. Jones exercised her right to file a motion for reconsideration and an appeal of the court's October 21, 2020 opinion.

If Ms. Jones had waited until after the appeal to request a leave to amend (which she did), Defendants would find themselves in the same position they find today.

I. **THE NEW JERSEY STATE LEGISLATURE EXPRESSLY INTENDED FOR NEW JERSEY P.L. 2019, C.120 (S477 SCS) TO APPLY RETROACTIVELY TO PREVIOUSLY TIME-BARRED CLAIMS. THEREFORE, ALL OF MS. JONES CAUSES OF ACTION IN THE AMENDED COMPLAINT ARE VALID**:

Federal courts sitting in diversity "**must apply** the substantive law of the state whose laws govern the action." City of Philadelphia v. Lead Indus. Ass'n, Inc., 994 F.2d 112, 123 (3d Cir. 1993). S.Y. v. Roman Catholic Diocese of Paterson, Civil Action No. 20-2605 (ES) (CLW), 2021 U.S. Dist. LEXIS 188333, at *12 (D.N.J. September 30, 2021).

New Jersey P.L. 2019, c.120 (S477 SCS) **IS** the law of the land in the State of New Jersey, and Ms. Jones's causes of action filed under New Jersey P.L. 2019, c.120 (S477 SCS) are valid.

Defendants' argument that the claim's raised in the amended complaint are all time-barred is baseless considering the plain text of New Jersey P.L. 2019, c.120 (S477 SCS), and the precedent founded in New Jersey jurisprudence.

There is no vested right in the running of a statute of limitations in New Jersey. The New Jersey Supreme Court has rejected the argument that the retroactive application of the revived statute of limitations inherently disturbs rights vested under the New Jersey Constitution. See Twiss v. State, Dep't of Treasury, Office of Fin. Mgmt., 591 A.2d 913, 916 (N.J. 1991).

In Twiss v. State, Dep't of Treasury, Office of Fin. Mgmt., the Supreme Court of New Jersey provided the following detailed directive concerning the retroactive application of the revived statute of limitations:

> "When considering whether a statute should be applied prospectively or retroactively, our quest is to ascertain the intention of the Legislature." State, Dep't of Envtl. Protection v. Ventron Corp., 94 N.J. 473, 498, 468 A.2d 150 (1983).
>
> Generally, courts favor the prospective application of statutes. Gibbons v. Gibbons, 86 N.J. 515, 521, 432 A.2d 80 (1981). Fundamental fairness suggests that government give prior notice of a statute so citizens may conform to their behavior before

> its enforcement. Id. at 522, 432 A.2d 80; N. Singer, Sutherland on Statutes and Statutory Construction § 41.02 at 341 (4th ed. 1986) (Sutherland). The retroactive application also tends to "disturb feelings of security in past transactions." Sutherland, supra, § 41.04 at 348. Moreover, retroactive application of a statute may implicate due process rights. Ventron, supra, 94 N.J. at 498–99, 468 A.2d 150.
>
> The rule favoring prospective application, however, is one only of statutory interpretation. Its purpose is to aid the court in the search for legislative intent. Rothman v. Rothman, 65 N.J. 219, 224, 320 A.2d 496 (1974). Courts should not apply the rule mechanistically. Instead, "[w]here * * * supervening considerations clearly compel a contrary determination, this, like all other rules of statutory construction [,] must give way." Ibid. When the Legislature does not clearly express its intent to give a statute prospective application, a court must determine whether to apply the statute retroactively.
>
> Two questions here in the determination of whether a court should apply a statute retroactively. The first question is whether the Legislature intended to give the statute retroactive application. Gibbons, supra, 86 N.J. at 522, 432 A.2d 80. If so, the second question is whether the retroactive application is an unconstitutional interference with "vested rights" or will result in a "manifest injustice." Ventron, supra, 94 N.J. at 498–99, 468 A.2d 150; Gibbons, supra, 86 N.J. at 523, 432 A.2d 80. Once a court determines that a statute applies retroactively, it should apply the statute in effect at the time of its decision. Kruvant v. Mayor & Council of Cedar Grove, 82 N.J. 435, 440, 414 A.2d 9 (1980).
>
> *Courts will apply statutes retroactively when the Legislature has expressed its intent, either explicitly or implicitly, that the statute should be so applied, when the statute is curative, or when the reasonable expectations of those affected by the statute warrant such application*. Gibbons, supra, 86 N.J. at 522–23, 432 A.2d 80. Courts had found that the Legislature implicitly intended retroactive application *when such an application was "necessary to make the statute workable or to give it the most sensible interpretation."* Id. at 522, 432 A.2d 80; see Rothman, supra, 65 N.J. at 223–24, 320 A.2d 496 (court applied equitable distribution statute retroactively because the prospective application would confront courts with *468 "difficult if not impossible" task and would mean "full effect of the statute would not be felt for at least a generation")."

Twiss v. State, Dept. of Treas., Off. of Fin. Mgt., 591 A.2d 913, 915–16 (N.J. 1991).

It is necessary to reiterate the fact that in New Jersey, courts give effect to retroactive statutes "when the Legislature has expressed its intent, either explicitly or implicitly, that the statute should be so applied; when the statute is curative; or when the reasonable expectations of those affected by the statute warrant such application." Twiss, 591 A.2d at 916 (citing Gibbons v. Gibbons, 432 A.2d 80, 84 (N.J. 1981)). The plain language of SB477 evidences the Legislature's clear intent for the statute to apply to acts that occurred prior to enactment and revive claims that would

4

otherwise have been time-barred. Where "the Legislature expresses an intent that the statute is to be applied retroactively, the statute should be so applied." Oberhand v. Dir., Div. of Taxation, 940 A.2d 1202, 1209 (2008) (citing Gibbons, 432 A.2d at 84).

As previously stated, section 2A:14-2b opens a 2-year revival window for victims of any age for claims relating to the sexual abuse of children and sexual assault of adults that previously expired. Section 2A:14-2b applies retroactively to revive expired claims under the following clear language:

> "an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act . . . , or sexual abuse . . . , that occurred prior to the effective date of P.L.2019, c. 120 (C.2A:14-2a et al.), and *which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.*"

N.J. Stat. Ann. § 2A:14-2b. This statute explicitly requires application to acts that occurred prior to enactment and required the revival of expired claims based on those acts, and therefore, the Legislature expressly intended it to do so. Accord Twiss, 591 A.2d at 915-916.

Section 2A:14-2a revives expired child sex abuse claims for individuals until age 55 or for those abused as adults up to seven years after discovering that the assault caused their current problems. This section applies retroactively due to the following clear language:

> "Every action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual . . . , or sexual abuse . . . against a minor under the age of 18 that occurred prior to, on or after the effective date of P.L.2019, c. 120 (C.2A:14-2a et al.) shall be commenced within 37 years after the minor reaches the age of majority, *or within seven years from the date of reasonable discovery of the injury and its causal relationship to the act, whichever date is later*."

N.J. Stat. Ann. § 2A:14-2a.

The Legislature's intent to apply these statutes retroactively is explicit in the statutory language, and therefore, these statutes should be given retroactive effect. Even if the statute's retroactivity was not explicit, there is ample evidence of the Legislature's and the Governor's intent that SB477 (P.L. 2019, c.120) be applied retroactively to revive expired claims.

5

On March 7, 2019, New Jersey Senate Judiciary Committee issued the following statement regarding Senate Bill No. 477 (N.J.S.2A:14-2):

> "The Senate Judiciary Committee reports favorably a Senate Committee Substitute for Senate Bill No. 477.  This substitute bill *would extend the statute of limitations in civil actions for sexual abuse claims, as well as create a two-year window for parties to bring previously time-barred actions based on sexual abuse.*  The bill would also expand the categories of potential defendants in civil actions, and for some actions permit retroactive application of standards of liability to past acts of abuse for which liability did not previously exist.  The following section-by-section summary of the bill's provisions further details its scope and application to lawsuits which could be filed beginning on December 1, 2019, the bill's effective date."

On March 26, 2019, New Jersey Senate issued the following synopsis in Senate Committee Substitute for Senate, No. 477:

> "*Extends statute of limitations in civil actions for sexual abuse claims*; expands categories of potential defendants in civil actions; *creates two-year window for parties to bring previously time-barred actions based on sexual abuse*."

On May 13, 2019, New Jersey Governor Philip D. Murphy said the following:

> "Today I am signing Senate Committee Substitute for Senate Bill No. 477. Which *significantly extends the statute of limitations for sexual abuse claims and creates a two-year filing window for sexual abuse claims that would otherwise be time-barred by the statute of limitations that goes into effect upon the bill's enactment*… I cannot deny victims the ability to seek redress in court for sexual abuse that often leaves trauma lasting a lifetime.  I am confident that our judicial system is the right forum to assess these claims fairly and impartially."

a. **GAVIN V. BOARD OF EDUCATION, ET AL., 2:20-CV-09191-KM-JSA**:

On March 13, 2021, Judge Kevin McNulty, U.S.D.J for the District of New Jersey, published an opinion that examined the two years lookback window of New Jersey P.L. 2019, c.120 (S477 SCS), specifically, section 2A:14-2a(a)(1) and its impact on the NJLAD.  In Judge McNulty's decision, he held,

> "The state's personal-injury limitations period is two years.  The acts complained of occurred some six years before this action was filed.  Thus, Gavin's federal-law claims are time-barred.

6

Gavin's state-law claims, however, stand on a different footing. New Jersey is free to specify any limitations periods for causes of action under its law. Section 2A:14-2a(a)(1), the extended statute of limitations for claims based on sexual abuse of minors, applies to "[e]very action at law." Hence, it plainly encompasses all of Gavin's state-law claims. Accordingly, those are not time-barred."

In footnote 4, Judge McNulty directly addresses the "[n]otwithstanding" section of 2A:14-2a. Judge McNulty held,

> "Gavin cites another provision of the new law, providing that "[n]otwithstanding" section § 2A:14-2a, an action that is "otherwise" "barred" may be brought for two years after the legislation's effective date, December 1, 2019. N.J. Stat. Ann. § 2A:14-2b(a). He argues that his claims are timely because they fall within the two-year window starting on December 1, 2019. (Opp. at 3.) Gavin does not need to rely on this two-year window because, under section 2A:14-2a(a)(1), his claim is clearly not otherwise barred. Gavin is nowhere near 55 years old. This catchall provision is designed to assist sexual assault survivors who are over 55 and therefore could not take advantage of the newly extended limitations period. S. Judiciary Comm., Statement to Senate Committee Substitute for Senate, No. 477, S. 477, 218th Sess., at 7 (N.J. 2019)."

**b. SINCE GAVIN, OTHER COURTS IN THIS DISTRICT HAVE UPHELD THE APPLICABILITY OF NEW JERSEY P.L. 2019, C.120 (S477 SCS)**:

W.F. v. Roman Catholic Diocese of Paterson, No. 20-7020, 2021:

> "Defendant argues that the Child Victim's Act violates the due process clause of the New Jersey Constitution because it interferes with vested interests in the expiration of a statute of limitations for tort claims. The Court disagrees.
>
> Plaintiff brought this action under the Child Victim's Act. Compl. ¶ 1. The Child Victim's Act extended the statute of limitations for child sexual assault claims and revived expired civil claims for victims of childhood sexual abuse in New Jersey for two years. N.J.S.A. § 2A:14-2b." W.F. v. Roman Catholic Diocese of Paterson, Civil Action No. 20-7020, 2021 U.S. Dist. LEXIS 111062, at *5 (D.N.J. June 7, 2021)

Vegara v. Keyes, No. 3:20-cv-01460 (BRM)(LHG):

> In Vergara, the Court addressed the applicability of NJ P.L. 2019, c.120 (S477 SCS) to adults. In relevant part, the Court held:

7

> "Therefore, the statute is not limited to claims by children alleging sexual abuse. *See* N.J. Stat. Ann. § 59:2-1.3(a)(1). <u>Vergara v. Keyes</u>, No. 3:20-cv-01460 (BRM)(LHG), 2020 U.S. Dist. LEXIS 245149, at *21 (D.N.J. December 30, 2020).
>
> While "prohibited sexual act" and "sexual abuse" are defined to apply only to children, "sexual assault" and "any other crime of a sexual" are not, which means adults can bring claims under this statute.  Therefore, both the statute's terms and the Assembly Budget Committee's statement clarifying that N.J. Stat. Ann. § 59:2-1.3 does not exclusively apply to children. <u>Vergara v. Keyes</u>, No. 3:20-cv-01460 (BRM)(LHG), 2020 U.S. Dist. LEXIS 245149, at *21 (D.N.J. December 30, 2020)."

In <u>Gavin</u>, <u>Roman Catholic Diocese of Paterson</u>, and <u>Vegara</u>, the following "time-barred" state claims were allowed to proceed under New Jersey P.L. 2019, c.120 (S477 SCS).

<u>Gavin</u>: NJLAD, Assault and battery, IIED, NIED, and Negligent supervision, retention, and training.

<u>Roman Catholic Diocese of Paterson</u>: Negligence.

<u>Vegara</u>: Civil action for deprivation of rights, NJLAD, Assault, Negligent Hiring, Negligent Infliction of Emotional Distress, and Intentional Infliction of Emotional Distress.

In her proposed amended complaint, Ms. Jones raises a cause of action under New Jersey P. L. 2019, c.120 (S477 SCS) for Sex Crimes, Violation of the Pierce Doctrine, Sexual Harassment, Intentional Infliction of Emotional Distress, Aiding and Abetting, and NJLAD.  These causes of action would be "time-barred" as stand-alone claims, but as is the case in <u>Gavin</u>, <u>Vegara</u>, and <u>Roman Catholic Diocese of Paterson</u>, they are valid causes of action under New Jersey P.L. 2019, c.120 (S477 SCS).

Ms. Jones requests to receive equal treatment under the law and be afforded the same opportunity the plaintiffs in <u>Gavin</u>, <u>Vegara</u>, and <u>Roman Catholic Diocese of Paterson</u> had in filing their pleadings under New Jersey P.L. 2019, c.120 (S477 SCS).

8

c. **JUDGE ESTHER SALAS SEPTEMBER 30, 2021, OPINION IN S.Y. V. ROMAN CATHOLIC DIOCESE OF PATERSON, CIVIL ACTION NO. 20-2605**:

In S.Y. v. Roman Catholic Diocese of Paterson, Judge Salas held New Jersey law generally "favors prospective application of a new statute." James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 83 A.3d 70, 72 (N.J. 2014). But a statute should be applied retroactively when, first, "the Legislature **intended** to give the statute retroactive application," and second, "the retroactive application is [not] an unconstitutional interference with 'vested rights' [and] will [not] result in a 'manifest injustice.'" Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 143 A.3d 254, 264 (N.J. 2016) (quoting Twiss v. State, 124 N.J. 461, 591 A.2d 913, 915-16 (N.J. 1991)); see also R.A. v. W. Essex Reg'l Sch. Dist. Bd. of Educ., No. A-0329-19, 2021 N.J. Super. Unpub. LEXIS 1951, 2021 WL 3854203, at *10 (N.J. Super. Ct. App. Div. August 30, 2021).

Here, Section 2A:14-2b, which revives previously time-barred claims based on injuries caused by certain sexual offenses, is explicitly a retroactive extension of the statute of limitations for those claims. The Court indeed finds that the New Jersey Legislature evinced a **clear intent** to allow, within a two-year window, claims that arise from events "occurred prior to the bill's effective date which would otherwise be time-barred." Statement for S. 477, 218th Leg.; (*see* Def. Mov. Br. at 1; Pl. Opp. Br at 2). S.Y. v. Roman Catholic Diocese of Paterson, Civil Action No. 20-2605 (ES) (CLW), 2021 U.S. Dist. LEXIS 188333, at *13 (D.N.J. September 30, 2021).

II. **DEFENDANTS INTENTIONALLY MISCHARACTERIZE MS. JONES'S POSITION BY INSISTING MS. JONES BELIEVES NEW JERSEY P.L. 2019, C.120 (S477 SCS) CHANGES THE TWO-YEAR STATUTE OF LIMITATIONS FOR TORT CLAIMS AND CHALLENGES THE "LAW OF THE CASE"**:

As stated in the August 19, 2021, letter requesting the reopening of this case, Ms. Jones said the amended complaint is in no way challenging the court's October 21, 2020, opinion that there is a two-year statute of limitations torts claims in New Jersey. However, Ms. Jones accurately asserted that New Jersey P.L. 2019, c.120 (S477 SCS) affords victims of sex crimes a two-year window to raise causes of actions for expired tort claims in New Jersey.

Ms. Jones's position is not novel; a *simple* reading of the statute supports it.[1]. The courts in <u>Gavin v. Board of Education, et al.</u>, 2:20-cv-09191-KM-JSA; <u>W.F. v. Roman Catholic Diocese of Paterson</u>, No. 20-7020, 2021; <u>Vegara v. Keyes</u>, No. 3:20-cv-01460 (BRM)(LHG); and moste recently in <u>S.Y. v. Roman Catholic Diocese of Paterson</u>, Civil Action No. 20-2605 (ES) (CLW) all acknowledges this **fact**. As previously stated, New Jersey Governor Phil Murphy and New Jersey Senate and Assembly stated as much in their statements after the passage and implementation of New Jersey P.L. 2019, c.120 (S477 SCS).

The causes of actions raised in the amended complaint were filed under the two-year lookback window of New Jersey P.L. 2019, c.120 (S477 SCS). They are not stand-alone causes of actions filed under New Jersey's two-year statute of limitations for tort claims (as was the case for the original pleading). As the court already established in the October 21, 2020, opinion as a stand-alone tort claim these causes of action would be time-barred.

III. **<u>RULE 10 (C) EMAILS</u>**:

Defendant's panic over the inclusion of several emails that directly implicate Elli Albert in the collusion and coverup of Michael Barabander's sexual harassment of Ms. Jones. The emails were relied upon by Ms. Jones to draft the amended complaint. The emails evidence Fox's sham employee complaint and review process and shed light on Fox's toxic work environment.

Courts have generally taken a broader approach to the types of documents that may be attached to pleadings and considered by the court. Under this broad standard, courts have permitted incorporation by reference of deposition transcripts, letters of correspondence, <u>email</u>[2], motions, and litigation papers from earlier proceedings. Courts have even, on occasion, permitted the incorporation by reference of video recordings[3]. <u>4 Bender's Federal Practice Forms</u> (2021).

---

[1] **Exhibit A**: the complete text of New Jersey P.L. 2019, c.120 (S477 SCS).
[2] <u>Gburek v. Litton Loan Servicing LP</u>, 614 F.3d 380, 384 (7th Cir. 2010) (letters attached to the complaint as exhibits were treated as part of complaint for purposes of reviewing motion to dismiss).
[3] <u>Bogie v. Rosenberg</u>, 705 F.3d at 608–609 (7th Cir. 2013) (considering video cited in and attached to the complaint); <u>Brownmark Films, LLC v. Comedy Partners</u>, 682 F.3d 687, 690–91 (7th Cir. 2012) (considering videos cited in the complaint in support of copyright infringement claim and submitted by Defendant in support of the motion to dismiss.

The court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009). "A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).

Here, the emails exhibited to the amended complaint are a part of the pleading for all purposes. See Fed. R. Civ. P. 10(c) ("a copy of a written instrument that is an exhibit to a pleading is a *part of* the pleading for all purposes") (emphasis added). Moreover, these emails were "integral" to the harassment, retaliation, and wrongful termination Ms. Jones identified as the basis for her complaint. See Sira, 380 F.3d at 67 (document not expressly cited in complaint was "incorporated into the pleading because [it] was integral to [plaintiff s] ability to pursue" his cause of action); Chambers, 282 F.3d at 153 (document "integral" to a complaint where the complaint "relie[d] heavily upon its terms and effect") (quotation marks omitted); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) (necessity of translating motion into one under Rule 56 "largely dissipated" where Plaintiff had "actual notice" of information in documents and "relied upon [them] in framing the complaint"). L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011).

Furthermore, it is common practice in this District to allow emails to be attached as an exhibit to a pleading so long as it is integral to and relied upon by the party to draft the complaint. The following are a sample of cases from this District which has had emails attached as exhibits:

- Attached to the Complaint are, *inter alia*, various email correspondence, transcripts, and more importantly, a Verified Complaint for Investigation issued. Because these documents are attached to the Complaint, the Court can consider them. Kagalwalla v. Downing, Civil Action No. 17-2071(FLW), 2017 U.S. Dist. LEXIS 170577, at *3 (D.N.J. Oct. 13, 2017).
- Plaintiff's Complaint does not specifically address or reference that he filed a complaint with the EEOC and exhausted his administrative remedies, it does include as an exhibit an email attaching a right-to-sue letter from the EEOC. Taylor v. Comput. Scis. Corp., No. 1:20-cv-01848-NLH-KMW, 2021 U.S. Dist. LEXIS 147774, at *9 (D.N.J. Aug. 6, 2021)

- Plaintiff has attached emails to his Complaint about his working conditions and disputes with his fellow employees. <u>Allen v. New Jersey</u>, Civil Action No. 16-8661 (FLW) (DEA), 2017 U.S. Dist. LEXIS 112989, at *7 (D.N.J. July 20, 2017).
- An email provided as an exhibit to the complaint suggests that KDDI America viewed the 60-day term as required under the parties' contract. <u>UBI Telecom Inc. v. KDDI Am., Inc.</u>, Civil Action No. 13-1643 (KSH) (CLW), 2014 U.S. Dist. LEXIS 88842, at *14 (D.N.J. June 30, 2014).

Defendants' self-serving opposition to the inclusion of Elli Albert's emails in the pleading is indicative of their desperate attempt at hiding its intentional wrongdoing from public scrutiny. As previously stated, the emails are integral to Ms. Jones's complaint and were relied upon in drafting the complaint by Ms. Jones.

a. **SIMINOFF PHOTO**:

Defendants' pearl-clutching at the sight of Siminoff's redacted penis is quite rich considering they were provided with two copies of the unredacted penis photo on March 6, 2019. If Defendants are so aghast at the sight of Ian's redacted penis, they should imagine how Ms. Jones felt after Siminoff sexted her several unredacted and unsolicited photos of his penis throughout her employment. After receiving the unredacted photos, Defendant's made the conscious decision to keep Siminoff in their organization from March 6, 2019, to December 19, 2019, potentially exposing other female Fox employees to Siminoffs depravity.

Just like the Elli Albert emails, the redacted Siminoff photo was used by Ms. Jones to draft the amended complaint. In several districts, courts allow parties to attach photos as exhibits to a pleading or an answer is not frowned upon. So long as the image is not scandalous (which this one is not, since it's redacted), or immaterial courts have allowed it.

The photograph[s] adds information and detail to the allegations in the text of the complaint. The photographs, thus, aid the parties and the Court in understanding the allegations. The photographs also are not scandalous or impertinent. The photographs depict the alleged events and the alleged injuries … that form the basis of the claim. … Stacey, therefore, is entitled to litigate this case on the public record and so may put the photographs on the public record. <u>See Union Oil Co. of California v. Leavell</u>, 220 F.3d 562, 567-68 (7th Cir. 2000). <u>Stacey v. Peoria Cnty.</u>, No. 13-cv-1051, 2013 U.S. Dist. LEXIS 98481, at *23 (C.D. Ill. May 8, 2013).

Furthermore, it is common practice in this District to allow photographs to be attached as an exhibit to a pleading so long as it is integral to and relied upon by the party to draft the complaint. The following are a sample of cases from this District which has had photographs attached as exhibits:

- The photograph of the noose is attached as Exhibit A to the original complaint. Powell v. Verizon, No. 19-8418 (KM) (MAH), 2019 U.S. Dist. LEXIS 161552, at *25 (D.N.J. September 20, 2019).
- Two photographs, including one of the allegedly racist holiday decorations, are attached as Exhibits A & B to the original complaint. Williams v. Verizon N.J., Inc., No. 2:19-09350-KM-MAH, 2020 U.S. Dist. LEXIS 43528, at *38 (D.N.J. March 12, 2020).
- Photographs of the two models of alleged design patent infringing pens are included in Plaintiff's Complaint as Exhibits C and D. Cotapaxi Custom Design & Mfg., LLC v. Corp. Edge, Inc., Civil Action No. 06-5183 (JAG), 2007 U.S. Dist. LEXIS 73172, at (D.N.J. September 28, 2007)
- A copy of Photograph 2 is attached collectively in exhibit 2 of the complaint. Mockingbird 38, Llc v. Bloguin, Inc., Civil Action No. 20-20450, D.N.J. December 29, 2020.
- Photo Exhibits, attached to Compl.). Johnson v. De Prospo, No. 08-1813 (KSH), 2010 U.S. Dist. LEXIS 137938, at *5 (D.N.J. December 30, 2010).

IV. **PLAINTIFF'S PROPOSED PIERCE CLAIM IS NOT TIME-BARRED**:

Defendants correctly stated that in the absence of a contract, Ms. Jones Pierce action may proceed "only in tort." Piper, 2018 WL 1942524, at *4. Defendants are desperately hoping the Court once again overlooks the two-year lookback window afforded to Ms. Jones in New Jersey P.L. 2019, c.120 (S477 SCS).

As previously stated, the court in Gavin held, New Jersey is free to specify any and varying limitations periods for causes of action under its law. Section 2A:14-2a(a)(1), the extended statute of limitations for claims based on sexual abuse of minors, applies to "*[e]very action* at law," so it plainly encompasses all of Gavin's state-law claims. Accordingly, those *are not time-barred*.

To be clear, the state-law claims that remain after the dismissal of the federal claims are these: NJLAD against the Board and Dufault (Counts 2 and 3); Assault and battery against Dufault (Count 5); IIED against Dufault (Count 6); NIED against Dufault (Count 7); and Negligent supervision, retention, and training against the Board (Count 8). Gavin v. Bd. of Educ., No. 20-09191 (KM) (JSA), 2021 U.S. Dist. LEXIS 52115, at (D.N.J. March 18, 2021).

13

Here, Ms. Jones proposed Pierce claim is valid and **NOT** time-barred under Section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS).

a. **MS. JONES'S PIERCE CLAIM IS INDEPENDENT OF THE NJLAD**:

Ms. Jones's Pierce claim is independent of the NJLAD claim she filed in her original pleading. On October 21, 2020, the court dismissed Ms. Jones's stand-alone NJLAD claim because, in the court's opinion, it was time-barred. Ms. Jones's Pierce claim is not filed independently, as was the case with the original NJLAD claim, and is directly reliant on the two-year lookback window in New Jersey P.L. 2019, c.120 (S477 SCS).

The New Jersey Supreme Court, in addressing this issue, has stated where the NJLAD provides an appropriate remedy, "it might be unnecessary to recognize or create a Pierce-type action to vindicate substantially the same rights and provide similar relief." Shaner v. Horizon Bankcorp., 116 N.J. 433, 454, 561 A.2d 1130 (1989). See also Erickson v. Marsh & McLennan Co., 117 N.J. 539, 562, 569 A.2d 793 (1990) (same); Drinkwater v. Union Carbide Corp., 904 F.2d 853, 864 n.22 (3d Cir. 1990) (noting that, based on Shaner and Erickson, the New Jersey Supreme Court has "left some doubt as to whether plaintiff's wrongful discharge claim is preempted by the NJLAD"). It is clear that the NJLAD provides the full panoply of rights and remedies available under the common law, and that would be available in a case brought under Pierce. See N.J.S.A. § 10:5-13 ("All remedies available in common law tort actions shall be available to prevailing plaintiffs [under NJLAD]."). Schanzer v. Rutgers Univ., 934 F. Supp. 669, 678-79 (D.N.J. 1996).

A Pierce claim cannot be maintained when a plaintiff has an available remedy under the NJLAD. See Catalane v. Gilian Instrument Corp., 271 N.J. Super. 476, 491-92, 638 A.2d 1341 (App. Div.), cert. denied, 136 N.J. 298, 642 A.2d 1006 (1994); Lawrence v. National Westminster Bank, 98 F.3d 61, 73 (3d Cir. 1996). Naik v. RGIS Inventory Specialists, Inc., Civil Action No. 00-4997 (NHP), 2001 U.S. Dist. LEXIS 25960, at (D.N.J. February 26, 2001).

Here, on October 21, 2020, this court dismissed Ms. Jones's stand-alone NJLAD claim with prejudice. Therefore, as it stands now, Ms. Jones does not have the "availability" of seeking

recourse under the NJLAD (although Ms. Jones has refiled her NJLAD claim under New Jersey P.L. 2019, c.120 (S477 SCS)), so her proposed Pierce claim is valid.

V. **ELLI ALBERT'S AIDING AND ABETTING**:

Elli Albert's aiding and abetting claim rest squarely in her documented acts of conspiracy and collusion with Ms. Jones's abusers. This is evident from the emails between Albert and Barabander and the "advice" she provided Ms. Jones during a meeting where Ms. Jones disclosed that Siminoff was sexually harassing her. Albert warned Ms. Jones against making a "big deal" over Siminoff's actions. Shortly after that, Albert terminated Ms. Jones.

Conspiracy requires "a real agreement or confederation with common design." Morganroth & Morganroth v. Norris, McLaughlin & Marcus P.C., 331 F.3d 406, 414 (3d Cir. 2003) (applying New Jersey law). Aiding and abetting liability requires concerted action or substantial assistance or encouragement for another's activities. Restatement (Second) of Torts § 876; *cf.* Tarr v. Ciasulli, 181 N.J. 70, 83-84, 853 A.2d 921 (2004) (aiding and abetting liability under the New Jersey Law Against Discrimination governed by Section 876 of the Restatement (Second) of Torts). Mercado v. Bank of Am., N.A., No. 2:12-01123 (WJM), 2012 U.S. Dist. LEXIS 163395, at *18 (D.N.J. November 15, 2012).

Here, there is no doubt that Albert had a "real agreement" with Barabander when she reached out to him within seven minutes of receiving Ms. Jones's complaint of sexual harassment. It was further solidified in Albert's warning to Barabander not to discuss issues concerning Ms. Jones on Fox email. Albert's underhanded and dishonest practices lend credence to Ms. Jones's assertion that Albert advised her not to make a big deal of Siminoffs sexual harassment.

Finally, Defendants claim that Albert's aiding and abetting claim cannot stand alone due to the court's decision to dismiss her stand-alone NJLAD claim with prejudice. As previously stated, Ms. Jones raises a cause of action for violation of the Pierce Doctrine. As a stand-alone cause of action, Ms. Jones can bring her aiding and abetting claim against Albert for her role in violating the Pierce Doctrine.

15

The Restatement states that "a person is liable for harm resulting to a third person from the conduct of another when he 'knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself . . . ." Restatement (Second) of Torts § 876(b) (1979); See Failla, 146 F.3d at 158. Aiding and abetting "require[s] active and purposeful conduct." See Ivan v. Cnty. of Middlesex, 612 F. Supp. 2d 546, 552 (D.N.J. 2009) (quoting Tarr v. Ciasulli, 181 N.J. 70, 83, 853 A.2d 921 (2004). The aider and abettor must "'willfully and knowingly' associate himself with another's unlawful act." See Failla, 146 F.3d at 158. Shared intent is irrelevant for purposes of establishing liability under NJLAD. See Failla, 146 F.3d at 157; see also Passaic Daily News v. Blair, 63 N.J. 474, 488-89, 308 A.2d 649 (1973).

Therefore, to prove an employer is an aider or abettor in New Jersey, Plaintiff must demonstrate that: "(1) the party whom the defendant [aided,] [performed] a wrongful act that [caused] an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he [provided] the assistance; [and] (3) the defendant must [have] knowingly and substantially [assisted] the principal violation." Cicchetti v. Morris Cnty. Sheriff's Office, 194 N.J. 563, 594, 947 A.2d 626 (2008). Burroughs v. City of Newark, Civil Action No. 2:11-cv-1685 (SDW) (MCA), 2013 U.S. Dist. LEXIS 112288, at *22-23 (D.N.J. August 9, 2013).

In the amended complaint, Ms. Jones clearly lays out Albert's role in conspiring, colluding, aiding, and abetting the sexual harassment visited upon her by Siminoff and Barabander.

**CONCLUSION**:

Ms. Jones respectfully requests the court approves her amended complaint and reject Defendant's attempts to rob her of the rights afforded to her and rights that were provided to plaintiffs in cases brought in this district under New Jersey P.L. 2019, c.120 (S477 SCS). These rights are vested in case law in this district and case law from New Jersey's Supreme Court.

New Jersey precedent establishes that, like with federal law, the legislation "readjusting rights and burdens" is not unlawful "solely because it upsets otherwise settled expectations." Phillips v. Curiale, 128 N.J. 608, 608 A.2d 895, 902 (N.J. 1992) (quoting Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 16, 96 S. Ct. 2882, 49 L. Ed. 2d 752 (1976)). "This is true even though the effect

of the legislation is to impose a new duty or liability based on past acts." Id.; see Rothman v. Rothman, 65 N.J. 219, 320 A.2d 496, 499-503 (1974) (balancing the public interest against the private right and holding that the application of the statute authorizing an equitable distribution of marital assets upon divorce did not offend the requirement of due process); State Trooper Fraternal Ass'n of N.J., Inc. v. State, 149 N.J. 38, 692 A.2d 519, 528-29 (N.J. 1997) (balancing the public interest against the impact on former state troopers whose contractually secured retroactive salary payments were eliminated by Department of Personnel regulation and holding that "the contractual interest at stake is not a vested right").

This is because of "principles of substantive due process that define the sovereign powers of government—**when there is an evil that deserves redress**, the Constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object." Phillips, 608 A.2d at 903 (quoting Silver v. Silver, 280 U.S. 117, 122, 50 S. Ct. 57, 74 L. Ed. 221 (1929)). To this end, "retroactive civil legislation generally does not violate due process unless the consequences are 'particularly harsh and oppressive.'" Id. at 902 (quoting State v. Ventron Corp., 94 N.J. 473, 468 A.2d 150 (N.J. 1983)).  S.Y. v. Roman Catholic Diocese of Paterson, Civil Action No. 20-2605 (ES) (CLW), 2021 U.S. Dist. LEXIS 188333, at *20-21 (D.N.J. September 30, 2021).

The **EVIL** the New Jersey legislature aimed to redress in New Jersey P.L. 2019, c.120 (S477 SCS), was the pure **EVIL** visited upon Ms. Jones from Elli Albert, Fox Rothschild, and Ian Siminoff.

                                           Respectfully submitted,

                                           *Tyrone A. Blackburn, Esq.*
                                           Tyrone A. Blackburn, Esq.
                                           T. A. Blackburn Law, PLLC