

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, SDNY, & DNJ

1242 EAST 80TH STREET, 3RD FLOOR
BROOKLYN, NY 11236

June 29, 2022

**Via ECF**
The Honorable Evelyn Padin
50 Walnut St #4015
Newark, NJ 07102

Re: **Jones. v. Fox Rothschild, et al. No. 2:20-cv-06312**

Dear Judge Padin,

This firm represents Plaintiff Stephanie Jones ("Plaintiff") in the above-referenced matter. We respectfully request your Honor to stay discovery (which is in its infancy, as no documents have been exchanged, and no depositions have been taken), take time to review section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS) ("The Statute"), and provide an opinion[1] concerning the applicability of section 2A:14-2a(a)(1) to this case. To date, **NO** analysis of the Statue has been conducted in this case, and Ms. Jones has been deprived of access to the Statute's protections.

For nearly two years, Ms. Jones has fought to have the prior Court reinstate her New Jersey State law claims or to provide an analysis as to why Ms. Jones is not qualified for the protections the Statute provides to other similarly situated Plaintiffs.

As they have done in the past, defendants will argue that the "law of the case doctrine" should preempt your Honor from taking this fair and balanced approach, but the law of the case doctrine, insofar as it concerns the effect of a predecessor judge's ruling, does not deprive the successor judge of authority to reconsider the prior judge's ruling. Rohrbach v. AT & T Nassau Metals Corp., 915 F. Supp. 712, 714 (M.D. Pa. 1996). Several circumstances enable the successor judge to reconsider the predecessor judge's rulings, such as a determination that the decision was erroneous and would work a manifest injustice. Id. The doctrine is not a barrier to the correction of judicial error. Id. The successor judge may reconsider a prior judge's ruling. Id.

Here, the prior Court's October 21, 2020 ruling was void of any analysis, reference to, or mention of section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS). The Court said the state

---

[1] In the alternative, Plaintiff requests that Your Honor sets a briefing schedule so the parties can provide the court with a detailed analysis of the Statute.

 347-342-7432   tblackburn@tablackburnlaw.com   TABlackburnlaw.com

1



law claims are time-barred due to the two-year statute of limitations. The Court did not analyze the applicability of the Statute to Ms. Jones's case. This was a clear error that we hope will be corrected.

As detailed below, to date, six Federal District Courts, two New Jersey State Courts, and two New Jersey Superior Court Appellate Divisions have been unanimous in their reading and interpretation of New Jersey P.L. 2019, c.120 (S477 SCS), the eligibility of the prospective plaintiffs, and the impact the statute's two-year lookback window has on time-barred state law claims.

Ms. Jones is not asking for special treatment; she only wants equal treatment under the law. Ms. Jones wants the same rights afforded to the Plaintiffs in the cases mentioned below.

**Summary of events**:
This case was first filed in the SDNY on December 18, 2019, and subsequently transferred to the District of New Jersey on May 18, 2020. Defendants filed a motion to dismiss Plaintiff's state law claims based on the expiration of the New Jersey personal injury two-year statute of limitations. Plaintiff opposed Defendant's motion, citing the two-year lookback period afforded to victims of sex crimes detailed in New Jersey P.L. 2019, c.120 (S477 SCS). On October 21, 2020, the prior Court dismissed all of Plaintiff's NJLAD claims with prejudice, stating that the claims are time-barred due to the two-year statute of limitations. The prior Court never addressed the two-year lookback window, or New Jersey P.L. 2019, c.120 (S477 SCS). (***See*** **Docket Entry 54**).

On October 28, 2020, Plaintiff filed a motion for reconsideration. On November 20, 2020, Plaintiff filed a Notice of Appeal. On December 2, 2020, this Court denied the motion for reconsideration. On April 2, 2021, the case was administratively terminated, pending the outcome of the appeal. On June 30, 2021, the USCA ruled Plaintiff's appeal was premature and advised Plaintiff to seek certification under Federal Rule of Civil Procedure 54(b).

A. **Third Circuit District Courts**:
Gavin v. Board of Education, et al., 2:20-cv-09191-KM-JSA:
On March 13, 2021, Judge Kevin McNulty, U.S.D.J for the District of New Jersey, published an opinion that examined the two years lookback window of New Jersey P.L. 2019, c.120 (S477 SCS), specifically, section 2A:14-2a(a)(1)[2] and its impact on the NJLAD. In Judge McNulty's decision, he held,

> "The state's personal-injury limitations period is two years. The acts complained of occurred some six years before this action was filed. Thus, Gavin's federal-law claims are time-barred.
>
> Gavin's state-law claims, however, <u>stand on a different footing</u>. New Jersey is free to specify any limitation periods for causes of action under its law. Section 2A:14-2a(a)(1),

---

[2] Plaintiff briefed the court on Section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS).

 347-342-7432       tblackburn@tablackburnlaw.com       TABlackburnlaw.com

2

# T. A. Blackburn Law

the extended statute of limitations for claims based on sexual abuse of minors, applies to "[e]very action at law." Hence, it encompasses all of Gavin's state-law claims. Accordingly, those are not time-barred."

In footnote 4, Judge McNulty addresses the "[n]otwithstanding" section of 2A:14-2a. Judge McNulty held,

"Gavin cites another provision of the new law, providing that "[n]otwithstanding" section § 2A:14-2a, an action that is "otherwise" "barred" may be brought for two years after the legislation's effective date, December 1, 2019. N.J. Stat. Ann. § 2A:14-2b(a). He argues that his claims are timely because they fall within the two-year window starting on December 1, 2019. (Opp. at 3.) Gavin does not need to rely on this two-year window because, under section 2A:14-2a(a)(1), his claim is clearly not otherwise barred. Gavin is nowhere near 55 years old. This catchall provision is designed to assist sexual assault survivors who are over 55 and therefore could not take advantage of the newly extended limitations period. S. Judiciary Comm., Statement to Senate Committee Substitute for Senate, No. 477, S. 477, 218th Sess., at 7 (N.J. 2019)."

**a. Since Gavin, Other courts in this District have upheld the applicability of New Jersey P.L. 2019, c.120 (S477 SCS):**

W.F. v. Roman Catholic Diocese of Paterson, No. 20-7020, 2021:

"Defendant argues that the Child Victim's Act violates the due process clause of the New Jersey Constitution because it interferes with vested interests in the expiration of a statute of limitations for tort claims. The Court disagrees.

Plaintiff brought this action pursuant to the Child Victim's Act. Compl. ¶ 1. The Child Victim's Act extended the statute of limitations for child sexual assault claims and additionally revived expired civil claims for victims of childhood sexual abuse in New Jersey for a two-year period. N.J.S.A. § 2A:14-2b." W.F. v. Roman Catholic Diocese of Paterson, Civil Action No. 20-7020, 2021 U.S. Dist. LEXIS 111062, at *5 (D.N.J. June 7, 2021)

Vergara v. Keyes, No. 3:20-cv-01460 (BRM)(LHG):

In Vergara, the Court addressed the applicability of NJ P.L. 2019, c.120 (S477 SCS) to adults. In the relevant part, the Court held:
"Therefore, the statute is not limited to claims by children alleging sexual abuse. See N.J. Stat. Ann. § 59:2-1.3(a)(1). Vergara v. Keyes, No. 3:20-cv-01460 (BRM)(LHG), 2020 U.S. Dist. LEXIS 245149, at *21 (D.N.J. December 30, 2020).



> While "prohibited sexual act" and "sexual abuse" are defined to apply only to children, "sexual assault" and "any other crime of a sexual" are not, which means adults can bring claims under this statute.  Therefore, both the statute's terms and the Assembly Budget Committee's statement clarify that N.J. Stat.  Ann.  § 59:2-1.3 does not exclusively apply to children. <u>Vergara v. Keyes</u>, No. 3:20-cv-01460 (BRM)(LHG), 2020 U.S. Dist. LEXIS 245149, at *21 (D.N.J. December 30, 2020)."

<u>B.A. v. Golabek</u>, No.: 18-cv-17523 (KSH) (CLW):

In Golabek, the Court addressed the applicability of NJ P.L. 2019, c.120 (S477 SCS) to time-barred claims.  In the relevant part, the Court held:

> "The 2019 amendments also provided relief for child sexual abuse victims whose claims would still be untimely by instituting a two-year "open window" period.  *See* S. Rep. No. 477 at 1 (March 7, 2019) (recognizing that the 2019 amendments "would extend the statute of limitations in civil actions for sexual abuse claims, as well as create a two-year window for parties to bring previously time-barred actions based on sexual abuse").  More specifically, N.J.S.A. 2A:14-2b(a) provides that:
>
>> *Notwithstanding the statute of limitations provisions of* **[N.J.S.A. 2A:14-2a]** *. . . , an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, . . . or sexual abuse as defined in [the CSAA] that occurred prior to the effective date of the [2019 amendments], and which action would otherwise be barred through the application of the statute of limitations, may be commenced within two years immediately following the effective date*. B.A. v. Golabek, No. 18-cv-17523 (KSH) (CLW), 2021 U.S. Dist. LEXIS 216415, at *10-11 (D.N.J. November 8, 2021).
>
> The 2019 amendments provide a broad, if temporary, opportunity to file lawsuits that arise under the CSAA without regard to considerations that are discussed therein.  *See* N.J.S.A. 2A:14-2b(a) (notwithstanding the limitation period of **N.J.S.A. 2A:14-2a**, creating a two-year "open window" for victim to commence action which "would otherwise be barred through application of the statute of limitations").  Golabek and the Parsippany defendants want the Court to screen what comes through that two-year "open window," and the Court does not believe it has that authority.  <u>Id</u>

<u>S.Y. v. Roman Catholic Diocese of Paterson</u>, No. 20-2605 (ES) (CLW):

In <u>Roman Catholic Diocese</u>, the Court addressed the applicability of NJ P.L. 2019, c.120 (S477 SCS) to time-barred claims.  In the relevant part, the Court held:

> "Section 2A:14-2b of New Jersey Statutes is part of an act that is commonly known as New Jersey's Child Victims Act, and it "eliminate[s] the statute of limitations in civil actions for

📞 347-342-7432   ✉ tblackburn@tablackburnlaw.com    TABlackburnlaw.com

4



T. A. Blackburn Law

sexual abuse, expand[s] the categories of defendants who are potentially liable in these actions, and codif[ies] the liability of public entities in these actions." Statement for S. 477, 218th Leg. (N.J. 2019) (enacted).  The pertinent part of Section 2A:14-2b states the following:

> Notwithstanding the statute of limitations provisions of N.J.S.2A:14-2, section 2 of P.L.2019, c.120 (**C.2A:14-2a**), section 1 of P.L. 1964, c.214 (C.2A:14-2.1), or any other statute, an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1), that occurred prior to the effective date of P.L.2019, c.120 (**C.2A:14-2a et al.**), and which action would otherwise be barred through the application of the statute of limitations, may be commenced within two years immediately following the effective date. N.J. Stat. Ann. § 2A:14-2b(a).

Section 2A:14-2b creates a two-year window from December 1, 2019, the date the law became effective, "for lawsuits to be filed for acts of sexual abuse that occurred prior to the bill's effective date which would otherwise be time-barred." Statement for S. 477, 218th Leg. (N.J. 2019) (enacted).  Here, the Complaint was filed on February 7, 2020, well within Section 2A:14-2b's two-year window.  But because the Complaint alleges claims based on events that occurred from approximately 1973 to 1975, those claims would have been time-barred if not for Section 2A:14-2b.  (*See* Compl. ¶ 38).  S.Y. v. Roman Catholic Diocese of Paterson, Civil Action No. 20-2605 (ES) (CLW), 2021 U.S. Dist. LEXIS 188333, at *6-8 (D.N.J. September 30, 2021)

B. **<u>New Jersey Superior Court Appellate Division</u>**:

W.S. v. Hildreth, 470 N.J.  Super.  57:

In <u>Hildreth</u>, the New Jersey Superior Court Appellate Division addressed the applicability of NJ P.L. 2019, c. 120 (S477 SCS).  In the relevant part, the Appellate Division held,
> "In May 2019, the Legislature passed *Chapter* 120, which became effective on December 1, 2019.  The Legislature intended to "extend the statute of limitations in civil actions for sexual abuse claims . . . [and] also expand the categories of potential defendants in civil actions, and for some actions permit retroactive application of standards of liability to past acts of abuse for which liability did not previously exist." *Statement to S. Comm. Substitute for S. 477* (March 7, 2019) (*Committee Statement*).  *Chapter* 120 amended several statutes, including the TCA, the CSAA, and the Charitable Immunity Act (CIA), N.J.S.A. 2A:53A-7 to - 11, and it also enacted entirely new statutes of limitations for tort claims arising from sexual abuse and exploitation.  W.S. v. Hildreth, 470 N.J.  Super. 57, 63, 268 A.3d 1038, 1042 (Super. Ct. App. Div. 2021).



> **Section 2 of** *Chapter* **120** enacted a new provision, now codified as **N.J.S.A. 2A:14-2a**, that extended the statute of limitations for civil tort actions arising out of sexual abuse of minors. Every action at law for an injury resulting from the commission of the sexual assault, any other crime of a sexual nature, a prohibited sexual act . . . or sexual abuse . . . against a minor under the age of [eighteen] *that occurred prior to*, on or after [*December 1, 2019*,] shall be commenced within [thirty-seven] years after the minor reaches the age of majority, or within seven years from the date of reasonable discovery of the injury and its causal relationship to the act, whichever date is later." Id.

R.A. a Fictitious Designation v. W. Essex Reg'l Sch. Dist. Bd. Of Educ., Docket No. A-0329-19, A-1846-19:

In W. Essex Reg'l Sch., the New Jersey Superior Court Appellate Division addressed the applicability of NJ P.L. 2019, c. 120 (S477 SCS). In the relevant part, the Appellate Division held,

> "The legislation also added N.J.S.A. 2A:14-2b, which provided an additional two years from December 1, 2019, to file claims for damages arising from sexual offenses and abuse. N.J.S.A. 2A:14-2b(a); *L*. 2019, *c*. 120, § 9. The statute expressly provides for its retroactive application to actions for damages resulting from sexual offenses and abuse "that occurred prior to" December 1, 2019, and "which action would otherwise be barred through the application of the [previously effective] statute of limitations." N.J.S.A. 2A:14-2b(a); *L*. 2019, *c*. 120, § 9; *see also Statement to S. 477*, at 7-8 (explaining *L*. 2019, *c*. 120, § 9 creates a two-year window for claims of sexual abuse that occurred prior to December 1, 2019, that would otherwise be time-barred "even after applying (retroactively) the new extended statute of limitation s," and noting that "[t]he same retroactive application of the amended Charitable Immunity Act" would apply to lawsuits filed during the extended statute of limitations period).

> In sum, *L*. 2019, *c*. 120 is replete with detailed and precise legislative determinations as to which provisions are retroactive. Thus, the Legislature clearly knew how to make statutory provisions retroactive, parsed through the legislation to address the retroactivity issue in unequivocal terms, and made express provisions for retroactive application where it deemed appropriate … It is our role to enforce the legislative intent as expressed through the words used by the Legislature.'" *Opderbeck v. Midland Park Bd. of Educ.*, 442 N.J. Super. 40, 58, 120 A.3d 967 (App. Div. 2015) (second and third alterations in original) (quoting *Lippman v. Ethicon, Inc.*, 222 N.J. 362, 388, 119 A.3d 215 (2015)). R.A. a Fictitious Designation v. W. Essex Reg'l Sch. Dist. Bd. of Educ., Nos. A-0329-19, A-1846-19, 2021 N.J. Super. Unpub. LEXIS 1951, at *35-37 (Super. Ct. App. Div. August 30, 2021).

C. **Other Decisions The Court May Want To Review**:
- Coyle v. Salesians of Don Bosco, 2021 WL 3484547 (N.J.Super.L. July 27, 2021);



- T.M. v. Order of St. Benedict of New Jersey, Inc., MRS-L-399-17 (Law Division, Morris County).

**Conclusion**:

      Respecting the prior Court's October 21, 2020, opinion, Plaintiff is not challenging the two-year statute of limitations for personal injury claims in New Jersey.  As previously mentioned, in its opinion dismissing the NJLAD, the prior Court did not address section §2A:14-2b(a) of New Jersey P.L. 2019, c.120 (S477 SCS) or the applicability of its provisions to the facts of Plaintiff's case.  Considering this, Plaintiff has written an amended complaint following the standard set by Gavin while respecting the prior Court's opinion on October 21, 2020.

We now ask your Honor to stay discovery, take time to review section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS), and provide an opinion concerning the applicability of section 2A:14-2a(a)(1) to this case.  We are confident that after your Honor reviews the statute, she will issue an order reinstating Ms. Jones's New Jersey State law claims against Defendant Fox Rothschild, former Defendant Ian Siminoff, and prospective Defendant Elli Albert.

                                              Respectfully Submitted,

                                              *Tyrone A. Blackburn, Esq.*
                                              Tyrone A. Blackburn, Esq.

Cc: All counsel of record (via ECF)


