

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, SDNY, & DNJ

1242 EAST 80TH STREET, 3RD FLOOR
BROOKLYN, NY 11236

July 10, 2022

**Via ECF**
The Honorable Evelyn Padin
50 Walnut St #4015
Newark, NJ 07102

Re: **Jones. v. Fox Rothschild, et al. No. 2:20-cv-06312**

Dear Judge Padin,

This firm represents Plaintiff Stephanie Jones ("Plaintiff") in the above-referenced matter. We write in response to Defendant's letter dated July 7, 2022. Defendant's letter intentionally misleads and distracts the court. We ask Your Honor not to be fooled. The Court must pay attention to what the Defendants are not saying in their letter, as opposed to what the Defendants did say.

The Defendant did not say:

1. the prior court analyzed the applicability of section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS) ("The Statute") two-year lookback window to this case; or
2. the Statute does not apply to this case.

The Defendant intentionally avoided making those arguments because they know those arguments are intellectually **dishonest** and do not hold weight.

It is clear the previous Court simply refused to provide an analysis of the Statute's two-year lookback window's applicability to the facts of this case. There is no other explanation for that fact, and Defendant can deflect, dodge, and distract all they want, but they cannot rewrite history or rewrite the October 21, 2020, and December 1, 2020, Opinions.




347-342-7432     tblackburn@tablackburnlaw.com     TABlackburnlaw.com

1



Defendants intentionally misrepresent what Plaintiff is asking Your Honor to do.  Plaintiff is not asking Your Honor to state that the NJLAD is extended beyond two years.  Plaintiff's June 29, 2022, letter never made mention of the NJLAD's two-year statute of limitations.  Plaintiff is only asking Your Honor to do what has **NOT** been done in this case thus far, and that is to analyze the Statute's two-year lookback window's applicability to the facts of this case.

**The October 21, 2020, Opinion**:

The Defendant can point to no page, paragraph, sentence, or section of the October 21, 2020, Opinion where the Court conducted an analysis of section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS)'s two-year lookback window's applicability to the facts of this case.

The Defendant cannot make that argument because NO ANALYSES WAS DONE!  There wasn't even an honorable mention of the Statue.  Plaintiff is asking Your Honor to provide her with an analysis of the Statute's two-year lookback window's applicability to the facts of this case.  Plaintiff is very confident that once Your Honor reviews the applicability of the two-year lookback to this case, Your Honor will have the same opinion as her colleagues in this District, as well as her colleagues on the New Jersey Superior Court Appellate Division.

**December 1, 2020, Letter Opinion**:

Again, the Defendant can point to no page, paragraph, sentence, or section of December 1, 2020, Letter Opinion where the Court conducted an analysis of section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS)'s two-year lookback window's applicability to the facts of this case.  Plaintiff is asking Your Honor to provide her with an analysis of the Statute's two-year lookback window's applicability to the facts of this case.

**The Statute's Two-Year Lookback Provision Provides A Way Forward For Plaintiffs Time-Barred State Law Claims**:

The Statue is as clear as day.  The provision analyzed by the Court in all the cases referenced in the Plaintiffs' June 29, 2022, letter states as follows:



C.2A:14-2b Commencement of actions regardless of the statute of limitations:
> "a. Notwithstanding the statute of limitations provisions of N.J.S.2A:14-2, section 2 of P.L.2019, c.120 (C.2A:14-2a), section 1 of P.L.1964, c.214 (C.2A:14-2.1), <u>***or any other statute, an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature***</u>, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1), that occurred prior to the effective date of P.L.2019, c.120 (C.2A:14-2a et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date."

Applying the plain language of the statute to Plaintiff's original pleading, Plaintiff is an intended beneficiary of this provision.

Throughout Plaintiff's pleading, she provides countless examples of Ian Siminoff's ("Siminoff") sexual depravity.
- Siminoff attempted to rape Plaintiff.
- Siminoff relentlessly sexually harassed Plaintiff via text message and email.
- Siminoff groped Plaintiff's breast.
- Siminoff groped Plaintiff's Vagina.
- Siminoff inundated Plaintiff with several unsolicited photos of his penis.

*All these actions committed by Siminoff are* "injuries resulting from the commission of sexual assault, any other crime of a sexual nature." As stated in the statue.



**Defendant's July 7, 2022, Letter Is Asking Your Honor To "Please Don't Believe Your Lying Eyes"**:

It will be an act of intellectual acrobatics to read into the October 21, 2020, Opinion and the December 1, 2020, Letter Opinion an analysis of the Statute's two-year lookback window's applicability to the facts of this case.  It simply does not exist!

Plaintiff knows the NJLAD's two-year statute of limitations would prohibit her state law claims under normal circumstances.  But these are NOT normal circumstances, and Plaintiff filed her lawsuit within the two-year lookback window afforded to her under section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS).

**Conclusion**:

As stated in the June 29, 2022, letter, we ask Your Honor to stay discovery, take time to review section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS), and provide an opinion concerning the applicability of the Statute's two-year lookback window to the facts of this case.

As an alternative, Plaintiff request oral argument before Your Honor, so Plaintiff can thoroughly explain how the Statute's two-year lookback window applies to the facts of this case.  Defendant can also have an opportunity to explain why the Opinions issued by Your Honors colleagues in following courts are all wrong:

- Gavin v. Board of Education, et al., 2:20-cv-09191-KM-JSA
- W.F. v. Roman Catholic Diocese of Paterson, No. 20-7020, 2021
- Vergara v. Keyes, No. 3:20-cv-01460 (BRM)(LHG)
- B.A. v. Golabek, No.: 18-cv-17523 (KSH) (CLW)
- S.Y. v. Roman Catholic Diocese of Paterson, No. 20-2605 (ES) (CLW)
- W.S. v. Hildreth, 470 N.J.  Super.  57
- R.A. a Fictitious Designation v. W. Essex Reg'l Sch. Dist. Bd. Of Educ., Docket No. A-0329-19, A-1846-19



# T. A. Blackburn Law

- <u>Coyle v. Salesians of Don Bosco</u>, 2021 WL 3484547 (N.J.Super.L. July 27, 2021);
- <u>T.M. v. Order of St. Benedict of New Jersey, Inc.</u>, MRS-L-399-17 (Law Division, Morris County).

Plaintiff is confident that after Your Honor reviews the statute or listens to the oral argument, she will issue an order reinstating Ms. Jones's New Jersey State law claims against Defendant Fox Rothschild, former Defendant Ian Siminoff, and prospective Defendant Elli Albert.

Respectfully Submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

Cc: All counsel of record (via ECF)