UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEPHANIE JONES,

      Plaintiff,

v.

FOX ROTHSCHILD, LLP., et al.,

      Defendant.

Civ. No. 20-6312 (EP) (LDW)

MEMORANDUM AND ORDER

**Padin, District Judge.**

Plaintiff Stephanie Jones sued Defendant Fox Rothschild, LLP and its senior attorney, Defendant Ian Siminoff, for various claims relating to allegations that Siminoff sexually harassed and assaulted Plaintiff.[1] Plaintiff seeks a stay of discovery and reconsideration of three orders: (1) Judge Wigenton's order dismissing NJLAD and common law tort claims against Defendants (DE 54); (2) Judge Wigenton's order denying a motion to reconsider that dismissal (DE 63); and (3) Judge Wettre's order denying Plaintiff's motion to amend seeking, in substance, to reinstate the dismissed claims (DE 80). I will deny Plaintiff's application for the reasons below.

Plaintiff originally asserted: (1) gender discrimination and retaliation claims against Fox Rothschild and Siminoff pursuant to Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, the New York City Human Rights Law, and the New Jersey Law Against Discrimination ("NJLAD"); (2) a civil assault and battery claim against Siminoff; (3) negligent infliction of emotional distress claims against both defendants; (4) intentional infliction of emotional distress ("IIED") claims

---

[1] This action originated in the Southern District of New York, which transferred the action here. DE 36.

against both defendants; (5) a negligent supervision and retention claim against Fox Rothschild.

In the first October 21, 2020 opinion, Judge Wigenton dismissed with prejudice Plaintiff's NJLAD gender discrimination, retaliation, and common law tort claims as barred by a two-year statute of limitations. DE 54 at 6. Only Plaintiff's Title VII claim survived, though Judge Wigenton also permitted Plaintiff to amend the Complaint as to the New York claims. *Id.* In doing so, Judge Wigenton denied Plaintiff's argument that New Jersey's Child Victims Act, N.J.S.A. 2A:14-2a(b)(1), extended the statute of limitations for NJLAD claims from two to seven years. *Id.* at n.6.

In a December 1, 2020 letter opinion, Judge Wigenton denied Plaintiff's motion for reconsideration. DE 63. Judge Wigenton addressed Plaintiff's arguments that the original opinion erred by dismissing Plaintiff's NJLAD and common law tort claims as time-barred, finding that the first decision was not "clearly erroneous or contrary to law." *Id.* at 2 (citing DE 56 at 3). Plaintiff appealed to the Third Circuit Court of Appeals (triggering this matter's administrative termination), which dismissed for lack of appellate jurisdiction on June 30, 2021. DE 66. Notably, the Court of Appeals advised Plaintiff that she could "seek certification under Federal Rule of Civil Procedure 54(b)" in the trial court. *Id.*

Instead, nearly two months after the dismissal, Plaintiff filed a motion to amend seeking essentially the same relief already denied twice by Judge Wigenton: to assert NJLAD and/or common law tort claims relating to Defendants Fox Rothschild and Siminoff. DE 70. Judge Wettre, in a comprehensive opinion, denied the motion on February 18, 2022. DE 80. Judge Wettre thoroughly analyzed the statute of limitations and Child Victims Act/two-year lookback issue, finding (like Judge Wigenton) Plaintiff's arguments unpersuasive. *Id.* at 3-6. Judge Wettre, like Judge Wigenton, permitted Plaintiff to amend the Complaint as to the non-NJLAD claims.[2]

---

[2] Plaintiff never pursued that amendment.

The day after Judge Wettre's decision, Plaintiff, recognizing that Judge Wigenton's decision on the matter was the "law of the case," sought to stay proceedings and permission to file an interlocutory appeal. DE 81. Over Defendants' opposition—which Plaintiff's counsel hyperbolized as "tantamount to a toddler throwing a temper tantrum"[3] (DE 84 at 1-2)—Judge Wettre granted Plaintiff's request to file a Rule 54 motion on March 17, 2022. DE 85. But despite Judge Wettre's permission, and despite Plaintiff's insistence that Judge Wigenton incorrectly decided the issue, Plaintiff wrote on May 6, 2022 to inform the Court that she did not intend to pursue a Rule 54 motion. DE 89. The parties moved forward with a discovery conference. DE 90, 91.

This matter was reassigned to me on June 27, 2022. DE 93. Just two days later—that is, over four months after Judge Wettre denied Plaintiff's previous attempt at reconsideration of the statute of limitations issue and over three months after Judge Wettre granted Plaintiff's Rule 54 request—Plaintiff filed this request. DE 92. The letter requests a stay and reconsideration of the same issue, arguing—incorrectly—that "**NO** analysis of the Statu[t]e has been conducted in this case[.]" DE 92 (emphasis in original). Defendants opposed, arguing in substance that Plaintiff's application should be denied as a fourth attempt at the same argument. DE 95.

Plaintiff then filed yet another letter, this time asking me to consider "what the Defendants are not saying in their letter"; that is, to consider the alleged omission from Defendants' brief, and from the prior decisions, of any mention of N.J.S.A. 2A:14-2a(a)(1).[4] DE 97.

Plaintiff's newest submissions cite numerous cases from other judges of this Court and state courts which reached a different outcome than Judge Wigenton. DE 97 at 4-5. As both Judge Wigenton and Judge Wettre held, however, other decisions of this court (or state court) were not binding on them, and for the same reasons are not binding upon me. More importantly, however, even accepting that those cases support Plaintiff's argument, none stand at the same procedural threshold. All were matters of

---

[3] I encourage counsel to maintain civility and temper such rhetoric in the future.
[4] Plaintiff may mean N.J.S.A. 2A:14-2**b**, which pertains to adults.

first impression, not motions for reconsideration analyzed under a more exacting standard. And certainly none addressed—like this request—an untimely third motion for reconsideration styled as a letter brief requesting a stay.

Plaintiff addresses neither the reconsideration timeline nor its exacting standards. As Defendants argue, however, each separately merits denial of Plaintiff's latest request. First, Local Civil Rule 7.1(g) provides that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion of the Judge or Magistrate Judge." Likewise, parties must object to a magistrate judge's determination within 14 days. Local Civ. R. 72.1(c)(1)(A). Plaintiff's most recent request was filed over four months after Judge Wettre's February 18, 2022 order.

Defendants are also correct that there is no mechanism for reconsideration of an order denying reconsideration, and certainly not for reconsidering numerous orders denying reconsideration. *Grant v. Revera Inc.*, No. 12-5857, 2015 WL 4139602, at *2 (D.N.J. July 8, 2015) ("Local Civil Rule 7.1(i) [now (g)] provides no mechanism for reconsideration of an order denying reconsideration"), *aff'd in part & dismissed in part*, 655 F. App'x 914 (3d Cir. 2016); *Wallace v. Hayman*, No. 09-5644, 2012 WL 3916955, at *1 (D.N.J. Sept. 7, 2012) ("[I]t is improper to move for reconsideration of an order denying a motion for reconsideration").

And even if the motion were justiciable and timely, "the law of the case doctrine generally forbids one district court from reconsidering issues that another district court decided in the same case." *Alexander v. Franklin Res., Inc.*, No. 07-848, 2007 WL 2021787, at *2 (D.N.J. July 9, 2007) (citing *In re City of Phila. Litig.*, 158 F.3d 711, 717 (3d Cir. 1998)); *accord, e.g., Choi v. Sushi Maru Express Corp.*, No. 17-5230, 2018 WL 1087505, at *2 (D.N.J. Feb. 27, 2018). "The doctrine is designed to protect traditional ideals such as finality, judicial economy and jurisprudential integrity." *In re City of Philadelphia Litig.*, 158 F.3d 711, 717–18 (3d Cir. 1998); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 819 (1988) ("The doctrine of the law of the case is a heavy deterrent to vacillation on arguable issues.")

Reconsideration of another judge's decisions are limited to discrete situations where "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Aleynikov v. Goldman Sachs Grp., Inc.*, No. 21-1782, 2022 WL 421398, at *1 (3d Cir. Feb. 11, 2022). Plaintiff does not provide or address any of these standards, which itself merits denial.

But even if I interpret Plaintiff to be arguing that the prior decisions were "clearly erroneous," Judge Wigenton and Judge Wettre both made their decisions "in the absence of controlling authority on point." *Aleynikov v. Goldman Sachs Grp., Inc.*, No. 21-1782, 2022 WL 421398, at *3 (3d Cir. Feb. 11, 2022). Plaintiff did not cite then—and does not cite now—any controlling authority on the issue.

Moreover, Judge Wigenton, in her first decision, denied Plaintiff's motion without the benefit of any substantial briefing by Plaintiff. The most forgiving interpretation of Plaintiff's argument here is that Judges Wigenton and Vettre overlooked the Child Victims Act's expansion of the statute of limitations for common law tort claims (as opposed to NJLAD claims) during the Act's two-year lookback period. That is, of course, demonstrably false; Judge Wettre plainly discussed the Act's applicability to NJLAD *and* common law tort claims. DE 80 at 3-5.

But whatever the merit of Plaintiff's arguments here, the earlier decisions must be placed into their proper context. Here is the entirety of Plaintiff's initial briefing on the statute of limitations issue, which invokes only NJLAD claims and fails even to cite any specific subsection of the Child Victims Act:

> In their attempt to have Ms. Jones NJLAD claims dismissed, Defendant's rely on the two-year statute of limitations detailed in N.J.S.A. 2A:14-2. Defendant's conveniently failed to mention as of December 1, 2019 the statute of limitations for N.J.S.A. 2A:14-2 has been extended from 2 years to 7 years, and it provides victims of sex crimes a two year look back period to file timebarred claims. Ms. Jones's claims qualify under the two year look back period.
>
> Ms. Jones respectfully requests that the Court grant her leave to file an Amended Complaint to demonstrate that her claims are valid pursuant to

5

>New Jersey P.L. 2019, c.120 (S477 SCS), which expands the statute of limitations for N.J.S.A. 2A:14-2.

(DE 49 at 3-4.)

It would, in other words, have been impossible for Judge Wigenton to overlook an argument that Plaintiff did not make. For that reason, and those discussed above, I will deny Plaintiff's application.

IT IS, therefore, on this __25th__ day of __July__, 2022;

**ORDERED** that Plaintiff's application(s) for a stay and/or reconsideration (DE 92, 97) are DENIED; and it is further

**ORDERED** that discovery shall proceed.

s/ *Evelyn Padin*
_____
At Newark, New Jersey                                   EVELYN PADIN, U.S.D.J.