## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

STEPHANIE JONES,

            Plaintiffs

v.

FOX ROTHSCHILD LLP,

            Defendant.

Case No. 2:20-cv-06312-SDW-LDW

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Fox Rothschild LLP ("Defendant"), by way of Answer to Plaintiff's First Amended Complaint ("Complaint"), says:

### AS TO NATURE OF ACTION

1.    Except to admit that Plaintiff purports to bring claims of employment discrimination on the basis of her gender, Defendant denies the allegations set forth in paragraph 1 of the Complaint and further denies that it engaged in any wrongdoing.

2.    Except to admit that Plaintiff is a former employee of Defendant, Defendant denies the allegations set forth in paragraph 2 of the Complaint and further states that Mr. Siminoff and Ms. Albert are not named parties in this lawsuit.

3.    Defendant admits the allegations set forth in paragraph 3 of the Complaint.

4.    Except to admit that Mr. Siminoff is a former employee of Defendant who worked as an attorney, Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5.    Except to admit that Ms. Albert is a former employee of Defendant who worked as an office administrator, Defendant denies the allegations set forth in paragraph 5 of the Complaint.

6.    Defendant admits the allegations set forth in paragraph 6 of the Complaint.

7.    Defendant denies the allegations set forth in paragraph 7 of the Complaint.

8.      Except to admit that Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964, Defendant denies the allegations set forth in paragraph 8 of the Complaint and further denies that it engaged in any wrongdoing and that Plaintiff is entitled to the relief sought. Additionally, Defendant states that Plaintiff's state law claims under the New Jersey Law Against Discrimination have been dismissed with prejudice.

## AS TO JURISDICTION AND VENUE

9.      Except to clarify that Plaintiff's state law claims have been dismissed with prejudice, Defendant neither admits nor denies paragraph 9 of the Complaint as it sets forth a legal conclusion for which no response is required.

10.      Defendant admits the allegations set forth in paragraph 10 of the Complaint.

11.      Except to admit that Plaintiff filed a charge of discrimination and retaliation with the EEOC, Received a Notice of Right to Sue and commenced this action within 90 days of receipt of the Notice of Right to Sue, Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12.      Defendant admits that it employed more than 500 persons in 2018.  It neither admits nor denies the allegations that Defendant was an employer with the meaning of Title VII or C.2A:14-2B as they set forth a legal conclusion for which no response is required. Except as so admitted and stated, Defendant denies the allegations of paragraph 12 of the Complaint.

FP 45259149.3

## AS TO N.J. C.2A:14-2B: COMMENCEMENT OF ACTIONS
## REGARDLESS OF STATUTE OF LIMITATIONS

13.     Defendant denies the allegations set forth in paragraph 13 of the Complaint and further states that this paragraph should be stricken because Plaintiff's state law claims have been dismissed with prejudice.[1]

14.     Except to admit that this action was filed after December 1, 2019, Defendant denies the allegations set forth in paragraph 14 of the Complaint and further states that this paragraph should be stricken because Plaintiff's state law claims have been dismissed with prejudice.

15.     Defendant neither admits or denies the allegations set forth in paragraph 15 of the Complaint as it sets forth a legal conclusion for which no response is required and further states that this paragraph should be stricken because Plaintiff's state law claims have been dismissed with prejudice.

16.     Defendant denies the allegations set forth in paragraph 16 of the Complaint and refers to Judge McNulty's opinion for the contents thereof, and further states that this paragraph should be stricken because Plaintiff's state law claims have been dismissed with prejudice.

17.     Defendant denies the allegations set forth in paragraph 17 of the Complaint and refers to Judge McNulty's opinion for the contents thereof, and further states that this paragraph should be stricken because Plaintiff's state law claims have been dismissed with prejudice.

---

[1] Defendant further notes that the Court has affirmed the dismissal of Plaintiff's state law claims with prejudice on several occasions: (1) on December 1, 2022 when the Court denied Plaintiff's motion for reconsideration (ECF Doc. 63, 64); (2) on February 18, 2022 when the Court rejected Plaintiff's attempt to file a motion to amend to replead the dismissed claims (ECF Doc. 80); and (3) on July 25, 2022 when the Court denied Plaintiff's application to revisit these claims in light of the assignment of a different judge to the case (ECF Doc. 99).  Plaintiff should not be permitted to raise these issues again before the Court and inclusion of allegations regarding these dismissed claims in the Amended Complaint was improper.

**AS TO PUBLIC POLICY IMPLICATIONS OF**
**N.J.S.2A:14-2 TWO (2) YEAR "FILING WINDOW"**

18.     Defendant denies the allegations set forth in paragraph 18 of the Complaint and refers to the referenced statement for the contents thereof, and further states that this paragraph should be stricken because Plaintiff's state law claims have been dismissed with prejudice.

19.     Defendant denies the allegations set forth in paragraph 19 of the Complaint and refers to the referenced synopsis for the contents thereof, and further states that this paragraph should be stricken because Plaintiff's state law claims have been dismissed with prejudice.

20.     Defendant denies the allegations set forth in paragraph 20 of the Complaint and refers to the quoted transcript for the contents thereof, and further states that this paragraph should be stricken because Plaintiff's state law claims have been dismissed with prejudice.

**AS TO PARTIES**
*As to Plaintiff*

21.     Except to admit that Plaintiff was employed by Defendant from October 1, 2006, until her employment was terminated on June 21, 2017, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint.

*As to Defendants*

22.      Defendant admits the allegations set forth in paragraph 22 of the Complaint.

23.     Defendant admits the allegations set forth in paragraph 23 of the Complaint.

24.     Defendant does not submit a response to paragraph 24 of the Complaint as paragraph 24 was stricken from the Complaint by Plaintiff.

25.     Defendant does not submit a response to paragraph 25 of the Complaint as paragraph 25 was stricken from the Complaint by Plaintiff.

FP 45259149.3

26.     Defendant does not submit a response to paragraph 26 of the Complaint as paragraph 26 was stricken from the Complaint by Plaintiff.

27.     Defendant does not submit a response to paragraph 27 of the Complaint as paragraph 27 was stricken from the Complaint by Plaintiff.

## AS TO FACTUAL ALLEGATIONS

28.     Defendant admits the allegations set forth in paragraph 28 of the Complaint.

29.     Except to admit that on or about October 1, 2006, attorneys from Grotta, Glassman & Hoffman joined Defendant's law firm and that Plaintiff was placed in the role of a paralegal, Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30.     Except to admit that in or around October 2006, Plaintiff worked as a paralegal in the Roseland office and supported various attorneys, Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31.     Except to admit that Plaintiff supported various attorneys within the Labor and Employment Department, Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32.     Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33.     Except to clarify that Plaintiff transferred to the position of Legal Administrative Assistant working for Mr. Barabander on or about August 19, 2013, Defendant admits the allegations set forth in paragraph 33 of the Complaint.

34.     Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35.     Except to admit that Plaintiff supported various attorneys within the Labor and Employment Department, Defendant denies the allegations set forth in paragraph 35 of the Complaint.

FP 45259149.3

36.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.  If and to the extent a response is required, Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.  If and to the extent a response is required, Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39.     Except to state that the text messages referenced speak for themselves, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.  If and to the extent a response is required, Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40.     Except to admit that, on occasion, Plaintiff may have provided secretarial support to Mr. Siminoff on days his assistant was out, including printing documents, Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.  If and to the extent a response is required, Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.  If and to the extent a response is required, Defendant denies the allegations set forth in paragraph 42 of the Complaint.

FP 45259149.3

43.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.  If and to the extent a response is required, Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.  If and to the extent a response is required, Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.     Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47.     Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48.     Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49.     Defendant denies the allegations set forth in paragraph 49 of the Complaint.

50.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.  If and to the extent a response is required, Defendant denies the allegations set forth in paragraph 50 of the Complaint.

51.     Except to refer to the referenced text messages for the content thereof and state that the text messages speak for themselves, Defendant denies the allegations set forth in paragraph 51 of the Complaint and subparagraphs a through aaa.

52.     Except to refer to the referenced e-mails and text messages for the content thereof and state that the e-mails and text messages speak for themselves, Defendant denies the allegations set forth in paragraph 52 of the Complaint and subparagraphs a through h.

53.     Except to refer to the referenced e-mail for the content thereof and state that the e-mail speaks for itself, Defendant denies the allegations set forth in paragraph 53 of the Complaint.

FP 45259149.3

54.     Except to refer to the referenced e-mail for the content thereof and state that the e-mail speaks for itself, Defendant denies the allegations set forth in paragraph 54 of the Complaint.

55.     Except to refer to the referenced e-mail for the content thereof and state that the e-mail speaks for itself, Defendant denies the allegations set forth in paragraph 55 of the Complaint.

56.     Except to refer to the referenced e-mail for the content thereof and state that the e-mail speaks for itself, Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57.     Except to refer to the referenced e-mail for the content thereof and state that the e-mail speaks for itself, Defendant denies the allegations set forth in paragraph 57 of the Complaint.

58.     Except to refer to the referenced e-mail for the content thereof and state that the e-mail speaks for itself and note that Plaintiff had access to Mr. Barabander's Firm e-mail account, Defendant denies the allegations set forth in paragraph 58 of the Complaint.

59.     Except to refer to the referenced e-mail for the content thereof and state that the e-mail speaks for itself, Defendant denies the allegations set forth in paragraph 59 of the Complaint.

60.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.  If and to the extent a response is required, Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62.     Except to refer to the referenced document for the content thereof and state that the document speaks for itself, Defendant denies the allegations set forth in paragraph 62 of the Complaint.

63.     Defendant denies the allegations set forth in paragraph 63 of the Complaint.

FP 45259149.3

64.     Except to admit that Plaintiff was placed on a performance improvement plan to address longstanding performance issues, Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65.     Defendant denies the allegations set forth in paragraph 65 of the Complaint.

66.     Defendant denies the allegations set forth in paragraph 66 of the Complaint.

67.     Defendant denies the allegations set forth in paragraph 67 of the Complaint.

68.     Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69.      Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70.     Defendant admits the allegations set forth in paragraph 70 of the Complaint.

71.     Defendant admits the allegations set forth in paragraph 71 of the Complaint.

72.     Except to admit that Defendant was provided with certain documents in connection with a confidential mediation conducted by the EEOC which continued following March 6, 2019, Defendant denies the allegations set forth in paragraph 72 of the Complaint and states that this and all allegations related to the confidential EEOC mediation should be stricken.

73.     Except to admit that Defendant was provided with certain documents in connection with a confidential mediation conducted by the EEOC, Defendant denies the allegations set forth in paragraph 73 of the Complaint and states that this and all allegations related to the confidential EEOC mediation should be stricken.

74.     Defendant denies the allegations set forth in paragraph 74 of the Complaint and states that this and all allegations related to the continuation of the confidential mediation that was conducted by the EEOC should be stricken.

75.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint.

FP 45259149.3

76.     Defendant denies the allegations set forth in paragraph 76 of the Complaint and states that this and all allegations related to the continuation of the confidential mediation that was conducted by the EEOC should be stricken.

77.     Defendant denies the allegations set forth in paragraph 77 of the Complaint and states that this and all allegations related to the continuation of the confidential mediation that was conducted by the EEOC should be stricken.

78.     Except to admit that Plaintiff's cell phones were forensically examined by Eide Bailly LLP, Defendant denies the allegations set forth in paragraph 78 of the Complaint and states that this and all allegations related to the continuation of the confidential mediation that was conducted by the EEOC should be stricken.

79.     Except to admit that Defendant submitted a payment to Eide Bailly, Defendant denies the allegations set forth in paragraph 79 of the Complaint and states that this and all allegations related to the continuation of the confidential mediation that was conducted by the EEOC should be stricken.

80.     Except to admit that, at some point, Defendant received an affidavit from Eide Bailey and purported text message communications between Plaintiff and Mr. Siminoff that appeared to be based upon a report provided to Plaintiff by Eide Bailly in or about August 2018, Defendant denies the allegations set forth in paragraph 80 of the Complaint and states that this and all allegations related to the continuation of the confidential mediation that was conducted by the EEOC should be stricken.

81.     Except to admit that Plaintiff's predecessor counsel was Maria R. Luppino, Esq. of the Law Offices of Rosemarie Arnold, Defendant denies the allegations set forth in paragraph 81 of the Complaint.

**As to Count I**
***Alleged Violations of Title VII of the Civil Rights Act of 1964, as Amended***
***(against Defendant Fox Rothschild LLP)***

82.     Defendant repeats and realleges its responses to paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83.     Defendant denies the allegations set forth in paragraph 83 of the Complaint.

84.     Defendant denies the allegations set forth in paragraph 84 of the Complaint.

85.     Defendant denies the allegations set forth in paragraph 85 of the Complaint.

**As to Count II**
***Alleged Violations of Section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS)***
***N.J.S.2A:14-2B (Sex Crimes)***
***(against Defendant Ian W. Siminoff)***

86.     Defendant does not submit a response to paragraph 86 of the Complaint as this paragraph has been stricken from the Complaint by Plaintiff.

87.     Defendant does not submit a response to paragraph 87 of the Complaint as this paragraph has been stricken from the Complaint by Plaintiff.

88.      Defendant does not submit a response to paragraph 88 of the Complaint as this paragraph has been stricken from the Complaint by Plaintiff.

89.     Defendant does not submit a response to paragraph 89 of the Complaint as this paragraph has been stricken from the Complaint by Plaintiff.

90.     Defendant does not submit a response to paragraph 90 of the Complaint as this paragraph has been stricken from the Complaint by Plaintiff.

91.     Defendant does not submit a response to paragraph 91 of the Complaint as this paragraph has been stricken from the Complaint by Plaintiff.

FP 45259149.3

**As to Count III**

*Alleged Violations of Section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS)*
*Violation of the Pierce Doctrine (against Defendant Fox Rothschild)*
*Wrongful Termination in Retaliation*
*for raising a claim of sexual harassment against Defendant Siminoff*

92.     Defendant does not submit a response to paragraph 92 of the Complaint as this paragraph has been stricken from the Complaint by Plaintiff.

93.     Defendant does not submit a response to paragraph 93 of the Complaint as this paragraph has been stricken from the Complaint.

94.     Defendant does not submit a response to paragraph 94 of the Complaint as this paragraph has been stricken from the Complaint.

95.      Defendant does not submit a response to paragraph 95 of the Complaint as this paragraph has been stricken from the Complaint.

96.     Defendant does not submit a response to paragraph 96 of the Complaint as this paragraph has been stricken from the Complaint.

97.     Defendant does not submit a response to paragraph 97 of the Complaint as this paragraph has been stricken from the Complaint.

98.     Defendant does not submit a response to paragraph 98 of the Complaint as this paragraph has been stricken from the Complaint.

99.     Defendant does not submit a response to paragraph 99 of the Complaint as this paragraph has been stricken from the Complaint.

100.    Defendant does not submit a response to paragraph 100 of the Complaint as this paragraph has been stricken from the Complaint.

101.    Defendant does not submit a response to paragraph 101 of the Complaint as this paragraph has been stricken from the Complaint.

FP 45259149.3

102.     Defendant does not submit a response to paragraph 102 of the Complaint as this paragraph has been stricken from the Complaint.

### As to Count IV
*Alleged Violations of Section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS)*
*Sexual Harassment (Sexting)*
*(against Defendant Ian W. Siminoff)*

103.     Defendant does not submit a response to paragraph 103 of the Complaint as this paragraph has been stricken from the Complaint.

104.     Defendant does not submit a response to paragraph 104 of the Complaint as this paragraph has been stricken from the Complaint.

105.      Defendant does not submit a response to paragraph 105 of the Complaint as this paragraph has been stricken from the Complaint.

106.     Defendant does not submit a response to paragraph 106 of the Complaint as this paragraph has been stricken from the Complaint.

107.     Defendant does not submit a response to paragraph 107 of the Complaint as this paragraph has been stricken from the Complaint.

108.     Defendant does not submit a response to paragraph 108 of the Complaint as this paragraph has been stricken from the Complaint.

109.     Defendant does not submit a response to paragraph 109 of the Complaint as this paragraph has been stricken from the Complaint.

110.     Defendant does not submit a response to paragraph 110 of the Complaint as this paragraph has been stricken from the Complaint.

FP 45259149.3

**As to Count V**
*Alleged Violations of Section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS)*
*Intentional Infliction of Emotional Distress (Lewdness)*
*(against Defendant Ian W. Siminoff)*

111.    Defendant does not submit a response to paragraph 111 of the Complaint as this paragraph has been stricken from the Complaint.

112.    Defendant does not submit a response to paragraph 112 of the Complaint as this paragraph has been stricken from the Complaint.

113.    Defendant does not submit a response to paragraph 113 of the Complaint as this paragraph has been stricken from the Complaint.

114.    Defendant does not submit a response to paragraph 114 of the Complaint as this paragraph has been stricken from the Complaint.

115.    Defendant does not submit a response to paragraph 115 of the Complaint as this paragraph has been stricken from the Complaint.

116.    Defendant does not submit a response to paragraph 116 of the Complaint as this paragraph has been stricken from the Complaint.

117.    Defendant does not submit a response to paragraph 117 of the Complaint as this paragraph has been stricken from the Complaint.

118.    Defendant does not submit a response to paragraph 118 of the Complaint as this paragraph has been stricken from the Complaint.

119.    Defendant does not submit a response to paragraph 119 of the Complaint as this paragraph has been stricken from the Complaint.

120.    Defendant does not submit a response to paragraph 120 of the Complaint as this paragraph has been stricken from the Complaint.

FP 45259149.3

### As to Count VI
***Alleged Violations of Section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS)***
***NJLAD, N.J.S.A 10:5-12(e), et seq. and N.J.S.2A:14-2B***
***Aiding and Abetting***
***(against Defendant Elli Albert)***

121. Defendant does not submit a response to paragraph 121 of the Complaint as this paragraph has been stricken from the Complaint.

122. Defendant does not submit a response to paragraph 122 of the Complaint as this paragraph has been stricken from the Complaint.

123. Defendant does not submit a response to paragraph 123 of the Complaint as this paragraph has been stricken from the Complaint.

124. Defendant does not submit a response to paragraph 124 of the Complaint as this paragraph has been stricken from the Complaint.

125. Defendant does not submit a response to paragraph 125 of the Complaint as this paragraph has been stricken from the Complaint.

126. Defendant does not submit a response to paragraph 126 of the Complaint as this paragraph has been stricken from the Complaint.

127. Defendant does not submit a response to paragraph 127 of the Complaint as this paragraph has been stricken from the Complaint.

### As to Count VII
***Alleged Violations of Section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS)***
***New Jersey Law Against Discrimination***
***(against Defendant Fox Rothschild LLP)***

128. Defendant does not submit a response to paragraph 128 of the Complaint as this paragraph has been stricken from the Complaint.

129. Defendant does not submit a response to paragraph 129 of the Complaint as this paragraph has been stricken from the Complaint.

130.     Defendant does not submit a response to paragraph 130 of the Complaint as this paragraph has been stricken from the Complaint.

131.     Defendant does not submit a response to paragraph 131 of the Complaint as this paragraph has been stricken from the Complaint.

132.     Defendant does not submit a response to paragraph 132 of the Complaint as this paragraph has been stricken from the Complaint.

133.     Defendant does not submit a response to paragraph 133 of the Complaint as this paragraph has been stricken from the Complaint.

134.     Defendant does not submit a response to paragraph 134 of the Complaint as this paragraph has been stricken from the Complaint.

135.      Defendant does not submit a response to paragraph 135 of the Complaint as this paragraph has been stricken from the Complaint.

**As to Count VIII**
*Alleged Violations of Section 2A:14-2a(a)(1) of New Jersey P.L. 2019, c.120 (S477 SCS)*
*Retaliation under Title VII and the New Jersey Law Against Discrimination*
*(against Defendant Fox Rothschild LLP)*

136.     Defendant does not submit a response to paragraph 136 of the Complaint as this paragraph has been stricken from the Complaint.

137.     Defendant does not submit a response to paragraph 137 of the Complaint as this paragraph has been stricken from the Complaint.

138.     Defendant does not submit a response to paragraph 138 of the Complaint as this paragraph has been stricken from the Complaint.

139.     Defendant does not submit a response to paragraph 139 of the Complaint as this paragraph has been stricken from the Complaint.

FP 45259149.3

140.    Defendant does not submit a response to paragraph 140 of the Complaint as this paragraph has been stricken from the Complaint.

141.    Defendant does not submit a response to paragraph 141 of the Complaint as this paragraph has been stricken from the Complaint.

142.    Defendant does not submit a response to paragraph 142 of the Complaint as this paragraph has been stricken from the Complaint.

143.    Defendant does not submit a response to paragraph 143 of the Complaint as this paragraph has been stricken from the Complaint.

144.    Defendant does not submit a response to paragraph 144 of the Complaint as this paragraph has been stricken from the Complaint.

## AS TO JURY DEMAND

Defendant denies that Plaintiff is entitled to a trial by jury as to all issues.

## AS TO PRAYER FOR RELIEF

Defendant denies that Plaintiff's prayer for relief , including all of the subparts thereto, is appropriate or permissible and further denies that Plaintiff is entitled to any of the relief sought.

## SEPARATE DEFENSES

By way of further answer, Defendant asserts the following Separate Defenses.  By Asserting these Defendants, Defendant is providing notice to Plaintiff of the defenses it intends to raise, and it does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

FP 45259149.3

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that she failed to satisfy administrative prerequisites, including timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission prior to bringing this lawsuit.

## THIRD DEFENSE

Plaintiff did not suffer any damages for which she is entitled to relief.

## FOURTH DEFENSE

Plaintiff would be unjustly enriched by any recovery.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, and/or other related equitable doctrines.

## SIXTH DEFENSE

Plaintiff's alleged damages, if any, were attributable in whole or in part to her own conduct and not to the actions or inactions of Defendant.

## SEVENTH DEFENSE

Any actions of Defendant were based on legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons.

## EIGHTH DEFENSE

Defendant's alleged actions were not a proximate cause of or a substantial factor in any alleged injury suffered by Plaintiff.

## NINTH DEFENSE

Plaintiff has not suffered any economic damages as a result of Defendant's conduct and, to the extent she alleges damages, has failed to properly mitigate.

FP 45259149.3

**TENTH DEFENSE**

Plaintiff's claim for punitive damages is barred by the applicable law and would violate the Due Process Clause of the United States Constitution.

**ELEVENTH DEFENSE**

Plaintiff is barred from any award of punitive damages because Defendant engaged in no acts or omissions that would rise to the level required to sustain an award of punitive damages.

**TWELFTH DEFENSE**

Plaintiff has failed to plead facts entitling her to recover punitive damages under any circumstances.

**THIRTEENTH DEFENSE**

Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Defendant to avoid harm otherwise and, in the alternative, Defendant took prompt, remedial action in response to any claims made by Plaintiff.

**FOURTEENTH DEFENSE**

Defendant has, and at all relevant times maintained, a well-publicized anti-discrimination policy and complaint procedure, of which Plaintiff was knowledgeable, which provides for investigation of all claims of discrimination brought by employees.

**FIFTEENTH DEFENSE**

To the extent that Plaintiff has failed to mitigate her damages, Defendant is entitled to a set-off of the amounts which Plaintiff earned or could have earned through reasonable efforts.

**SIXTEENTH DEFENSE**

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorney's fees may be awarded.

FP 45259149.3

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified in the course of litigation.

**WHEREFORE,** Defendant respectfully requests that this Court find Plaintiff's allegations in the Complaint to be without merit, that the Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendant's favor and against Plaintiff, and that this Court award Defendant its costs, reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

By: _Rosemary S. Gousman_

Rosemary S. Gousman, Esq.
Sarah Wieselthier, Esq.
**FISHER & PHILLIPS LLP**
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Phone: (908) 516-1050
E-mail:    rgousman@fisherphillips.com
              swieselthier@fisherphillips.com
Attorneys for Defendant

Dated:  October 18, 2022

20

<u>**CERTIFICATION OF SERVICE**</u>

I hereby certify that on October 18, 2022, I electronically filed the foregoing Answer to

Plaintiff's First Amended Complaint with the Clerk of the Court using the CM/ECF system, which

will send notification of such filing to counsel of record at the e-mail address on file with the Court.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true

and correct.

By: _____

Rosemary S. Gousman, Esq.
Sarah Wieselthier, Esq.
**FISHER & PHILLIPS LLP**
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Phone: (908) 516-1050
E-mail:   rgousman@fisherphillips.com
          swieselthier@fisherphillips.com
Attorneys for Defendant

Dated:  October 18, 2022

21